## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | |
| **Zachair, Ltd.,** ) | Case No.: 20-10691-TJC |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

### CONSENT MOTION FOR INTERIM ORDER AUTHORIZING
### THE DEBTOR'S USE OF CASH COLLATERAL

Zachair, Ltd. (the "Debtor"), the above captioned debtor and debtor in possession, hereby files this consent motion (the "Motion") for entry of an order pursuant to sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to use cash collateral and to grant certain adequate protection. In support of this Motion, the Debtor states as follows:

### Bankruptcy Rule 4001 Introductory Statement

1. Pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 4001-5, the following summary sets forth the material terms of the Debtor's motion for authority to use cash collateral:[1]

| **Term** | **Description** |
|---|---|
| **Secured Party**<br><br>Motion at ¶ 9 | Sandy Spring Bank |
| **Amount Owed to Secured Party**<br><br>Motion at ¶ 10 | Sandy Spring asserts that, as of January 1, 2020, $2,381,565.48 was due and owing under the 2015 Note, including principal, accrued interest, fees, and charges but exclusive of attorneys' fees and expenses. |
| **Consent of Secured Party**<br><br>Motion at ¶ 15 | Sandy Spring has consented to the use of its Cash Collateral as set forth in this Consent Motion. |

---

[1] Capitalized terms used in this summary shall have the meanings set forth in the Motion.

1

| | |
|---|---|
| **Description of Collateral**<br><br>Motion at ¶ 9 | The 2015 Note Indebtedness is secured by a first priority duly perfected security interest and lien in, among other things, that certain assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland and any proceeds derived therefrom pursuant to a *Deed of Trust and Security Agreement* dated December 11, 2015. |
| **Source of Cash Collateral**<br><br>Motion at § 12 | The Cash Collateral constitutes cash proceeds generated by the operation of the Debtor's business. |
| **Use of Cash Collateral**<br><br>Motion at § 13 | The Debtor requires the continued use of Cash Collateral to pay vendors and contractors; satisfy deposit and payment obligations to utilities and other providers; maintain in effect its insurance policies; preserve and protect its assets; and generally and otherwise pay obligations critical to continuing the operation of its business. The proposed use of Cash Collateral is specified in the Budget attached as <u>Exhibit A</u> to the Motion. |
| **Duration of Use of Cash Collateral**<br><br>Interim Order at §§ 3, 11 | The Debtor seeks authority to use Cash Collateral for an initial period through and including the conclusion of the 13-week period set forth in the Budget, as may be extended by the consent of Sandy Spring or further order of the Court.<br><br>The Debtor's authority to use Cash Collateral shall terminate immediately and automatically, without notice of any kind, upon the conversion of this chapter 11 case to a chapter 7 case, entry of an order authorizing appointment of a Chapter 11 trustee, or the dismissal of this chapter 11 case. |

| | |
|---|---|
| **Adequate Protection**<br><br>Motion at § 18 | The Debtor proposes to provide adequate protection in the form of monthly payments to Sandy Spring in the amount of $11,935.33. The Debtor asserts that the Adequate Protection Payments, combined with the substantial equity in the Property in excess of the amount of the 2015 Note Indebtedness, sufficiently protects Sandy Spring's interest in its collateral and constitutes all necessary and appropriate adequate protection to Sandy Spring required under Section 363 of the Bankruptcy Code. |
| **Additional Liens**<br><br>Motion at § 18 | Nevertheless, the Debtor proposes to provide a replacement lien in post-petition cash collateral to the extent of diminution in Sandy Spring's pre-petition Cash Collateral. |
| **Insider Relationship Between Debtor and Secured Party** | Sandy Spring is not an insider or affiliate of the Debtor. One of the Debtor's owners, Dr. Nabil Asterbadi, is a guarantor with respect to the Sandy Spring loan. |
| **Special Provisions** | The Motion and proposed order do not contain any provisions enumerated in Local Bankruptcy Rule 4001-5(a)(2). |

## Jurisdiction

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105, 361, 362, 363, 1107 and 1108 of the Bankruptcy Code.

## Background

4. On January 17, 2020 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is a Maryland corporation with its executive office located in the District of Columbia and its principal place of business in Prince George's County, Maryland. The Debtor owns an assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property"). The Property historically has been operated as an airfield known as Hyde Field (the "Airfield"). The Airfield generates revenue for the Debtor through the rental of hanger and parking spaces for aircraft.

6. In addition to the Airfield, portions of the Property not used in Airfield operations previously were mined for sand and gravel. The cavities created by the sand and gravel mining presently are used for surcharge fill operations, whereby the Debtor uses the cavities to dispose of dirt removed from other third-party sites in exchange for a fee.

7. The Debtor is authorized to continue operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this Case.

## Relief Requested

8. By this Motion, the Debtor seeks entry of orders pursuant to section 363 of the Bankruptcy Code authorizing (a) the use of Cash Collateral (as defined below) as set forth in the accompanying 13-week cash flow projection attached hereto as Exhibit A (the "Budget"), and (b) the granting of certain adequate protection to Sandy Spring Bank ("Sandy Spring") in connection with such use. Specifically, the Debtor seeks authority to use Cash Collateral to fund the operation of its business, the conduct of this chapter 11 case, and potential litigation.

## Pre-Petition Secured Obligations

9. The Debtor is indebted to Sandy Spring pursuant to a Deed of Trust Note dated December 11, 2015 in the original principal amount of $2,300,000.00, as modified by certain

Modification and Extension Agreements dated November 2, 2018, and April 3, 2019 (together, the "2015 Note").  Sandy Spring's claims against the Debtor under the 2015 Note are secured by a first priority duly perfected security interest and lien in, among other things, that certain assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property") and any proceeds derived therefrom (together, the "Pre-Petition Collateral"), pursuant to, among other things, a Deed of Trust and Security Agreement dated December 11, 2015 (the "Deed of Trust") and one or more financing statements recorded by Sandy Spring among the financing statement records of the Maryland Department of Assessments & Taxation.  The 2015 Note and the Deed of Trust, and any documents executed in connection therewith, are hereafter referred to as the "Pre-Petition Loan Documents."

10. Sandy Spring asserts that, as of January 1, 2020, there was due under the 2015 Note principal, accrued interest, fees, and charges of $2,381,565.48, exclusive of attorneys' fees and expenses (the "2015 Note Indebtedness").  Additional interest, fees, expenses, and charges permitted under the Pre-Petition Loan Documents continue to accrue.  Upon consultation with its experts and professionals, the Debtor asserts that the value of the Property and other Pre-Petition Collateral is substantially in excess of the 2015 Note Indebtedness.  Substantial equity therefore exists in the Property.

11. The 2015 Note matured on June 11, 2019.  The Debtor did not pay the outstanding amounts due to Sandy Spring under the 2015 Note, and therefore is in default under the Pre-Petition Loan Documents.

12. In the ordinary course of the Debtor's business, the Debtor generates cash from the operation of the Airfield and the Surcharge Operations.  Accordingly, much of the proceeds of the Collateral are cash or cash equivalents which constitute "Cash Collateral" as defined by

section 363 of the Bankruptcy Code. Specifically, section 363 of the Bankruptcy Code provides, in pertinent part, as follows:

> . . . "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, . . ., whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

13. The Debtor requires the continued use of such Cash Collateral to operate its business. Specifically, the Debtor requires the use of such cash or cash equivalents to permit it to pay vendors and contractors; satisfy deposit and payment obligations to utilities and other providers; maintain in effect its insurance policies; preserve and protect its assets; and generally and otherwise pay obligations critical to continuing the operation of its business. In addition, the Debtor requires the use of Cash Collateral to fund the administrative expenses that it will incur in this bankruptcy case. The Debtor and its creditors will be irreparably harmed if it is not able to meet these obligations.

14. The Debtor accordingly seeks the entry of the proposed interim order attached hereto as <u>Exhibit B</u> (the "Cash Collateral Order") authorizing the Debtor's use of Cash Collateral to pay (i) its ordinary operating expenses incurred after the Petition Date identified in the Budget, so long as those expenses are within a ten percent (10%) variance of the amounts set forth in the Budget in the aggregate and on a cumulative basis, and (ii) all allowed administrative expense claims in accordance with the terms of any orders entered by this Court approving such administrative expenses. The Debtor also seeks the entry of a further order authorizing the Debtor's use of Cash Collateral on a final basis following a final hearing on the Motion to be held at a date and time set by the Court (the "Final Hearing").

15. Sandy Spring has consented to the relief sought in this Motion as indicated by their endorsement of the proposed order attached hereto.

### Authority For The Requested Relief

16. Section 363 of the Bankruptcy Code prohibits the use of Cash Collateral unless the party with an interest in the Cash Collateral consents or the Court authorizes such use. Specifically, the Bankruptcy Code provides:

> The Trustee may not use, sell or lease cash collateral . . . unless –
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions in this section.

11 U.S.C. § 363(b)(2).

17. Section 361 of the Bankruptcy Code sets forth the forms of adequate protection:

> When adequate protection is required under section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361. What constitutes adequate protection must be decided on a case-by-case basis. *See In re Sherwood Square Assocs.*, 87 B.R. 388, 393 (Bankr. D. Md. 1988) (stating that a court has latitude to determine appropriate adequate protection based on the circumstances of the

7

case); *see also In re O'Connor,* 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin,* 761 F.2d 472, 474 (8th Cir. 1985); *Shaw Indus. v. First Nat'l Bank (In re Shaw Indus., Inc.),* 300 B.R. 861, 865-66 (Banks. W.D. Pa. 2003) (*quoting In re Sharon Steel Corp.*, 159 B.R. 165, 169 (Bankr. W.D. Pa. 1993)).

18.     The Debtor proposes to provide adequate protection in the form of monthly payments to Sandy Spring in the amount of $11,935.33 (the "Adequate Protection Payments"). The Debtor asserts that the Adequate Protection Payments, combined with the substantial equity in the Property in excess of the amount of the 2015 Note Indebtedness, sufficiently protects Sandy Spring's interest in its collateral and constitutes all necessary and appropriate adequate protection to Sandy Spring required under Section 363 of the Bankruptcy Code. Nevertheless, the Debtor proposes also to provide to Sandy Spring a replacement lien in post-petition Cash Collateral to the extent of diminution in Sandy Spring's pre-petition Cash Collateral.

19.     If the Debtor is unable to use Cash Collateral, the Debtor may be forced to shut down its business operations. As the Debtor will rely on its operations to pay its ongoing expenses and the costs incurred in this Chapter 11 case and in potential litigation, the interruption of the Debtor's business will severely impair the value of its estate and assets.

### **Interim Approval Should Be Granted**

20.     Pursuant to Bankruptcy Rules 4001(b), the Debtor requests that the Court conduct a preliminary hearing on the Motion and authorize the Debtor to use Cash Collateral on an interim basis[2], pending entry of a further order by the Court, in order to maintain and finance the ongoing operations of the Debtor, and avoid immediate and irreparable harm to the Debtor's

estate and all parties in interest.

21. As noted above, the Debtor requires the use of its cash to continue to operate. Absent authorization from the Court to use Cash Collateral on an interim basis pending a final hearing on the Motion, the Debtor will be immediately and irreparably harmed. The availability of Cash Collateral to the Debtor will provide necessary assurance to the Debtor's vendors and customers of the Debtor's ability to meet its obligations. Failure to meet these obligations and to provide these assurances likely would have a negative impact on the value of the Property. Accordingly, the interim relief requested is critical to preserving and maintaining the value of the Debtor's Property for the benefit of all creditors and parties in interest.

### Notice

22. Notice of this Motion has been given pursuant Bankruptcy Rule 4001(b)(1)(C) to the following parties or their counsel: (i) the Office of the United States Trustee; (ii) Sandy Spring; (iii) the creditors included on the list filed by the Debtor under Federal Rule of Bankruptcy Procedure 1007(d); (iv) all known secured creditors; and (v) those persons who have requested notice pursuant to Bankruptcy Rule 2002. Following the hearing on the interim relief sought in this Motion, a copy of this Motion and any interim order entered thereon will be served on the foregoing parties or their counsel. The Debtor submits that no other or further notice need be given.

### No Prior Request

23. No previous motion for the relief sought herein has been made to this or any other court.

---

[2] The Debtor seeks the relief sought in this Motion on an interim basis, but is not seeking an emergency hearing because Sandy Spring has consented to the relief sought herein (including the use of Cash Collateral in accordance with the Budget) pending the entry of an order on the

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, approving the relief set forth above, and granting such other and further relief as the Court deems appropriate.

Dated: February 7, 2020　　　　　　　　　　ZACHAIR, LTD.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Bradford F. Englander*
　　　　　　　　　　　　　　　　　　　　　　Bradford F. Englander, Esq., Bar No. 11951
　　　　　　　　　　　　　　　　　　　　　　3190 Fairview Park Drive, Suite 800
　　　　　　　　　　　　　　　　　　　　　　Falls Church, Virginia 22042
　　　　　　　　　　　　　　　　　　　　　　Telephone: (703) 280-9081
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (703) 280-3370
　　　　　　　　　　　　　　　　　　　　　　Email: benglander@wtplaw.com

　　　　　　　　　　　　　　　　　　　　　　*Proposed Counsel for the Debtor*


**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion will be served electronically by the Court's CM/ECF system on the following parties:

Bradford F. Englander (benglander@wtplaw.com, rodom@wtplaw.com)
Michael J. Lichtenstein (mjl@shulmanrogers.com, tlockwood@shulmanrogers.com)
M. Evan Meyers (bdept@mrrlaw.net)
L. Jeanette Rice (Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV)
Jeffrey L. Tarkenton (Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com)
US Trustee - Greenbelt (USTPRegion04.GB.ECF@USDOJ.GOV)

Motion by the Court.

I hereby further certify that on February 7, 2020, a copy of the foregoing *Motion* was also served by first-class mail, postage prepaid, on the following parties:

American Express
PO Box 1270
Newark, NJ 07101-1270

Arlyn Construction Co
Robert Fry
1005 Dumfries St.
Oxon Hill, MD 20745

Beaty, Christina T.
127 Pierce St NW
Washington, DC 20001

Buchner, Mark
5358 Ravensworth Rd
Springfield, VA 22151

Callan, Brian P.
1727 Crestwood Dr
Alexandria, VA 22302

Clinton Fence
2630 Old Washington Rd
Waldorf, MD 20601

Comptroller of Maryland
Revenue Administration Division
110 Carroll Street
Annapolis, MD 21411-0001

Dewberry Consultants LLC
PO Box 821824
Philadelphia, PA 19182-1824

Dewberry Engineers Inc.
2101 Gaither Road, Suite 340
Rockville, MD 20850

ECS Mid-Atlantic
14026 Thunderbolt P1 Suite 100
Chantilly, VA 20151

Fornshell, John A.
6911 Quander Rd
Alexandria, VA 22304

Fry, Michael C.
327 L St. NE (Rear)
Washington, DC 20002

G. S. Proctor & Associates, Inc.
14408 Old Mill Rd Suite 201
Upper Marlboro, MD 20772

Internal Revenue Service
Centralized Insolvency Operation PO Box 7346
Philadelphia, PA 19101-7346

Jeffrey Tarkenton, Esq.
Womble Bond Dickinson (US) LLP
1200 Nineteenth Street, N.W., Suite 500
Washington, DC 20036

Keithley, Terrance C.
8600 Fort Hunt Rd
Alexandria, VA 22308

Maryland Department of the Environment
PO Box 1417
Baltimore, MD 21203-1417

Meyers, Rodbell & Rosenbaum, P.A.
c/o M. Evan Meyers
6801 Kenilworth Ave., Ste. 400
Riverdale Park, MD 20737

PD Hyde Field, LLC
c/o Michael J. Lichtenstein, Esq.
Shulman Rogers
12505 Park Potomac Avenue
Potomac, MD 20854

Pepco
c/o David M. Velazquez, CEO
PO Box 97274
Washington, DC 20090-7274

Perry, White, Ross & Jacobson LLC
125 Cathedral Street
Annapolis, MD 21401

Riggins, David / P and R Aviation
8610 Cyrus Pl.
Alexandria, VA 22308

Stoner, Brendon
829 Wyth Street
Alexandria, VA 22314

Strittmatter Corp
6400 Van Dusen Road
Laurel, MD 20707

Telford Capital LLC
c/o Patrick John Kearney, Esq.
4416 E. West Highway, 4th Floor
Bethesda, MD 20814

Verizon Wireless
c/o Verizon Wireless Bankruptcy Administration
500 Technology Drive, Suite 550
Weldon Spring, MO 63304

L. Jeanette Rice
Office of the U. S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Sandy Spring Bank
c/o Bruce Henry, Esq.
300 N. Washington Street, Suite 204
Alexandria, VA 22314

Bradford F. Englander
Whiteford, Taylor & Preston, LLP
3190 Fairview Park, Suite 800
Falls Church, VA 22042

TD Auto Finance
Attn: Andrew Stuart, CEO
PO Box 9223
Farmington Hills, MI 48333-9223

Mercedes Benz Financial Services
c/o Peter Henn, CEO
36455 Corporate Drive
Farmington Hills, MI 48331


*/s/ Bradford F. Englander*
Counsel