**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | ) | |
| **In re:** | ) | |
| | ) | |
| **Zachair, Ltd.,** | ) | **Case No.:  20-10691-TJC** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY**
**WHITEFORD, TAYLOR & PRESTON L.L.P. AS COUNSEL FOR THE DEBTOR**

Zachair, Ltd. (the "Debtor"), by counsel, files this *Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Counsel for the Debtor* (the "Application"), requesting the entry of an order pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Whiteford, Taylor & Preston L.L.P. ("WTP") as its counsel, effective as of January 17, 2020.  The Debtor also submits the *Verified Statement of Bradford F. Englander* attached hereto as Exhibit A (the "Verified Statement").  In support of the Application, the Debtor respectfully states as follows:

**Jurisdiction**

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The relief sought by the Application is based upon sections 327(a), 328, 330 and 1107 of the Bankruptcy Code.

**The Chapter 11 Case**

3.      On January 17, 2020 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing

in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      The Debtor is a Maryland corporation which owns an assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property").   The Property historically has been operated as an airfield known as Hyde Field (the "Airfield").  The Airfield generates revenue for the Debtor through the rental of hanger and parking spaces for aircraft.

5.      In addition to the Airfield, portions of the Property not used in Airfield operations previously were mined for sand and gravel.  The cavities created by the sand and gravel mining are used for surcharge fill operations, whereby the Debtor uses the cavities to dispose of dirt removed from other third-party sites in exchange for a fee.

## The Need for Legal Services

6.      The Debtor requires the assistance of counsel in order to pursue a successful reorganization of its debts and to assist the Debtor with the performance of its duties as a debtor and debtor in possession. The Debtor also requires counsel to, among other things, assist it in fulfilling its duties under state and federal laws, advise it on the legal aspects of contracts, leases, financing, and other business matters, defend the Debtor in any litigation, and to prosecute litigation on its behalf.  In short, the Debtor requires the full range of traditional business legal services as well as legal services unique to bankruptcy reorganization.

## The Employment of WTP

7.      The Debtor has selected WTP to represent it as debtor and debtor in possession in this case because WTP has considerable experience in insolvency and bankruptcy matters, including the representation of debtors in large and complex chapter 11 cases. The Debtor has

also selected WTP because it believes that WTP is well-qualified to represent it as a debtor and debtor in possession.

### The Services to be Rendered

8.     The Debtor has retained WTP to assist it with, among other things, the preparation of its bankruptcy petition and all related documents and pleadings and, subject to approval from this Court, the prosecution of this chapter 11 case.

9.     The professional services that the Debtor may request WTP to render include:

a.     providing the Debtor legal advice with respect to its powers and duties as debtor in possession and in the operation of its business and management of its property;

b.     representing the Debtor in defense of any proceedings instituted to reclaim property or to obtain relief from the automatic stay under § 362(a) of the Bankruptcy Code;

c.     representing the Debtor in any proceedings instituted with respect to the Debtor's need for use of cash collateral and/or debtor in possession financing;

d.     preparing any necessary applications, answers, orders, reports and other legal papers, and appearing on the Debtor's behalf in proceedings instituted by or against the Debtor;

e.     assisting the Debtor in the preparation of its schedules, statement of financial affairs, and any amendments thereto, which the Debtor may be required to file in this case;

f.     assisting the Debtor in the preparation of a plan of reorganization and disclosure statement;

g.     assisting the Debtor with all legal matters, including, among others, all securities, corporate, real estate, employee relations, general litigation, and bankruptcy legal work;[1] and

h.     performing all of the legal services for the Debtor which may be necessary or desirable herein.

---

[1] By agreement, WTP will not be providing tax advice.  The Debtor and WTP reserve the right to modify by written agreement the scope of WTP's engagement to include tax advice.

## The Standards for Approving Employment

10.     Section 327(a) empowers the trustee, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 1107(a) provides that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter. 11 U.S.C. § 1107(a). Section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). WTP satisfies all of these standards, as set forth below.

## Connections with Parties in Interest

11.     To the best of the Debtor's knowledge, WTP has no connection with the Debtor, its creditors, or any other party-in-interest in this case; its respective attorneys or accountants; the United States Trustee; or any person employed in the office of the United States Trustee, except as may be described in the Verified Statement filed herewith.

## No Adverse Interest

12.     The Debtor submits that WTP represents no interest adverse to the Debtor as a debtor in possession or to the Debtor's estate in the matters upon which WTP is to be engaged for the Debtor.

## Disinterested Person

13.     The Debtor further submits that WTP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

**Compensation**

14.     Section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a).  The Debtor desires to employ WTP on an hourly basis because of the extensive legal services required in this case, the cost of which cannot be reasonably estimated at this time.

15.     Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any rules or other procedures that may be fixed by this Court, the Debtor requests that WTP be compensated on an hourly basis for professional services rendered at its standard hourly rates, plus reimbursement of actual and necessary expenses incurred by WTP.  The WTP attorneys that will be primarily responsible for this engagement and their respective current standard hourly rates are Bradford Englander ($660), David Gaffey ($465), and Zachary Balasko ($365).  These rates are subject to annual adjustment effective January 1 of each year.  Other WTP attorneys, paraprofessionals, and legal assistants may provide additional supporting legal services as required.  The standard rates presently in effect at this time for such other professionals are as follows:

| Professional | Hourly Rate |
|---|---|
| Partners: | $415-$730 |
| Associates: | $300-$415 |
| Paralegals/Litigation Support: | $285-$345 |

**Pre-Petition Retainer and In re Pillowtex Analysis**

16.     Prior to the Petition Date, WTP received a series of retainers totaling 125,000.00[2] (the "Retainer") for pre-petition restructuring advice and the preparation of the Debtor's chapter 11 petition, which amount was paid to WTP by the Debtor.  Upon information and belief, the

---

[2] The total retainer amount was received by WTP in three installments:  $20,000 on June 28, 2019, $5,000 on September 25, 2019, and $100,000 on December 4, 2019.

funds ultimately used to pay WTP the Retainer were provided to the Debtor by Dr. Nabil Asterbadi.

17.    WTP analyzed whether a potential preference payment under Section 547 of the Bankruptcy Code arose in connection with its prepetition work on behalf of the Debtor. *See In re Pillowtex Inc.*, 304 F.3d 246 (3d Cir. 2002). WTP has no exposure under Section 547 in this case.[3] On June 28, 2019, WTP received a payment in the amount of $20,000, which was applied to then-existing fees, and which served as a retainer for subsequent fees until such retainer was exhausted. On September 25, 2019, WTP received a second payment in the amount of $5,000, which was applied to then-existing fees and served as a retainer for subsequent fees until such retainer was exhausted on or about October 1, 2019. Between October 1, 2019, and December 4, 2019, WTP incurred fees totaling $10,324.00. On December 4, 2019, WTP received a third payment in the amount of $100,000 (the "December 4 Retainer"). WTP incurred an additional $108,561.50 in fees between the date of receipt of the December 4 Retainer and the Petition Date. Immediately prior to filing the Petition, WTP applied the December 4 Retainer. Since WTP's fees incurred after receipt of the December 4 Retainer exceeded the amount of the retainer, the application of the retainer was not preferential. *See In re D&H Mach. Serv.*, 557, B.R. 609, 616 (Bankr. E. D. Tenn. 2016) (courts have expressly acknowledged, and indeed required, that counsel draw down on its prepetition retainer and/or waive prepetition fees to avoid being considered a creditor and thus not disinterested). The sum of the unpaid fees incurred prior to the receipt of the December 4 Retainer ($10,324) and the excess fees incurred after the exhaustion of the December 4 Retainer ($8,561.50) total $18,885.50 (the "Unpaid

---

[3] As a threshold matter, preference exposure does not exist absent insolvency. It appears that the Debtor is not insolvent. Nevertheless, WTP has analyzed the preference issue as if the insolvency element of Section 547 is met to ensure that WTP is disinterested and able to represent the Debtor in this case.

Prepetition Fees"). WTP has waived the Unpaid Prepetition Fees. Thus, WTP was not a creditor of the Debtor as of the Petition Date.

### Best Interests of the Estate

17.     As set forth above, WTP satisfies all of the requirements for employment as attorneys for the Debtor under sections 327(a) and 1107 of the Bankruptcy Code.

18.     The employment of WTP as attorneys for the Debtor is in the best interests of the Debtor's estate and is appropriate under 11 U.S.C. §§ 327 and 328.

**WHEREFORE**, the Debtor respectfully requests that it be authorized to employ WTP in this case on the terms set forth herein, effective as of January 17, 2020, and that it be granted such other and further relief as is just and proper.

Dated: February 10, 2020                          ZACHAIR, LTD.

*/s/ Bradford F. Englander*
Whiteford, Taylor & Preston, LLP
Bradford F. Englander, Esq., Bar No. 11951
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Proposed Counsel for the Debtor*

*/s/ Nabil J. Asterbadi*
Nabil Asterbadi, Designated Representative

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Application  will be served electronically by the Court' s CM/ECF system on the following parties:

Bradford F. Englander     benglander@wtplaw.com, rodom@wtplaw.com
Bruce W. Henry     bwh@henrylaw.com,
kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
Michael J. Lichtenstein     mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
Jeffery Thomas Martin     jtm@henrylaw.com, mbp@henrylaw.com
M. Evan Meyers     bdept@mrrlaw.net
L. Jeanette Rice     Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
Jeffrey L. Tarkenton     Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
US Trustee - Greenbelt     USTPRegion04.GB.ECF@USDOJ.GOV

I hereby further certify that on February 10, 2020, a copy of the foregoing Application was also served by first-class mail, postage prepaid, on the parties on the attached Service List.

_/s/ David W. Gaffey_
Counsel