# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In re:** | ) ) ) | |
| **Zachair, Ltd.,** | ) ) ) | Case No.:  20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

## DEBTOR'S MOTION FOR AUTHORITY TO FILE
## SUPPLEMENT TO VERIFIED STATEMENT UNDER SEAL

Zachair, Ltd. (the "Debtor"), by counsel, files this *Motion for Authority to File Supplement to Verified Statement Under Seal* (the "Motion"), requesting the entry of an order pursuant to Sections 107(b) of Title 11 of the United States Code (the "Bankruptcy Code) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to file under seal a supplement to the *Verified Statement of Bradford F. Englander* (the "Verified Statement") in support of the *Debtor's Application for Authority to Employ Whiteford, Taylor & Preston LLP as Counsel for the Debtor* (the "WTP Employment Application").  In support of the Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157.

### The Chapter 11 Case

2. On January 17, 2020 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  The Debtor is a Maryland corporation which owns an assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property"). The Property historically has been operated as an airfield known as Hyde Field (the "Airfield"). The Airfield generates revenue for the Debtor through the rental of hanger and parking spaces for aircraft.

4.  In addition to the Airfield, portions of the Property not used in Airfield operations previously were mined for sand and gravel. The cavities created by the sand and gravel mining are used for surcharge fill operations, whereby the Debtor uses the cavities to dispose of dirt removed from other third-party sites in exchange for a fee.

5.  In connection with this Chapter 11 case, the Debtor is exploring a potential sale of the Debtor's Property. To facilitate these negotiations, the Debtor entered into a confidentiality agreement and had preliminary discussions with a potential purchaser (the "Potential Purchaser").

### The Employment Application and Verified Statement

6.  On February 10, 2020, the Debtor filed the WTP Employment Application and accompanying Verified Statement seeking authority to employ Whiteford, Taylor & Preston, LLP ("WTP") as counsel to the Debtor. *See* Docket No. 20. Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Rule 2014") requires that WTP demonstrate in connection with its WTP Employment Application that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and has no interest adverse to the Debtor. This requires WTP to disclose all connections to parties in interest. As described in the Verified Statement, an affiliate of the Potential Purchaser is a former client of WTP.

7.  The Debtor believes that public disclosure of the identity of the Potential Purchaser (or other parties who express an interest in a possible transaction) is not appropriate because it could have a chilling effect on the sale process.

8. Section 5(f) of the Verified Statement discloses and describes WTP's connections with the Potential Purchaser. The only information omitted from the publicly filed Verified Statement is the name of the Potential Purchaser.

9. With the exception of the name of the Potential Purchaser, the Verified Statement includes a list of all of the parties submitted for WTP's conflicts review as well as a description of all of WTP's connections with such parties as required by Rule 2014.

10. Following the filing of the WTP Employment Application, the Debtor received informal comments from the Office of the United States Trustee ("UST") regarding, among other things, the disclosures in the Verified Statement. The UST requested that the Debtor disclose the name of the Potential Purchaser under seal to permit the Court and the UST to fully evaluate any connection between the Potential Purchaser and WTP.

11. To resolve the matter, the Debtor requests authority to file under seal a supplement to Verified Statement (the "Supplement")[1] containing the name of the Potential Purchaser.

### Relief Requested

12. By this Motion, the Debtor seeks the entry of an order pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 (i) authorizing it to file the Supplement under seal, and (ii) directing that the Supplement remain under seal and confidential, and that the information contained therein not be made publically available by any party except upon further order of the Court.

---

[1] The Supplement filed pursuant to this Motion will be the second supplement to the Verified Statement filed in this case. A prior supplement addressing additional comments from the UST which does not contain confidential information was filed on the Court's docket on February 20, 2020.

**Basis for Relief**

13. Section 107(b) of the Bankruptcy Code gives this Court the power to issue an order protecting any entity from potential harm resulting from the disclosure of confidential information. That section provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). If the information a party seeks to file under seal fits within any of the categories specified by section 107(b) of the Bankruptcy Code, the court is required to protect that information from public disclosure. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).[2]

14. The term "confidential commercial information" should not be narrowly construed. *See id.* at 28 ("§ 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'"). Courts have held that Section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." *Id.*

15. The Debtor submits that filing the Supplement under seal is in the best interest of the Debtor, its creditors, and all parties in interest because protecting the identity of the Potential Purchaser will allow the Debtor to continue to negotiate a sale of the Debtor's Property with the Potential Purchaser and other interested parties without concern that interest in the Property would be chilled by disclosure of any potential buyer's identity at this early juncture.

16. The relief requested in this Motion will not prejudice the ability of parties in interest to review any connection between WTP and the Potential Purchaser, as all necessary

---

[2] Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

information concerning the Potential Purchaser, other than its name, has already been disclosed in the publicly filed Verified Statement. *See* Docket No. 20.

17. The Debtor will provide the Supplement disclosing the identity of the Potential Purchaser to the Court, and, subject to the confidentiality provisions of this Motion, to the UST and to any Official Committee of Unsecured Creditors that may be appointed in this case.

18. Based upon the benefit to the estate that will result from keeping the identity of the Potential Purchaser confidential, and the lack of prejudice to any party in interest, the Debtor submits that good cause exists to file the Supplement to the Verified Statement under seal.

**WHEREFORE**, the Debtor respectfully requests that it be authorized to file the Supplement under seal, and that it be granted such other and further relief as is just and proper.

Dated: February 20, 2020                                  ZACHAIR, LTD.

*/s/ Bradford F. Englander*
Whiteford, Taylor & Preston, LLP
Bradford F. Englander, Esq., Bar No. 11951
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Proposed Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion will be served electronically by the Court's CM/ECF system on the following parties:

- Bradford F. Englander    benglander@wtplaw.com, rodom@wtplaw.com
- Bruce W. Henry    bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
- Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers    bdept@mrrlaw.net
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV

I hereby further certify that on February 20, 2020, a copy of the foregoing *Motion* was also served by first-class mail, postage prepaid, on the parties on the attached service list.

*/s/ Bradford F. Englander*
Counsel

6