IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Zachair, Ltd., | ) ) | Case No.: 20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

**THIRD SUPPLEMENT TO VERIFIED**
**STATEMENT OF BRADFORD F. ENGLANDER**

I, Bradford F. Englander, declare as follows:

1. I am a partner of Whiteford Taylor & Preston L.L.P. ("WTP"), with offices located at 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042, and am admitted to practice law in the United States Bankruptcy Court for the District of Maryland.

2. On February 10, 2020, the Debtor filed its *Application for Authority to Employ Whiteford Taylor Preston L.L.P. as Counsel for the Debtor* (the "Application") and the accompanying *Verified Statement of Bradford F. Englander* (the "Verified Statement") seeking authority to employ WTP as counsel to the Debtor. *See* Docket No. 20.

3. Following the filing of the Application, the Debtor received informal comments from the Office of the United States Trustee ("UST") regarding, among other things, the disclosures in the Verified Statement.

4. In response to the comments received from the UST, on February 20, 2020 the Debtor filed (i) the *First Supplement to Verified Statement of Bradford F. Englander* [Docket No. 35] (the "First Supplement") disclosing additional details regarding WTP's representation of the Maryland Aviation Administration, and (ii) the *Sealed Second Supplement to Verified Statement of Bradford F. Englander* [Docket No. 37] (the "Second Supplement") containing the identity of

a potential purchaser of the Debtor's property discussed in the Verified Statement (the "Confidential Party"). The Second Supplement was filed with the Court under seal.

5. Following the filing of the First Supplement and Second Supplement, we received further informal comments from the UST regarding the disclosures in the Verified Statement pertaining to the Confidential Party.

6. In response to the UST's further informal comments, I hereby provide the following additional supplemental disclosure regarding WTP's connections with the Confidential Party, a party-in-interest in the above captioned case:

   a. <u>Confidential Potential Purchaser</u> – Prior to January 17, 2020 (the "Petition Date"), a company (the "Confidential Party") approached the Debtor and expressed an interest in purchasing real property located in Prince George's County, Maryland (the "Property") from the Debtor. The Debtor discussed the possible sale of the Property with the Confidential Party. No purchase and sale agreement or term sheet has been entered into between the Debtor and the Confidential Party. The identity of the Confidential Party is subject to a confidentiality agreement, and disclosure of the identity of parties who express preliminary interest in acquiring property could chill bidding. No attorney at WTP was involved in identifying or sourcing the Confidential Party as a prospective purchaser. WTP attorneys not involved in this bankruptcy case previously represented certain affiliates of the Confidential Party in land use matters outside of Prince George's County. In addition to the land use matters, WTP represented an affiliate of the Confidential Party in connection with a claim on an insurance policy. None of the prior representations of affiliates of the Confidential Party were related to the Debtor, its assets or its liabilities. In total, WTP represented three affiliates of the Confidential Party on five matters commencing in October of 2016 and concluding in early October of 2019. WTP attorneys first dealt with the Confidential Party regarding the Debtor on or about December 30, 2019, which was following the conclusion of the final matter on behalf of the Confidential Party's affiliates. WTP currently is not representing the Confidential Party or any of its affiliates. The WTP attorneys who represented affiliates of the Confidential Party are not involved in the representation of the Debtor, and the WTP attorneys who are involved in the representation of the Debtor were not involved in the representation of the Confidential Party's affiliates. No confidential information regarding the Confidential Party's affiliates has been used in connection with WTP's representation of the Debtor, or vice versa. WTP does not believe that its prior representation of affiliates of the Confidential Party renders WTP not disinterested or causes WTP to have an interest adverse to the Debtor.

3

I, Bradford F. Englander, declare under penalty of perjury that the forgoing is true and correct.

Dated: February 27, 2020 By: */s/ Bradford F. Englander*
Bradford F. Englander