IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.: 20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
APPLICATION TO EMPLOY WHITEFORD, TAYLOR & PRESTON L.L.P.
AS ATTORNEY FOR DEBTOR AND MOTION TO SEAL
SECOND SUPPLEMENTAL AND VERIFIED STATEMENT**

COMES NOW John P. Fitzgerald, III, the Acting United States Trustee for Region 4 (the U.S. Trustee), by and through the undersigned counsel, who respectfully files this objection to (1) *The Debtor's Application to Employ Whiteford, Taylor & Preston, L.L.P as Counsel for the Debtor* (the "Application," Dkt. No. 20) and (2) the *Motion to Seal Second Supplemental and Verified Statement* (the "Motion to Seal," Dkt. No. 36) and in support thereof states as follows:

### I.   Preliminary Statement

1. Rigorous compliance with professional retention rules is critical to the integrity and transparency required of the bankruptcy system. The baseline standard of transparent and complete disclosure applies to all professionals. Further, all professionals must meet the Bankruptcy Code's requirements for retention, including that they be free from conflict and satisfy the standards for disinterestedness.

2. The disclosures of Whiteford, Taylor & Preston ("WTP") in this matter are not complete. Debtor's Application for Authority to Employ Whiteford, Taylor & Preston L.L.P as Counsel for the Debtor, along with the supporting Verified Statement and Supplements to the

1

Verified Statement, do not provide complete details about WTP's connections to interested parties -- specifically the identity of the Confidential Potential Purchaser with whom WTP had a relationship as a former client of the firm as stated in the Third Supplement to Verified Statement. The lack of a specific identity does not satisfy the bedrock disclosure-mandates of Bankruptcy Rule 2014 and § 327(a)'s threshold requirements.

3. In the Motion to Seal, the Debtor asks this Court to grant the extraordinary relief of keeping the identity of the Confidential Potential Purchaser sealed from creditors and other parties. The Court should deny the Motion to Seal unless the Debtor meet its burden because: 1) Public policy favors open access to documents filed in bankruptcy cases; 2) Denial of public access is an extraordinary remedy; and 3) Mandatory disclosure of connections required by Bankruptcy Rule 2014 is not circumvented by the intended purpose of § 107 of the Bankruptcy Code.

## II.    Jurisdiction, Venue, and Constitutional Authority to Enter a Final Order

4. The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C.§ 1408.

5. The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the U.S. Trustee consents to the entry of a final order or judgment by this Court in this matter.

6. John P. Fitzgerald, III, is the duly appointed Acting United States Trustee for Region 4, under 28 U.S.C. § 581(a)(7). Pursuant to 11 U.S.C. § 307, the Acting United States Trustee has standing to appear and be heard on any issue in a case or proceeding under the

Bankruptcy Code. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code"). Specifically, the Bankruptcy Code charges the U.S. Trustee with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11, including monitoring the applications filed under § 327 of the Bankruptcy Code. 28 U.S.C. § 586(a)(3)(I)).

### III.    Factual Background

**A.    General Background**

7.    On January 17, 2020 (the "Petition Date"), the Debtor filed a petition seeking relief under chapter 11 of the Bankruptcy Code. Since the order for relief under chapter 11 was entered, the Debtor has operated as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

**B.    The Application**

8.    On February 10, 2020, the Debtor filed the Application seeking to employ WTP as its bankruptcy attorney. The Application provides that WTP is a "disinterested person" pursuant to § 101(14) and is supported by the Verified Statement of Bradford Englander. *See* Dkt. No. 20. Bradford Englander has filed three supplements to the Verified Statement. *See* Dkt. 35, 36 and 41. The Second Supplement to Verified Statement was filed under seal. *See* Dkt. 37.

9.    The Verified Statement and Supplements reveal that WTP has connections with a "Confidential Potential Purchaser", a former client of the firm. In the Third Supplement to the Verified Statement, Bradford Englander states that "WTP does not believe that its prior representation of affiliates of the Confidential Party renders WTP not disinterested or causes WTP to have an interest adverse to the Debtor." *See* Dkt. No. 41.

**C.      The Motion to Seal**

10.     On February 20, 2020, the Debtor filed the Motion to Seal. Dkt. No. 36.

11.     The Third Supplement to Verified Statement of Bradford F. Englander was filed on February 27, 2020. The Third Supplement is not filed under seal and only identifies the undisclosed party as the "Confidential Potential Purchaser" Dkt. No. 41.

12.     The Motion to Seal seeks authority to file under seal the name of the Confidential Potential Purchaser in connection with the Application. The Debtor alleges that "the identity of the Confidential Party is subject to a confidentiality agreement, and disclosure of the identity of parties who express preliminary interest in acquiring property could chill bidding." *See* Dkt. No. 41.

## IV.      Grounds for Objection

**A.      WTP's disclosures circumvent mandatory requirements and effectively shift the burden of obtaining professional disclosures to stakeholders.**

13.     Bankruptcy Rule 2014 requires that a professional's disclosure of connections be sufficiently explicit for a court and other parties to determine whether a professional is disinterested or holds or represents an adverse interest. *See* Fed. R. Bankr. P. 2014. "[C]omplete and candid disclosure . . . is indispensable to the court's discharge of its duty to assure the [professional's] eligibility for employment under section 327(a) . . . ." *In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005).

14.     More specifically, Bankruptcy Rule 2014 requires that professionals disclose "all of the [professionals'] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee." *See* Bankruptcy Rule 2014(a).

15. Although Bankruptcy Rule 2014's primary purpose is to facilitate compliance with § 327, the rule is much broader than § 327. "The disclosure requirements of Rule 2014(a) are broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they are sufficient to rise to the level of a disqualifying interest under Section 327(a)." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 465 (5th Cir. 2012) (*citing In re Cornerstone Prods., Inc.*, 416 B.R. 591, 608 (Bankr. E.D. Tex. 2008) (stating that "all" connections must be disclosed)). The burden of adequate disclosure rests with WTP alone, and it is not the job of the Court, creditors, or parties in interest to wrestle this information from proposed professionals.

16. By failing to reveal the name of the Confidential Potential Purchaser, WTP has not met its burden of adequate disclosure with respect to the identity of the former client, and its actions run counter to the transparency expected under Bankruptcy Rule 2014.

**B.    WTP should not be excused from required disclosures based on claims that the identity of the Confidential Potential Purchaser is subject to a confidentiality agreement or that the services are unrelated.**

17. In this case, WTP disclosed connections with a Confidential Potential Purchaser without providing the identity, relying instead on a statement that WTP's prior engagement with affiliates of the unidentified party related to matters that are or were unrelated and not adverse to the Debtor. *See* Dkt. No. 41. Merely providing the existence of a relationship with an interested party with whom there is a connection is not specific disclosure as contemplated by Bankruptcy Rule 2014 and mandated by case law.

18. The burden to adequately disclose rests on WTP, not the Court, creditors or parties in interest. *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 839 (7th Cir. 1998) ("Bankruptcy courts have neither the resources nor the time . . . to root out the

existence of undisclosed conflicts of interest"). A limited disclosure is clearly at odds with Bankruptcy Rule 2014 and circumvents its transparency and mandatory disclosure requirements. An indeterminate statement of "connections with a creditor" does not satisfy Bankruptcy Rule 2014. *See In re Leslie Fay Cos.*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994). Disclosing the existence of a connection without disclosing the identity of the connection is insufficient. *In re Brennan*, 187 B.R. 135, 144 (Bankr. D.N.J.) (writing of the disclosure requirements of Bankruptcy Rule 2014, ". . . there must also be disclosure of . . . identities"), *rev'd on other grounds sub nom*, *In re First Jersey Sec., Inc.*, 180 F.3d 504 (3d Cir. 1999).

        C.        **Public policy favors open access to documents filed in bankruptcy cases**

19. Public access to court documents is a long-standing tenet in American jurisprudence. As stated by the Supreme Court in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978), "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters.

20. This general rule was recognized by the Fourth Circuit in *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567 (4th Cir. 2004). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Id.* at 575. "The common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" *Id.* at 575 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Under this common law balancing analysis, "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d

249, 253 (4th Cir. 1988).

21. The same principle of open access to bankruptcy court records is set forth in the Bankruptcy Code. Section 107(a) of the Bankruptcy Code, provides, in part, that subject to certain limited exceptions, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."

22. Legislative history reflects that the congressional intent behind § 107(a) was grounded in open access to judicial records. Senate Report No. 989 states that § 107(a) "makes all papers filed in a bankruptcy case and the dockets of the bankruptcy court public and open to examination at reasonable times without charge." S. Rep. No. 989, 95th Cong., 2d Sess. 30, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5816. Further, as noted by the Second Circuit, "This policy of open inspection, codified generally in § 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in a bankruptcy proceeding." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 26 (2d Cir. 1994).

  **D. The denial of public access is an extraordinary remedy appropriate only under very limited circumstances**

23. The right to public access to court records is not absolute. In certain compelling and extraordinary circumstances, courts can deny or limit access to court records—generally where open inspection may be used as a vehicle for an improper purpose. *Orion Pictures Corp.*, 21 F.3d at 27 (citing *Nixon*, 435 U.S. at 597). Section 107(b) of the Bankruptcy Code provides the limited circumstances by which a bankruptcy court may seal court records, "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the

bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; . . . ." 11 U.S.C. § 107(b)(1).

24. Bankruptcy Rule 9018 provides the procedure for invoking the courts' power under 11 U.S.C. § 107 and provides in pertinent part: "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information,. . . ." Fed. R. Bankr. P. 9018.

25. For a bankruptcy court to seal court records pursuant to its discretionary authority to limit public access to papers, the court must specifically find that the interest of secrecy outweighs the presumption in favor of access. *In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) (citing *United States v. Cont'l Airlines, Inc. (In re Cont'l Airlines)*, 150 B.R. 334 (D. Del. 1993). A debtor must offer proof and evidence sufficient to demonstrate that it is entitled to relief under Bankruptcy Code § 107(b).

**E.    The Debtor must meet its burden to show a compelling need or extraordinary circumstances warrant the sealing of public records and that the public should be denied access to the sealed documents**

26. To meet this burden, the movant should demonstrate "compelling or extraordinary circumstances" or a need to obtain protection under 11 U.S.C. § 107. *In re Food Mgmt. Grp. LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) (citing *Orion Pictures Corp.*, 21 F.3d at 27). Further, the court "must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Id.* (internal quotation and citation omitted).

27. Confidential commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial

operations of the debtor." *Orion Pictures Corp.*, 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)); *see also In re Meyrowitz*, No. 06-31660-bjh-11, 2006 Bankr. LEXIS 2931, at *7 (Bankr.N.D. Tex. Oct. 26, 2006).

28. In *Orion Pictures Corp.*, the documents in question were a licensing agreement and related materials. The Second Circuit affirmed a bankruptcy court's finding that the sealed information, which included the overall structure, terms and conditions of the agreement, "render[ed] very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotion agreements, thereby giving Orion's competitors an unfair advantage." *Orion Pictures Corp.*, 21 F.3d at 28.

29. The Debtor must demonstrate by competent evidence that the material, for which it seeks protection, satisfies the categories contemplated by § 107 of the Bankruptcy Code and that it could cause an unfair advantage to competitors by providing them information as to the commercial operations of the Debtor. The Debtor must further demonstrate that the disclosure will have a direct and adverse impact. To date, the Debtor has not made such showing.

### F. Failing to reveal the identity of connections impacts bankruptcy system transparency and conflicts with the mandatory disclosures.

30. Sealing the identity of the Confidential Potential Purchaser with whom WTP had a prior relationship is inconsistent with open courts, open records, bankruptcy system transparency, and makes it impossible for the public to fully evaluate retention and disinterestedness. Likewise, to determine whether a conflict exists, the disclosure of connections must provide sufficient information to make that determination.

31. Disclosures made pursuant to Rule 2014 "must be explicit enough for the court

and other parties to gauge whether the person to be employed is not disinterested or holds an adverse interest." *In re Circle T Pipeline, Inc.*, No. 11-70556, 2011 WL 9688240, at *10 (Bankr. W.D. Va. Apr. 27, 2011) (quoting *In re Midway Indus. Contractors, Inc.*, 272 B.R. 651, 662 (Bankr. N.D. Ill. 2001)).

32. The net effect of sealing the identity of the Confidential Potential Purchaser under the facts of this case would be to handicap interested parties from evaluating the nature and extent of the connections. The U.S. Trustee would respectfully request disclosure of the identities of the connections to facilitate the appropriate process.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter an order requiring WTP to disclose the identity of the Confidential Potential Purchaser, denying the Motion to Seal, if appropriate, and any and all further relief as may be equitable and just.

Date: March 4, 2020

Respectfully submitted,

John P. Fitzgerald, III
Acting United States Trustee for Region 4
By Counsel

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No. 12933
Assistant U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: Jeanette.Rice@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>March 4, 2020</u>, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Objection will be served electronically by the Court's CM/ECF system on the following parties:

Bradford F. Englander benglander@wtplaw.com, rodom@wtplaw.com
Bruce W. Henry  bwh@henrylaw.com,kmo@henrylaw.com; jtm@henrylaw.com; mbp@henrylaw.com
Michael J. Lichtenstein  mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
Jeffery Thomas Martin  jtm@henrylaw.com, mbp@henrylaw.com
M. Evan Meyers  bdept@mrrlaw.net
Jeffrey L. Tarkenton  Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd- us.com, pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com

I hereby further certify that on <u>March 4, 2020</u>, a copy of the foregoing Objection was also served by first-class mail, postage prepaid, on the parties on the attached service list.

/s/ L. Jeanette Rice<br>L. Jeanette Rice