**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.: 20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**SECOND INTERIM CONSENT ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 363**

This matter came before the Court upon the *Consent Motion for Interim Order Authorizing the Debtor's Use of Cash Collateral* [clerk's docket no. 17] (the "Motion") filed by Zachair, Ltd. (the "Debtor"). Upon due and adequate notice to all necessary parties, and the Court having reviewed the Motion and all objections or responses thereto, and the Court having reviewed all evidence and argument presented in support of the Motion, the Court finds as follow:

A. On January 17, 2020, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtor is a debtor-in-possession and is operating its business pursuant to §1107 and §1108 of the Bankruptcy Code.

1

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2), among other provisions, and this Court has authority to enter this Order under §§ 105, 361 and 363 of the Bankruptcy Code, among other sections.

C.      The Debtor is indebted to Sandy Spring Bank ("Sandy Spring") under and in connection with that certain *Deed of Trust Note* dated December 11, 2015 in the original principal amount of $2,300,000.00, as modified by those certain *Modification and Extension Agreements* dated November 2, 2018, and April 3, 2019 (together, the "2015 Note").

D.      Sandy Spring's claims against the Debtor under the 2015 Note are secured by a first priority duly perfected security interest and lien in, to, and against, among other things, that certain assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property"); any improvements and fixtures on the Property; all personal property located in, upon, or about the Property; and any proceeds derived from the foregoing, pursuant to, among other things, that certain *Deed of Trust and Security Agreement* dated December 11, 2015 (the "Deed of Trust"). The security interests granted by the Deed of Trust have been duly perfected by the filing of one or more financing statements recorded among the financing statement records of the Maryland Department of Assessments & Taxation. The 2015 Note and the Deed of Trust, and any documents executed in connection therewith, are hereafter referred to as the "Pre-Petition Loan Documents."

E.      All assets of the Debtor which now or hereafter serve as security for the debt to Sandy Spring under the Pre-Petition Loan Documents are hereafter collectively referred to as the "Pre-Petition Collateral."

F.      The 2015 Note matured on June 11, 2019.  The Debtor did not pay the

2

outstanding amounts due to Sandy Spring under the 2015 Note, and therefore is in default under the Pre-Petition Loan Documents.

G.      Sandy Spring asserts that, as of January 1, 2020, there was due under the 2015 Note, principal, accrued interest, fees and charges of $2,381,565.48, exclusive of attorneys' fees and expenses (the "2015 Note Indebtedness").  Additional interest, fees, expenses and charges permitted under the Pre-Petition Loan Documents have continued to accrue daily thereafter.

H.      The Debtor's cash, products, and proceeds of the Pre-Petition Collateral constitute cash collateral of Sandy Spring ("Cash Collateral") as defined in the Bankruptcy Code.

I.      The Debtor requires the use of Cash Collateral, as defined in Section 363(a) of the Bankruptcy Code, in the ordinary course of its business to pay among other things, suppliers, contractors, and those other expenses associated with the continued operations of its business.  Absent the use of Cash Collateral, the Debtor will not be able to fund its operating expenses and its estate and creditors will suffer irreparable harm.

J.      Sandy Spring consents to the relief sought in the Motion, including the use of its Cash Collateral and the proposed adequate protection as set forth in this Order.

K.      Good and sufficient cause has been shown to justify the grant of the relief requested in this order (the "Order").

L.      The terms of the Debtor's use of Cash Collateral, as more fully set forth in this Order, are essential and appropriate for the continued operation and management of the Debtor's business and the preservation of the Property.  Entry of this Order is in the best interests of the Debtor and its estate and creditors.

M.      The Debtor asserts that the value of the Property substantially exceeds the amount of all liens against the Property.  Sandy Spring is without sufficient knowledge or information to agree or disagree with this assertion at this time.  The adequate protection provided for under this Order is sufficient to protect Sandy Spring against any diminution in the value of its interest in the Cash Collateral, for purposes of this Order, and satisfies the requirements of the Bankruptcy Code.

N.      The Debtor served and filed the Motion on February 7, 2020.

O.      On February 12, 2020, the Court entered its Interim Order Authorizing Use Of Cash Collateral And Granting Adequate Protection Pursuant To 11 U.S.C. § 363 [clerk's docket no. 24] (the "First Interim Order").  The Debtor and Sandy Spring have agreed to extend the Debtor's right to use Sandy Springs' cash collateral on an interim basis on the terms set forth in this Order.

P.      Proper and adequate notice of the Motion has been given under the circumstances, and no other or further notice is necessary.

Q.      The Debtor reserves the right to seek approval of an order granting the relief requested in the Motion on a final basis (the "Final Order") at a final hearing on the Motion (the "Final Hearing") to be held on a later date to be set by the Court.  Notice of the Final Hearing will be provided in accordance with the requirements set forth in this Order.  Notwithstanding the foregoing, nothing herein shall prevent the Debtor from seeking further extensions of its authority to use Cash Collateral on an interim basis pending the Final Hearing.

Based on the foregoing findings and the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED and DECREED that:

1.      The Motion is GRANTED as set forth herein on an interim basis pending a final

4

hearing thereon, or such other and further interim orders as may be entered.

2. The Court shall hold the Final Hearing on such later date as may be set by the Court. Any party objecting to the entry of an order approving the relief set forth herein on a final basis must file a written objection (an "Objection"), stating with particularity the grounds therefore, with the United States Bankruptcy Court for the District of Maryland (the "Court") and serve such Objection on: the Debtor, c/o Bradford F. Englander, Esquire, Whiteford, Taylor & Preston L.L.P., 3190 Fairview Park Drive, Suite 800, Falls Church, VA 22042; Sandy Spring Bank, c/o Bruce W. Henry, Esq., Henry & O'Donnell, P.C., 300 N. Washington Street, Suite 204, Alexandria, VA 22314; and the Office of the United States Trustee, 305 Ivy Lane, Suite 600, Greenbelt, MD 20770, so that it is received no later than the deadline to be set by the Court in connection with the Final Hearing.

3. Subject to the terms and conditions of this Order, the Debtor is authorized and permitted to use Cash Collateral in accordance with the Budget attached hereto as Exhibit A from the date of this Order through and including the end of the thirteen-week period set forth in the Budget, as may be extended by further order of the Court (the "Interim Period"), or as otherwise consented to by Sandy Spring. Except as otherwise expressly provided in this Order, Cash Collateral may be used (a) during the Interim Period, as may be extended, and (b) up to the amounts stated for any line item plus 10% for each line item, during the periods and for the purposes identified in the Budget.

4. If Cash Collateral is not used for a particular line item in the Budget during the period for which Cash Collateral usage is authorized for such line item in this Order, or if Cash Collateral is used in an amount less than specified in such line item during the budgeted period, then the Debtor may use the unused balance of such line item in subsequent periods. The Debtor

also may use amounts designated as miscellaneous for any business expense, regardless whether such expense falls within a specific budget category.

5.      As adequate protection for the use and/or diminution of the interests of Sandy Spring in the Cash Collateral (the "Adequate Protection"), Sandy Spring shall receive a replacement lien in all post-petition Cash Collateral to the extent of its pre-petition Cash Collateral used pursuant to this Order (or any prior cash collateral order).  The monthly payments made pursuant to the First Interim Order (the "Adequate Protection Payments") shall be suspended during the term of this Order.  Notwithstanding the foregoing, Sandy Spring reserves its right to seek resumption of the Adequate Protection Payments.  The Adequate Protection Payments (if and when resumed), the replacement lien in post-petition Cash Collateral, and the other terms and conditions set forth in this Order constitute all necessary and appropriate adequate protection to Sandy Spring required under Section 363 of the Bankruptcy Code.

6.      This Order shall be sufficient and conclusive evidence of the validity, perfection and priority of any claim or lien granted to Sandy Spring by this Order with respect to the Adequate Protection without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect in accordance with applicable non-bankruptcy law any claim or lien granted by this Order with respect to the Adequate Protection, or to entitle Sandy Spring to the priorities granted herein.  Notwithstanding the foregoing, Sandy Spring is authorized to file, as it deems necessary in its sole discretion, such financing statements, notices of lien and other similar documents to perfect in accordance with applicable non-bankruptcy law any lien granted by this Order with respect to the Adequate Protection, and all such financing statements, notices of lien and other similar documents shall be

6

deemed to have been filed or recorded as of the Petition Date; provided, however, that no such filing or recordation shall be necessary or required to create or perfect any lien granted by this Order with respect to the Adequate Protection.  The Debtor is authorized and directed to execute and deliver to Sandy Spring all financing statements, notices of lien and other documents as Sandy Spring may reasonably request.

7.    The Debtor shall maintain insurance coverage on the Property, and shall timely pay all real property taxes on the Property, and personal property taxes on the other Collateral, and provide evidence thereof upon request of Sandy Spring.

8.    The automatic stay provisions of Section 362 of the Bankruptcy Code are modified to the extent necessary to permit Sandy Spring to perform any act authorized or permitted under this Order.

9.    In the event any or all of the provisions of this Order are hereafter reversed, stayed, modified, amended, or vacated by a subsequent order of the Court or any other court, such reversal, stay, modification, amendment, or vacation shall not affect the validity of any right or obligation arising under this Order prior to the effective date of such modification, amendment or vacation, and such right or obligation shall be governed in all respects by the provisions of this Order.

10.    This Order and the use of Cash Collateral authorized herein shall become effective immediately upon approval by the Court.  Except with respect to the payment of accrued items set forth in the Budget, the use of Cash Collateral authorized herein shall terminate at the conclusion of the Interim Period, subject to the Debtor's right to seek further order of the Court authorizing use of Cash Collateral.  Notwithstanding the foregoing or any other authority to the contrary in this Order, the Debtor's authority to use Cash Collateral pursuant to this Order

shall terminate immediately and automatically, without notice of any kind, upon the conversion of this chapter 11 case to a chapter 7 case, entry of an order authorizing appointment of a Chapter 11 trustee, or the dismissal of this chapter 11 case.  Termination of the use of Cash Collateral authorized herein shall not impair the continuing effectiveness and enforceability of all other provisions in this Order, and shall not act as a waiver or expunge the Debtor's right to request, on an emergency basis, further Court authority for Cash Collateral use.

11.     Within three business days after the entry of this Order, the Debtor shall serve a copy of this Order on: (a) the Office of the United States Trustee; (b) the creditors included on the list filed under Federal Rule of Bankruptcy Procedure 1007(d); (c) counsel to Sandy Spring; and (d) those persons who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002.

12.     Subject to applicable law, the terms of this Order shall be binding upon and inure to the benefit of the successors and assigns of each party hereto, including any trustee appointed with regard to the Debtor under the Bankruptcy Code, whether in a chapter 7 or in this chapter 11 case.

**End of Order**

Agreed, Stipulated, and Consented To:


*/s/ Bradford F. Englander*
Bradford F. Englander, Esq., Bar No. 11951
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Proposed Counsel for the Debtor*


and


*/s/ Bruce Henry*      (by email permission dated 5/10/2020)
Bruce Henry, Esq., Bar No. 05873
Henry & O'Donnell, P.C.
300 N. Washington St., Suite 204
Alexandria, Virginia 22314
Telephone: (703) 548-2100
Email: BWH@henrylaw.com

*Counsel to Sandy Spring Bank*



**Copies to:**

Bradford F. Englander, Esq.
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

Sandy Spring Bank
c/o Bruce W. Henry, Esq.
Henry & O'Donnell, P.C.
300 N Washington Street, Suite 204
Alexandria, VA 22314

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

**<u>Exhibit A</u>**

DRAFT

Subject to Revision

Exhibit A

**Zachair, Ltd.**
13-Week Cash Flow Forecast

| | 4/24/2020 Week 14 | 5/1/2020 Week 15 | 5/8/2020 Week 16 | 5/15/2020 Week 17 | 5/22/2020 Week 18 | 5/29/2020 Week 19 | 6/5/2020 Week 20 | 6/12/2020 Week 21 | 6/19/2020 Week 22 | 6/26/2020 Week 23 | 7/3/2020 Week 24 | 7/10/2020 Week 25 | 7/17/2020 Week 26 | 13-Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **I. Receipts** | | | | | | | | | | | | | | |
| a) Airport Operations | | | | | | | | | | | | | | |
| Rental Income | - | 8,922.50 | 250.00 | - | - | - | 8,922.50 | 250.00 | - | - | 8,922.50 | 250.00 | - | 27,517.50 |
| b) Mining Operations | | | | | | | | | | | | | | |
| Metro | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | - | 8,922.50 | 250.00 | - | - | - | 8,922.50 | 250.00 | - | - | 8,922.50 | 250.00 | - | 27,517.50 |
| c) Other | - | 600.00 | - | - | - | - | 600.00 | - | - | - | - | - | - | 1,200.00 |
| Total receipts | - | 9,522.50 | 250.00 | - | - | - | 9,522.50 | 250.00 | - | - | 8,922.50 | 250.00 | - | 28,717.50 |
| **II. Disbursements** | | | | | | | | | | | | | | |
| a) Airport Costs | | | | | | | | | | | | | | |
| Computer Maintenance Agreement | 222.00 | - | - | - | - | - | - | - | - | - | - | - | - | 222.00 |
| Comcast | 600.00 | 90.00 | - | - | - | 600.00 | 90.00 | - | - | 600.00 | 90.00 | - | - | 2,070.00 |
| WSSC Water | 100.00 | - | - | - | 100.00 | - | - | - | - | 100.00 | 100.00 | - | - | 400.00 |
| PEPCO | - | - | - | 610.00 | - | - | - | - | 610.00 | - | - | - | - | 1,220.00 |
| Verizon FIOS | 120.00 | - | - | - | 120.00 | - | - | - | - | 120.00 | - | - | - | 360.00 |
| Heating/Diesel Fuel | - | - | 500.00 | 300.00 | - | - | - | 300.00 | - | - | - | - | - | 1,100.00 |
| Discharge Permit | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Grounds Maintenance | - | - | 500.00 | - | - | - | 500.00 | - | - | - | 500.00 | - | - | 1,500.00 |
| Pest Control | - | - | - | 175.00 | - | - | - | - | - | - | - | - | - | 175.00 |
| Trash removal | - | - | - | - | 110.00 | - | - | - | 110.00 | - | - | - | 110.00 | 330.00 |
| Fetter Aviation Management Fee | - | - | 5,500.00 | - | - | - | 5,500.00 | - | - | - | - | 5,500.00 | - | 16,500.00 |
| Total Airport Costs | 1,042.00 | 90.00 | 6,500.00 | 1,085.00 | 330.00 | 600.00 | 6,090.00 | 300.00 | 720.00 | 820.00 | 690.00 | 5,500.00 | 110.00 | 23,877.00 |
| b) Mining Costs | | | | | | | | | | | | | | |
| Metro Oversight | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| MDE Permits | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Mining Bond (Annual) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Engineering Costs | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Site/Environmental Maintenance | - | - | - | 3,600.00 | - | - | 3,600.00 | - | - | - | - | 3,600.00 | - | 10,800.00 |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - |

Prepared by Streamline Advisors, LLC on 4/24/2020 at 5:29 PM

DRAFT

Subject to Revision

Exhibit A

**Zachair, Ltd.**
13-Week Cash Flow Forecast

| | 4/24/2020 Week 14 | 5/1/2020 Week 15 | 5/8/2020 Week 16 | 5/15/2020 Week 17 | 5/22/2020 Week 18 | 5/29/2020 Week 19 | 6/5/2020 Week 20 | 6/12/2020 Week 21 | 6/19/2020 Week 22 | 6/26/2020 Week 23 | 7/3/2020 Week 24 | 7/10/2020 Week 25 | 7/17/2020 Week 26 | 13-Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Mining Costs | - | - | - | 3,600.00 | - | - | - | 3,600.00 | - | - | - | 3,600.00 | - | 10,800.00 |
| **e) General and Administrative Expenses** | | | | | | | | | | | | | | |
| Company Vehicle | - | 1,725.00 | - | - | - | 1,725.00 | - | - | - | 1,725.00 | - | - | - | 5,175.00 |
| Company Vehicle Insurance | 380.00 | - | - | - | 380.00 | - | - | - | 380.00 | - | - | - | - | 1,140.00 |
| Business Insurance | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| State of MD - filing fee (Zachair, Ltd.) | - | 300.00 | - | - | - | - | - | - | - | - | - | - | - | 300.00 |
| Verizon Wireless | - | 600.00 | - | - | - | 600.00 | - | - | - | - | 600.00 | - | - | 1,800.00 |
| Transfer to Litigation Fee Reserve | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Real Estate Taxes | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Tax Accountant | - | 200.00 | - | - | - | - | 250.00 | - | - | - | 100.00 | - | - | 550.00 |
| Bookkeeping/MORs | - | - | 500.00 | - | - | - | 500.00 | - | - | - | - | 500.00 | - | 1,500.00 |
| Taxes | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other | - | 500.00 | - | 500.00 | - | 500.00 | - | 500.00 | - | 500.00 | - | 500.00 | - | 3,000.00 |
| Total General and Administrative | 380.00 | 3,325.00 | 500.00 | 500.00 | 380.00 | 2,825.00 | 750.00 | 500.00 | 380.00 | 2,225.00 | 700.00 | 1,000.00 | - | 13,465.00 |
| **f) Secured Lender** | | | | | | | | | | | | | | |
| Adequate Protection Payment | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **g) Non-Operating/Restructuring** | | | | | | | | | | | | | | |
| Professional Fees | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| US Trustee Fees | - | 975.00 | - | - | - | - | - | - | - | - | 975.00 | - | - | 1,950.00 |
| | - | 975.00 | - | - | - | - | - | - | - | - | 975.00 | - | - | 1,950.00 |
| **III. Cash Reconciliation** | | | | | | | | | | | | | | |
| Citibank Account | | | | | | | | | | | | | | |
| Beginning Balance | 29,884.24 | 28,462.24 | 33,594.74 | 26,844.74 | 21,659.74 | 20,949.74 | 17,524.74 | 20,207.24 | 16,057.24 | 14,957.24 | 11,912.24 | 18,469.74 | 8,619.74 | |
| Deposits | - | 9,522.50 | 250.00 | - | - | - | 9,522.50 | 250.00 | - | - | 8,922.50 | 250.00 | - | |
| Transfers Out | (1,422.00) | (4,390.00) | (7,000.00) | (5,185.00) | (710.00) | (3,425.00) | (6,840.00) | (4,400.00) | (1,100.00) | (3,045.00) | (2,365.00) | (10,100.00) | (110.00) | |
| Ending Balance | 28,462.24 | 33,594.74 | 26,844.74 | 21,659.74 | 20,949.74 | 17,524.74 | 20,207.24 | 16,057.24 | 14,957.24 | 11,912.24 | 18,469.74 | 8,619.74 | 8,509.74 | |

Prepared by Streamline Advisors, LLC on 4/24/2020 at 5:29 PM