IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ZACHAIR, LTD. ) | Case No. 20-10691-TJC |
| ) | Chapter 11 |
|     Debtor ) | |

**PD HYDE LLC'S OPPOSITION
TO DEBTOR'S MOTION FOR AN ORDER ENLARGING
EXCLUSIVITY PERIOD TO FILE PLAN OF REORGANIZATION
AND OBTAIN ACCEPTANCE PURSUANT TO 11 U.S.C. § 1121(d)**

PD Hyde LLC ("Hyde"), by and through its undersigned attorneys, hereby opposes the Debtor's Motion for Order Enlarging Exclusivity Period to File Plan of Reorganization and Obtain Acceptance Pursuant to 11 U.S.C. § 1121(d) (the "Motion") [docket 58], and as grounds therefore, respectfully states as follows:

1. Although this is not a large or complex Chapter 11 case, Zachair, Ltd. (the "Debtor") seeks to extend the exclusivity period during which only it can file a proposed plan of reorganization by an additional four months. The "cause" that Debtor asserts supports this extra-ordinarily lengthy request is insufficient to justify the relief requested. In the four months since the Chapter 11 petition was filed, the Debtor could have but has failed to take all the steps it identifies in its Motion and essentially has not moved this case forwards in any significant manner.

2. As discussed hereinafter, "cause" does not exist for the requested extension of the exclusive period. As Section 1121 of the Bankruptcy Code does not create a deadline for filing a plan, the Debtor may develop and file its plan at any time that it believes appropriate. The risk that while the Debtor is developing its plan, another party-in-interest files a plan, is a risk which Congress intended, so as to preserve the balance between the Debtor's needs and the legitimate

interests of creditors. Accordingly, denying the Motion only affords creditors their right to file a plan; there is no negative impact upon the Debtor's co-existing right to file its own plan.

3. In its Application [docket 20] to employ Whiteford, Taylor and Preston, L.L.P., as its counsel, the Debtor disclosed that it was negotiating with a potential stalking horse to buy the Debtor's real property. However, in a recent filing, the Debtor acknowledged that all discussions with that prospective purchaser have terminated. To date, four months after the filing, the Debtor has not presented any written contract to purchase its real property.

4. While Hyde did engage in settlement negotiations with the Debtor, those attempts were unsuccessful and have been unfruitful. The Debtor has now sought to employ a real estate broker at a 5% fee. Hyde encourages this retention and is hopeful that the broker will be able to find a buyer leading to an expeditious cash distribution to creditors. However, the Debtor does not require an extension of exclusivity for that process to move forward.

5. Section 1121(d) of the Bankruptcy Code grants the Court authority to extend exclusive periods granted in Section 1121(b) of the Bankruptcy Code for "cause" after notice and hearing. The Bankruptcy Code does not define what constitutes "cause" and bankruptcy courts are granted broad flexibility in determining whether cause exists to extend the exclusivity periods. *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. N.H. 1988); *In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987).

6. Over the years, numerous courts have attempted to identify a list of factors that a bankruptcy court should consider in evaluating a request to extend the exclusive periods. One such court, the 8th Circuit Bankruptcy Appellate Panel, identified the following nine (9) factors in the case of *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 643-44 (8th Circuit B.A.P. 2003):

    a.    The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure;

    b.    The need for the creditors' committee to negotiate with the debtor and the ability to prepare adequate information;

    c.    The existence of good faith progress towards reorganization;

    d.    The existence of an unresolved contingency;

    e.    The fact that the debtor is paying bills as they become due;

    f.    The length of previous extensions of exclusivity;

    g.    Breakdowns in plan negotiations such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors;

    h.    The debtor's failure to resolve fundamental reorganization matters essential to its survival; and

    i.    The gross mismanagement of the debtor.

The *Hoffinger* court observed that clearly the nine (9) factors will not all be relevant in each and every case, nor is the issue to be resolved by simply adding up the number of factors which weigh for and against any requested extension. The *Hoffinger* court recognized that ultimately the decision is within the discretion of the bankruptcy court to decide which factors are relevant and to give the appropriate weight to each. *Id.* The burden to establish cause is on the Debtor. *In re Perkins*, 71 B.R. 294, 299 (W.D. Tenn. 1987). In determining whether cause exists to extend the exclusivity period, a court may consider a variety of factors to assess the totality of circumstances in each case. *See In re Dow Corning Corp.*, 208 B.R. 661, 664, 670 (Bankr. E.D. Mich. 1997).

These factors include:

(i) the size and complexity of the debtor's case;

(ii) the debtor's good faith progress towards resolving issues facing the estate;

(iii) whether the debtor is seeking exclusivity to pressure creditors "to accede to [the Debtors'] . . . demands;"

(iv) whether the debtor has demonstrated reasonable prospects for filing a viable plan; and

(v) whether the debtor has progressed in negotiations with creditors. *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing the above factors); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409–10 (E.D.N.Y. 1989) (listing certain of the above factors); *In re Grand Traverse Dev. Co. Ltd. P'ship.*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); *In re Gen. Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) (same); *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451–54 (Bankr. W.D. Tex. 1987) (same).

Other factors the court may consider are:

(vi) the necessity of sufficient time to negotiate and prepare adequate information;

(vii) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(viii) whether the debtor has made progress negotiating with creditors, and

(ix) the length of time the case has been pending. *See In re Service Merchandise Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000).

7. Courts have held that the existence of pending litigation is not ordinarily sufficient to establish the requisite cause for granting an extension of exclusivity. *See In re R. G. Pharmacy, Inc.*, 374 B.R. 484, 488 (Bankr. D. Conn. 2007). "'The ordinary Chapter 11 debtor is expected to bring with it litigation, or the potential for it. Litigation with creditors is not an unusual circumstance, and the fact that litigation is pending with creditors is not in itself sufficient cause to justify an extension of exclusivity period.'" *Id.*, quoting *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 452 (Bankr. W.D. Tex. 1987)). The *Southwest Oil* court went on to state: "Only under extreme circumstances would the existence of litigation constitute cause for an extension, where the mass, weight, volume and complication of the litigation may justify a 'shakedown' period." *Id.*, citing *In re Manville Forest Products Corp.*, 31 B.R. 991, 995 (S.D.N.Y. 1983).[1]

8. In *All Seasons Industries, Inc.*, 121 B.R. 1002 (Bankr. N.D. Ind. 1990), the Bankruptcy Court for the Northern District of Indiana similarly denied a requested extension of exclusivity because of pending litigation. In its decision, the court noted that its decision to deny the extension did not sound a death knell for debtor's reorganization. Citing *In re Parker Street Forest & Garden Center, Inc.*, 31 B.R. 206 (Bankr. D. Mass. 1983), the court recognized that denying an exclusivity extension motion only affords creditors their own right to file a proposed plan of reorganization as there is no negative impact upon the Debtor's co-existing right to file such a plan. 31 B.R. at 207.

9. In *All Seasons Industries*, the court went on to state that a debtor should be able to propose a plan taking into consideration the possible results of the pending litigation. Conversely,

---

[1] The *Manville* case involved 20 subsidiaries, including Johns-Manville Corporation, an asbestos producer facing multiple lawsuits and possible liability of $2 billion for asbestos relating personal injury and illnesses. Given the number and complexity of the court filings relating to the personal injury suits, the court, under those circumstances allowed an extension of the exclusivity period…a significant departure from the facts in this case.

if a resolution of litigation is crucial to any plan, no one, neither the debtor nor a creditor, will be able to propose such a plan until the verdict comes in. "While the court can understand that it might be more convenient to know the results of the litigation, it does not seem that this Chapter 11 proceeding must be placed in limbo until that time." *All Seasons Industries*, 121 B.R. at 1005.

## **Argument**

10. The Debtor requests an extension of its exclusive period to file a plan of four additional months. The Debtor does not need any extension of the exclusive periods and its reliance upon the pendency of litigation as cause to support such a request lacks credibility. The Debtor has had many months to seek to retain a broker, market the real property and make progress towards reorganization. Other than filing an application to retain a broker last week, the Debtor has failed to do anything else in four months. Under these circumstances, creditors should not be held hostage by exclusivity.

## **Conclusion**

For the foregoing reasons, no extension of exclusivity is appropriate under the facts and circumstances of this case. The Debtor can file its plan anytime it wishes to do so and creditors should not be precluded from exercising whatever rights they deem appropriate under the circumstances, including filing their own plan if they deem it to be in their interests. Cause does not exist in this case for the requested extension of exclusivity and the Motion should be denied.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL,**
**PORDY & ECKER, P.A.**

By:    /s/ Michael J. Lichtenstein
       Michael J. Lichtenstein (Bar No. 05604)
       12505 Park Potomac Avenue, Sixth Floor
       Potomac, Maryland 20854
       TEL:   (301) 230-5231
       FAX:   (301) 230-2891
       Email: mjl@shulmanrogers.com

*Counsel for PD Hyde Field LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of **PD Hyde LLC's Opposition to Debtor's Motion for an Order Enlarging Exclusivity Period to File Plan of Reorganization and Obtain Acceptance Pursuant to 11 U.S.C. § 1121(d) and proposed Order** will be served electronically by the Court's CM/ECF system on the following:

    Bradford F. Englander benglander@wtplaw.com, rodom@wtplaw.com
    Bruce W. Henry bwh@henrylaw.com, kmo@henrylaw.com,
    jtm@henrylaw.com, mbp@henrylaw.com
    Nicole C. Kenworthy bdept@mrrlaw.net
    Jeffery Thomas Martin jtm@henrylaw.com, mbp@henrylaw.com
    M. Evan Meyers bdept@mrrlaw.net
    L. Jeanette Rice Jeanette.Rice@usdoj.gov,
    USTPRegion04.GB.ECF@USDOJ.GOV
    Jeffrey L. Tarkenton Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,
    pascal.naples@wbd-us.com, morgan.patterson@wbd-us.com,
    matthew.ward@wbd-us.com
    US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV
    Jacob Christian Zweig jzweig@evanspetree.com, crecord@evanspetree.com

       /s/ Michael J. Lichtenstein
       Michael J. Lichtenstein

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ZACHAIR, LTD. | ) | Case No. 20-10691-TJC |
| | ) | Chapter 11 |
| **Debtor** | ) | |

**ORDER DENYING DEBTOR'S MOTION FOR AN ORDER ENLARGING
EXCLUSIVITY PERIOD TO FILE PLAN OF REORGANIZATION
AND OBTAIN ACCEPTANCE PURSUANT TO 11 U.S.C. § 1121(d)**

Upon consideration of Debtor's Motion for an Order Enlarging Exclusivity Period to File Plan or Reorganization and Obtain Acceptance Pursuant to 11 U.S.C. § 1121(d) (the "Motion"), and the Opposition filed by PD Hyde LLC thereto, it is hereby

**ORDERED**, that the Motion be, and the same is hereby, DENIED.

Copies to:

Michael J. Lichtenstein, Esquire
Shulman, Rogers, Gandal,
 Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854

Bradford F. Englander, Esq.
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

Sandy Spring Bank
c/o Bruce Henry, Esq.
300 N Washington Street, Suite 204
Alexandria, VA 22314

Office of the United States Trustee
305 Ivy Lane, Suite 600
Greenbelt, MD 20770