**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Zachair, Ltd.** | ) | **Case No. 20-10691-TJC** |
| | ) | |
| **Debtor.** | ) | **Chapter 11** |
| | ) | |

**MOTION FOR ORDER UNDER 11 U.S.C. § 327(e) AUTHORIZING**
**EMPLOYMENT AND RETENTION OF WOMBLE BOND DICKINSON**
**(US) LLP AS SPECIAL COUNSEL FOR DEBTOR-IN-POSSESSION**

Zachair, Ltd., debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves (the "Motion") for entry of an order under 11 U.S.C. § 327(e) authorizing the employment and retention of Womble Bond Dickinson (US) LLP ("WBD") as special counsel for the Debtor.  In support of this Motion, the Debtor refers to and relies upon the Declaration of Jeffrey L. Tarkenton in Support of the Motion (the "Retention Declaration"), filed contemporaneously herewith, and respectfully represents as follows:

**I.        Jurisdiction and Venue**

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.        The statutory predicate for the relief sought herein is section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  Relief is also appropriate under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## II.     Background

3.      On January 17, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues in possession of its assets as debtor-in-possession.  No trustee, examiner, or official committee of unsecured creditors has been appointed to date.

4.      The Debtor owns real property in Prince George's County, Maryland (the "Property").

5.      Prior to the Petition Date, PD Hyde, LLC filed a complaint against the Debtor and Dr. Nabil Asterbadi in the Circuit Court for Prince George's County, Maryland (the "Circuit Court") in connection with a contract to purchase the Property (the "Lawsuit").  Dr. Asterbadi and his wife, Maureen Asterbadi, own all of the equity interests in the Debtor as tenants-by-the-entireties.

6.      Prior to the Petition Date, the law firm of Meyers Rodbell & Rosenbaum PA ("MRR") represented both the Debtor and Dr. Asterbadi in the Lawsuit.  Following the Petition Date, MRR filed a motion seeking leave to withdraw from the representation of Dr. Asterbadi, which the Circuit Court granted.  MMR remains counsel of record in the Lawsuit on behalf of the Debtor. However, the Lawsuit remains subject to the automatic stay and the Debtor has not filed an application for approval of the retention of MRR.

7.      The Debtor and Dr. Asterbadi have requested WBD to represent them in the Lawsuit.

### III.    Relief Requested

8.    By this Motion, the Debtor seeks to employ and retain WBD to represent the Debtor as special counsel in connection with its Chapter 11 case.

### IV.    Services Rendered as 327(e) Counsel

9.    Subject to approval by this Court, the special counsel services that WBD proposes to render post-petition are to act as its litigation counsel in connection with the lawsuit filed against it by PD Hyde, LLC and to render services as conflicts counsel on other, as yet to be identified matters, if necessary.

10.    Subject to the Court's approval of this Motion, WBD intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary expenses and other charges that WBD incurs.  All hourly rates may be adjusted periodically, typically on October 1st of each year, as a function of the overall pricing policies of WBD.

11.    Hourly rates vary with the experience and seniority of the individuals assigned.  WBD's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to this Chapter 11 case and are believed to be reasonable.

12.    WBD's hourly billing rates range from $265 to $710 per hour for associates and $325 to $925 per hour for the partners of the firm.  The rate for paralegals is $50 to $475.  The following professionals are presently expected to

have primary responsibility for providing services to the Debtor with current applicable rates as follows:

| | |
|---|---|
| Jeffrey L. Tarkenton | $690.00 |
| Louis Rouleau | $685.00 |
| Chris Schafbuch | $390.00 |

13.     WBD will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement, which may include, but are not limited to, filing fees with courts and governmental agencies, delivery and courier service charges, administrative fees for extraordinary accounting services, long distance telephone calls, cellular phone charges, photocopy expenses (if provided by a third party vendor), parking costs, facsimile charges, expert fees, court report and deposition transcript charges, witness fees, process server fees, and travel expenses, including by not limited to airfare, mileage, food, and lodging.

14.     WBD will maintain detailed and contemporaneous records of time entries, as well as any actual and necessary expenses incurred in connection with the rendering of legal services not otherwise absorbed by the firm. All of WBD's fees and expenses incurred during this Chapter 11 case will, except as may otherwise be ordered by the Court, be subject to approval of the Court upon proper application by WBD in accordance with sections 330 and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016(a), the fee and expense guidelines established by this Court and the Bankruptcy Administrator, and all other applicable requirements. WBD understands that interim and final fee awards are subject to approval by this Court.

15.    To secure payment of fees and costs as may be allowed by the Court, WBD requires the delivery of a retainer in the amount of $70,000.00 (the "Retainer"). The Retainer will secure solely those fees and costs allowed as to the Debtor, not fees or costs incurred by Dr. Asterbadi.

16.    Although many activities in connection with the Lawsuit will be common as between the Debtor and Dr. Asterbadi, WBD will maintain separate charge categories for services that allocable to one or the other client. The propriety of WBD's allocation of charges between the Debtor and Dr. Asterbadi will be subject to review and approval of the Court in connection with any fee application filed by WBD.

17.    Prior to the Petition Date, WBD represented the Debtor predominantly regarding real estate matters relating to the Property.

18.    As of the Petition Date, WCSR believes that the Debtor owes approximately $178,348.47 for legal services rendered and expenses incurred before the Petition Date.

19.    At various times prior to the filing of this case, WCSR invoiced the Debtor for its pre-petition legal services. The total amounts received for pre-

petition legal services and expenses rendered by WCSR in the 90-days prior to the

Petition Date, including through the draw-down of retainer funds, was $0.

**V.      Requirements of Section 327(e)**

20.      Bankruptcy Code section 327(e) states:

> The trustee, with the court's approval, may employ, for
> a specified special purpose, other than to represent the trustee
> in conducting the case, an attorney that has represented the
> debtor, if in the best interest of the estate, and if such attorney
> does not represent or hold any interest adverse to the debtor or
> to the estate with respect to the matter on which such attorney
> is to be employed.

11 U.S.C.§ 327(e).

21.      Attorneys retained pursuant to section 327(e) of the Bankruptcy

Code must establish that (1) the attorney has already represented the debtor; (2)

the attorney is being retained for a special purpose; (3) the retention of the

attorney is in the best interest of the debtor's estate; and (4) the attorney has no

conflict of interest concerning the matter for which the attorney is being retained.

Id.  See also In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del.

2005).

22.      Retention of an attorney under Bankruptcy Code section 327(e)

does not require the same searching inquiry required for a debtor to retain general

bankruptcy counsel.  See, e.g., In re West Delta Oil Co., Inc., 432 F.3d 347, 357

(5th Cir. 2005) ("special counsel employed under § 327(e) need only avoid

possessing interests 'adverse to the debtor or to the estate *with respect to the*

*matter on which such attorney is to be employed*.'") (emphasis added; internal citations omitted). "Subsection [327(a)] restricts retention of lawyers and other professionals to those who do not hold or represent an interest adverse to the estate and are disinterested. Subsection [327(e)] permits employment of an attorney 'for a specified special purpose,' so long as the attorney does not hold or represent 'any interest adverse to the debtor or to the estate with respect to the matter' on which he is to be employed." Century Indem. Co. v. Congoleum Corp. (In re Congoleum Corp.), 426 F.3d 675, 688-689 (3d Cir. N.J. 2005). See also In re Polaroid Corp., 424 B.R. 446, 453 (Bankr. D. Minn. 2010) (section 327(e) only disqualifies counsel when they have conflicts related to the matter on which the attorney is to be employed); In re J.S. II, LLC, 371 B.R. 311 (Bankr. N.D. Ill. 2007) (section 327(e) has more relaxed conflict of interest standard than section 327(a)); In re EBW Laser, Inc., 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005) (counsel not disqualified under section 327(e) because it holds prepetition claim); In re Servico, Inc., 149 B.R. 1009 (Bankr. S.D. Fla. 1993) (no violation of section 327(e) because receipt of the alleged preferential payment did not cause the law firm to hold any interest adverse to the debtor or the estate on the matter on which it was employed).

23.     Based upon the Retention Declaration, the Debtor believes that WBD does not hold or represent any interest adverse to the Debtor with respect to the matters for which WBD is to be employed.

7

24.     The Debtor further believes that the employment of WBD as special counsel would be in the best interests of the Debtor and its estate, with compensation to be determined upon application to this Court.

## VI.     Conclusion

Wherefore, the Debtor respectfully requests the Court to enter an Order (1) approving the employment of Womble Bond Dickinson (US) LLP to represent the Debtor as special counsel in the bankruptcy case, and (2) granting such further relief as the Court may deem necessary and proper.

Dated: September 17, 2020                    WHITEFORD TAYLOR & PRESTON, LLP


                                             */s/ Bradford F. Englander*
                                             Bradford F. Englander, Esq., Bar No. 11951
                                             David W. Gaffey (admitted pro hac vice)
                                             3190 Fairview Park Drive, Suite 800
                                             Falls Church, Virginia 22042
                                             Telephone: (703) 280-9081
                                             Facsimile: (703) 280-3370
                                             Email:  benglander@wtplaw.com

                                             *Counsel for the Debtor*