IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **Zachair, Ltd.** ) | Case No. 20-10691-TJC |
| ) | |
| **Debtor.** ) | Chapter 11 |
| ) | |

**DECLARATION OF JEFFREY L. TARKENTON IN SUPPORT OF MOTION FOR ORDER UNDER 11 U.S.C. § 327(e) AUTHORIZING EMPLOYMENT AND RETENTION OF WOMBLE BOND DICKINSON (US) LLP AS SPECIAL COUNSEL FOR DEBTOR-IN-POSSESSION**

I, Jeffrey L. Tarkenton, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a partner with the law firm of Womble Bond Dickinson (US) LLP ("WBD"), with offices located at 1200 19th Street, NW, Washington, DC 20036. I am an attorney duly admitted to practice in the United States District Court for the District of Maryland.

2. I submit this Declaration in support of the *Motion for Order under 11 U.S.C. § 327(e) Authorizing Employment and Retention of Womble Bond Dickinson (US) LLP* (the "Motion"). By the Motion, the above-captioned debtor and debtor-in-possession (the "Debtor") seeks to employ and retain WBD as special counsel to represent it in a lawsuit (the "Lawsuit") filed against it and Dr. Nabil Asterbadi by PD Hyde, LLC in Prince George's County, Maryland and, if necessary, as conflicts counsel. Dr. Asterbadi has also requested that WBD represent him in the Lawsuit. The Debtor seeks to retain WBD at WBD's normal hourly rates in effect at the time services are rendered, and in accordance with WBD's normal expense reimbursement policies, pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

3. WBD has a large and diversified legal practice and has substantial experience in, corporate law, litigation, real estate, secured lending, finance, taxation, and other fields.

4. WBD represented the Debtor prepetition principally in connection with its real estate matters.

5. WBD does not hold or represent any interest adverse to the Debtor or its estate with respect to the matters in which WBD is to be employed.  However, WBD has represented Dr. and Mrs. Asterbadi in connection with the filing of their proofs of claim in the Debtor's bankruptcy case together with providing other advice in connection with the bankruptcy case. Upon WBD's retention by the Debtor, WBD will cease representing Dr. and Mrs. Asterbadi in any matter other than the representation of Dr. Asterbadi in theLawsuit.

6. As of the Petition Date, WBD believes that the Debtor owes approximately $178,348.47 for legal services rendered and expenses incurred before the Petition Date.  I understand that WBD will not receive payment of this amount from the Debtor except as may be provided through the Debtor's bankruptcy proceeding.  WBD's status as an unsecured creditor in this case will not affect WBD's ability to represent the Debtor as special counsel.

7. Because WBD has represented Dr. and Mrs. Asterbadi in the Debtor's bankruptcy case and because WBD holds an unsecured claim, WBD has requested that the Debtor and Dr. and Mrs. Asterbadi execute a conflict waiver.  WTP has reveiwed and approved the conflict waiver on behalf of the Debtor.

8. At various times prior to the filing of this case, WBD invoiced the Debtor for its pre-petition legal services.  WBD received no payment for pre-petition legal services and expenses in the 90-days prior to the Petition Date.

9. The services to be performed by WBD shall not be duplicative of the functions being performed by the Debtor's bankruptcy counsel, Whiteford Taylor & Preston ("WTP"), as WBD's services are limited to non-bankruptcy matters, either as litigation counsel with respect to the lawsuit filed by PD Hyde LLC, or as conflicts counsel.  WBD believes that the functions of each law firm are clearly delineated, nonetheless, WBD will work closely with WTP, as bankruptcy counsel to the Debtor, to ensure that there is no duplication of efforts and that the work being performed by WBD on behalf of the Debtor is in the best interests of the estate.

10. Subject to the Court's approval of the Motion, WBD intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary expenses and other charges that WBD incurs.  All hourly rates may be adjusted periodically, typically on October 1st of each year, as a function of the overall pricing policies of WBD.

11. Hourly rates vary with the experience and seniority of the individuals assigned. WBD's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to this Chapter 11 case, and I believe they are reasonable.

12.  WBD's hourly billing rates range from $265 to $710 per hour for associates and $325 to $925 per hour for the partners of the firm.  The rate for paralegals is $50 to $475.  The following professionals are presently expected to have primary responsibility for providing services to the Debtor with current applicable rates as follows:

| Jeffrey L. Tarkenton | $690.00 |
| --- | --- |
| Louis Rouleau | $685.00 |
| Christopher Schafbuch | $390.00 |

13. No promises have been rendered by or to WBD as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. WBD has made no agreement with any other person (other than customary arrangement among the partners of WBD) for the sharing of compensation to be received by WBD in connection with services rendered in this case.

14. In connection with preparing this Supplemental Declaration, WBD submitted the names of known individuals and entities that may be parties-in-interest in the bankruptcy case (the "Parties-in-Interest") that was provided to WBD by the Debtor for review in the computerized conflict database system maintained by WBD. The list of Parties-in-Interest is attached hereto as Exhibit 1. WBD maintains and systematically updates its computerized conflict check system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system maintained by WBD is designed to include every matter on which the firm is now or has been engaged, the person or entity for which the firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of WBD that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by WBD.

15. Although WBD from time to time has represented and in the future may represent various entities that are creditors of the Debtor or otherwise had or have an interest in the Debtor's bankruptcy case in matters wholly unrelated to the matters upon which WBD seeks

4

retention as special counsel, WBD will not represent those creditors or parties in connection with the Debtor's bankruptcy case, absent further disclosure and to the extent that would be permissible under the Bankruptcy Code.

16. The Parties-in-Interest (or their affiliates) identified on Exhibit 2 hereto are either currently or were previously represented by WBD in matters unrelated to the matters for which the Debtor seeks to retain WBD. WBD reserves the right to supplement this Declaration should it discover further pertinent relationships that require disclosure in this case.

17. As noted on Exhibit 2, WBD currently represents Dr. and Mrs. Asterbadi in certain matters in the Debtor's bankruptcy case. Dr. and Mrs. Asterbadi own jointly, as tenants-by-the-entireties, all of the equity interests in the Debtor.

To the best of my knowledge, neither WBD nor any attorney associated with or employed by WBD has any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Parties-in-Interest, except to the extent set forth herein and on Exhibits A and B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


September 14, 2020                          *Jeffrey L. Tarkenton*
                                            Jeffrey L. Tarkenton


5