IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
**Greenbelt Division**

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| ZACHAIR, LTD., | : | Case No.  20-10691-TJC |
| | : | Chapter   11 |
| Debtor(s) | : | |
| | : | |

## MOTION FOR ENTRY OF SCHEDULING ORDER
## AND REQUEST FOR HEARING

COMES NOW, Sandy Spring Bank ("SSB"), by counsel, and files this motion seeking entry of a proposed scheduling order providing for the scheduling of pre-trial discovery and preparation in regards to a one-day trial currently pending before this Court on October 23, 2020 in this case. SSB requests a hearing and represents as follows in support of its motion.

1. The debtor Zachair, Ltd. ("Debtor" or "Zachair") is before this Court pursuant to a voluntary petition filed under Chapter 11 of the Bankruptcy Code on January 19, 2020 (the "Petition Date"). Zachair has continued in possession of its property and affairs since the Petition Date and is conducting its business as a Debtor in Possession.

2. The Debtor's principal asset is certain real property consisting of approximately 423.45 acres situated in Prince Georges County, Maryland (the "Property") as the same is identified or referenced at Schedule A/B 55.1 of the bankruptcy schedules filed by Zachair in this case.

3. SSB is a secured creditor herein, holding a claim in the approximate amount of $2.4 million secured by a first priority deed of trust recorded against the Property.

4. On September 8, 2020, the Debtor filed a motion with this Court seeking approval of certain proposed DIP financing (Dkt. #107, hereinafter referred to as the "DIP Motion") under

which the Debtor seeks, *inter alia*, to prime the first priority lien of SSB as to the Property. The DIP Motion alleges that the Debtor requires funds to i) pay professionals and other administrative expenses, ii) pay marketing costs associated with the Property, and iii) fund the apparent development of the Property through the prosecution of entitlements.

5. Until the filing of the DIP Motion, SSB had been cooperative with the Debtor under the belief that some reasonably imminent sale of the Property was being actively pursued. SSB consented to the Debtor's use of cash collateral and did not make objection to the Debtor's requests to extend the exclusive period. However, while counsel for SSB was advised that the Debtor was seeking post-petition financing, he was not advised of the Debtor's intent to seek a priming DIP loan until the actual filing of the DIP Motion on September 8.

6. The DIP Motion seeks to prime SSB's first priority deed of trust with what is essentially a "hard money" loan providing for $1.5 million in funding, bearing true interest costs of between fifteen and twenty percent (15-20%), and providing for a repayment period of *up to two full years*. Essentially, the Debtor is seeking funding to carry out the proposed development, marketing and *possible* sale of the Property over a period of up to two years, all without having filed a Plan or a Disclosure Statement. SSB objects to the Debtor's proposal to prime their first priority lien against the Property and intends to file a written objection and oppose the DIP Motion at final hearing. The Debtor's proposal seeks to shift the economic risk of development of the property to SSB after many years of abject failure by the Debtor to move forward with development entitlements pre-petition. It is also noteworthy that the principals of the Debtor, Dr. and Mrs. Asterbadi, took millions of dollars out of the Debtor generated by the dirt surcharge operations described below, rather than using. the funds to prepare the site for development. The

amended Statement of Financial Affairs indicates that they received over $800,000 in the year before filing the petition alone.

7. The DIP Motion's proposal to obtain approval of its request to prime SSB's lien relies, in part, upon an appraisal obtained by the Debtor which provides a purported valuation of the Property at over twenty million dollars ($20,000.000.00). If this is even remotely correct, there is no reason for the DIP lender to request a priming loan. However, upon closer examination, the appraisal relies upon a number of assumptions, many of which were labeled "extraordinary assumptions." The appraisal assumptions raise significant questions and concerns and include the following:

  a. The appraisal makes the extraordinary assumption that the current COVID pandemic and related crisis and governmental response have no material affect upon the marketability or the market price of the Property.

  b. The appraisal also makes the assumption that there are no existing geo-technical or soils related problems that would affect the value or development potential of the Property. This is of material significance because the northern half of the Property was subject to surface mining for many years, and over the past several years has been conducting surcharge fill operations under which fill from third party sites has been received and dumped onto the mined portions of the Property.

  c. The appraisal also makes the assumption that there are no environmental issues affecting the Property. Upon information and belief, there are no environmental studies or evaluations of the Property made subsequent to the timing of the bulk of the surcharge operations.

8.	SSB's concerns and objections are many and involved. The DIP Motion, the Debtor's appraisal, and the apparent lack of any other informative testing or analysis of the Property raise material questions that need to be reviewed in the context of the DIP Motion.

9.	SSB and the Debtor have negotiated by and through counsel as to a proposed scheduling order, under which, time for discovery responses would be materially shortened, SSB would have sufficient time to engage and present potential expert witnesses, and other pre-trial matters would be scheduled in the ordinary course. While the parties were able to reach agreement on some matters, they are unable to reach final agreement on the content of a proposed scheduling order. This is necessary solely because of Debtor's insistence that this matter essentially be tried on an expedited basis. The real lessons learned from the negotiation of the scheduling order is twofold: first, that the October 23 trial date is not realistic, and second, that one day may well not be sufficient time for a trial. Counsel for SSB respectfully suggests that the trial schedule needs to be reconsidered by the parties and the Court.

10.	SSB has attached a proposed Scheduling Order as **Exhibit A** hereto. Upon information and belief, the parties are in agreement as to paragraphs 1, 4, 5 and 7 through 13.[1] The parties are in disagreement as to at least portions of paragraphs 2, 3 and 6.

11.	SSB represents that the attached Scheduling Order is reasonable, in that, it permits prompt production of documents required by SSB to evaluate the DIP Motion, and ii) permits SSB and all other parties a reasonable time period within which to potentially engage and provide for the work of their own expert witnesses.

---

[1] It is important to note, however, that the Scheduling Order attached hereto *does* reflect active negotiation by and agreement between the parties. By way of example, SSB originally requested the ability to serve interrogatories and requests for admission, but has agreed at par. 4 to forego these discovery vehicles in light of the shortened time frame to prepare for trial.

4

12.     Counsel for SSB (both Mr. Henry and Mr. O'Donnell) are travelling on Friday, September 25, 2020. Counsel to the Debtor (Mr. Englander) is travelling on Monday, September 28, 2020. Accordingly, SSB requests that this Court schedule a telephonic hearing on this motion for Tuesday, September 29, 2020, if available.

WHEREFORE, SSB prays that the Court adopt and enter the attached proposed Scheduling Order herein, and that SSB have such other and further relief as this Court may deem just.

**SANDY SPRING BANK**
**By Counsel**

/s/ Bruce W. Henry
Bruce W. Henry, #05873
Kevin M. O'Donnell
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 204
Alexandria, VA  22314
(703) 548-2100
(703) 548-2105 (fax)
bwh@henrylaw.com
Counsel to Sandy Spring Bank

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on September 24, 2020, I served a true and correct copy of the foregoing Motion by ECF notification to:

    Bradford F. Englander (benglander@wtplaw.com; rodom@wtplaw.com)
    Michael J. Lichtenstein (mjl@shulmanrogers.com)
    tlockwood@shulmanrogers.com)
    M. Evan Meyers (bdept@mrrlaw.net)
    L. Jeanette Rice (Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV)
    Jeffrey L. Tarkenton (Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbdus.com,pascal.naples@wbd-us.com,morgan.patterson@wbdus.com,matthew.ward@wbd-us.com)
    US Trustee - Greenbelt (USTPRegion04.GB.ECF@USDOJ.GOV)

        /s/ *Bruce W. Henry*
        Bruce W. Henry

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At Greenbelt

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| ZACHAIR, LTD., | : | Case No. 20-10691-TJC |
| | : | Chapter 11 |
| Debtor(s) | : | |
| | : | |

**CONSENT SCHEDULING ORDER**

For good cause, and it appearing that the parties consent to the entry of this order as evidenced by the endorsement of counsel below, IT IS ORDERED

1. Written objections to the Debtor's motion shall be filed no later than October 9, 2020. Any reply memorandum shall be filed no later than October 16, 2020.

2. Expert witnesses and reports are to be disclosed and furnished not later than October 16, 2020, with any rebuttal witnesses and reports to be disclosed and furnished by October 20, 2020. The parties acknowledge that the expert appraisal report of William C. Harvey has been available on the docket since July 20, 2020, and is deemed to have been served.

3. Document production may be made pursuant to Rule 34 of the Fed. Rules of Civ. Procedure or by subpoena. Except for supplemental requests for production with respect to expert witnesses, any request for production of documents or subpoena shall be served no later than September 30, 2020 and shall be responded to within seven (7) days of service. Any supplemental request for production of, or related to,

an expert witness whose report is not provided on or before September 28, 2020, shall be served within two (2) business days following delivery of such expert's report, and responses to such requests shall be responded to within two (2) business days following service of such supplemental requests. Service of document requests, however made, may be served upon counsel to a party via email.

4. No Interrogatories or Requests for Admissions shall be permitted.

5. The parties shall meet and confer to determine depositions required herein, and shall cooperate to schedule depositions on a timely basis. Depositions may be conducted through and including the date of October 19, 2020.

6. The Debtor shall file a preliminary witness list by Monday, September 28, 2020. Exhibits proposed for use at hearing shall be filed no later than October 21, 2020, consistent with provisions for virtual hearings found at https://www.mdb.uscourts.gov/sites/default/files/TJC06082020.pdf. A copy of exhibits, tabbed for identification of individual exhibits, will be delivered to chambers and exchanged between undersigned counsel to the parties at least 24 hours prior to the commencement of the hearing. A list of witnesses shall be likewise be filed by each party no later than October 21, 2020.

   **IF EXHIBITS ARE NOT PRE-FILED AS REQUIRED BY THIS ORDER, THEY MAY BE EXCLUDED FROM EVIDENCE.**

7. The parties shall meet and confer, and shall cooperate in order to determine undisputed facts relating to the motion, and shall file not later than twenty-four (24) hours prior to hearing a set of stipulations of fact to be relied upon at hearing.

8. All objections to exhibits are preserved for trial.

9. All rights with respect to execution of a confidentiality or protective order, and filing of documents under seal, are preserved.

10. A final pre-trial conference will be held on October 5, 2020 at 3:00 P.M.

11. Trial time estimate: One (1) day.

12. TRIAL IS SET FOR: October 23, 2020 at 10:00 A.M.

13. Copies of all pleadings are to be served on the Office of the U.S. Trustee,

WE ASK FOR THIS:

/s/ Bruce W. Henry
Bruce W. Henry, #05873
Kevin M. O'Donnell
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 204
Alexandria, VA  22314
(703) 548-2100
(703) 548-2105 (fax)
bwh@henrylaw.com
Counsel to Sandy Spring Bank


/s/ [draft]
Bradford F. Englander
WHITEFORD TAYLOR
3190 Fairview Park
Suite 800
Falls Church, VA 22042
(703) 280-9081
benglander@wtplaw.com
Counsel to the Debtor


/s/ Michael J. Lichtenstein
Michael J. Lichtenstein
SCHULMAN ROGERS
12505 Park Potomac Avenue
Sixth Floor
Potomac, MD 20854
(301) 230-5231
mjl@schulmanrogers.com
Counsel to PD Hyde Field, LLC


**End of Order**