Entered: October 8th, 2020
Signed: October 8th, 2020
**SO ORDERED**



**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | ) |
| | ) |
| Zachair, Ltd., | )   Case No.:  20-10691-TJC |
| | ) |
| Debtor. | )   Chapter 11 |
| | ) |

## STIPULATED PROTECTIVE ORDER

Zachair, Ltd. (the "Debtor"), the debtor and debtor in possession in the above captioned case, Sandy Spring Bank ("Sandy Spring"), and PD Hyde Field LLC ("PD Hyde Field") have requested this Court enter this Stipulated Protective Order (the "Protective Order") governing the discovery of certain confidential information in connection with the *Debtor's Motion Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364; 507 and Fed. R. Bankr. P. 2002, 4001 And 9014; and Local Bankruptcy Rules 4001-4 and 4001-5; (I) Authorizing the Debtor To Obtain Postpetition Financing, (II) Granting Liens And Super-Priority Claims, (III) Granting Adequate Protection To Prepetition Secured Lender, (IV) Modifying The Automatic Stay, and (V) Granting Related Relief* (the "Motion").  Pursuant to 11 U.S.C. § 105, Rules 9014, 7026 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 26(c) of the Federal Rules of Civil Procedure (the "Civil Rules"), and Rule 502 of the Federal Rules of Evidence (the "Evidence Rules"), and for good cause appearing, it is hereby ORDERED:

    **1.** **Scope of Order**. This Protective Order governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, discovery responses, and other information, which is deemed Confidential (as defined below) including all copies, excerpts and summaries thereof (collectively, the "Confidential Material") produced or given by any party or non-party (the "Producing Party") to another party (the "Receiving Party") in connection with any discovery conducted in connection with Debtor's motion for approval of debtor-in-possession financing [clerk's docket no. 107] (the "DIP Motion") and any response thereto, including, without limitation, deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). This Protective Order does not apply to information or Discovery Materials lawfully possessed by a non-designating party prior to the commencement of the Bankruptcy Case or any publicly disclosed information.

    **2.** **Non-Disclosure of Protected Confidential Material**. Except with the prior written consent of the Producing Party, any Discovery Material that the producing party or entity designates as "Confidential" shall be treated as "Confidential Material" and shall not be disclosed to any person or used for any purpose, except as expressly permitted as described herein. All Confidential Material shall be used only for the purpose of the above-captioned bankruptcy case (the "Bankruptcy Case") (including any appeals), and shall not be used, revealed or disclosed for any other purpose, including any other business, competitive, personal, private, public, or other purpose.

**3.      Designating Materials.**

a.      A party shall designate information, documents or things as "Confidential" only after a good faith evaluation and belief that such documents and/or things are, in fact, entitled to such protection under law.

b.      Except as otherwise provided herein, a designation of "Confidential" shall be made by stamping (or affixing) "Confidential" on each page of the Discovery Material to be treated as confidential or otherwise expressly indicating that the Discovery Material shall be treated as Confidential Material. "Confidential" information means information, documents, or things (including transcripts) that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises: (i) personal information of third parties, including financial information, (ii) proprietary business information, including but not limited to non-public information related to the sale of the Debtor's real property, (iii) information invasive of a person's legitimate privacy interests, or (iv) or other information for which a good faith claim of need of protection from disclosure can be made under the Civil Rule 26.

c.      The terms of this Protective Order shall apply to any Discovery Material that was produced prior to the entry of this Protective Order.

d.      To expedite discovery in connection with the Motion, the Debtor intends to make available to requesting parties documents that are stored in the online data room maintained by the Debtor's broker, Fraser Forbes (the "Data Room"). Documents in the Data Room may exceed the scope of the requests for production, or the documents that the Debtor believes are properly produced. To facilitate discovery, all documents now or hereafter located in the Data Room shall be deemed to have been designated by the Debtor as Confidential Material without the need for stamping or affixing any "Confidential" label.

   e. If the Confidential Material is non-documentary in nature, (for example, a computer, cd-rom, zip drive, diskette, compact disk, physical exhibit or other thing), the designations shall be placed either on the physical exhibit or thing itself or on the case, container or envelope containing the Confidential Material.

   f. The failure of a party to designate Discovery Material as Confidential Material shall not constitute, or have the effect of, a waiver of any later claim that such Discovery Material or any similar Discovery Material should be treated as Confidential Material and the parties reserve the right to demand the return of any such protected information and all copies thereof. Good faith disclosure of such Discovery Material by any party prior to such later designation, however, shall not be deemed a violation of the provisions of this Protective Order.

   f. If a Producing Party becomes aware that the production of Discovery Material was not designated as Confidential Material, the Producing Party shall promptly provide written notice of such production to the Receiving Party. Absent objection by the Receiving Party within five (5) business days of receipt of such notice, the Producing Party may designate such Discovery Material as Confidential Material and the parties will treat it as such.

   g. Recognizing that it is more burdensome and expensive for a party to handle documents and information designated Confidential, the parties agree not to overuse and abuse these designations. If any party concludes that particular Confidential Material should not be treated as Confidential Material in accordance with the terms of this Order, that party shall so notify the Producing Party in writing and state the basis for this conclusion. The parties shall expeditiously attempt to agree, in writing, that the Discovery Materials are or are not entitled to Confidential Material treatment. If the parties are unable in good faith to agree within a reasonable time, not to exceed five (5) business days, the Receiving Party may thereafter file a motion with the Court to remove from protection as Confidential Material the material in dispute. The Producing Party shall have an opportunity to respond to any such motion and set forth the

reasons that the designated documents and/or things are, in fact, entitled to such protection. Pending resolution of the party's negotiations or the Court's decision on such motion, the document or thing at issue shall continue to be afforded full protection as Confidential Material.

    **4.** **Permissible Disclosure of Confidential Material**.  Except as otherwise provided herein, Confidential Material shall not be disclosed to anyone other than those persons listed below, but then only for purposes related to the Bankruptcy Case:

    a.    the Court (including any appellate court) and its officers, court reporters, interpreters, and other Court personnel serving similar functions in this action;

    b.    those attorneys, paralegals and staff of the parties' attorneys and of the respective law firms of the attorneys and their outside vendors who are engaged in the conduct of this matter;

    c.    persons retained, or in good faith being considered for retention, with respect to the Bankruptcy Case by the respective parties as independent experts and/or expert witnesses;

    d.    the parties;

    e.    witnesses including at deposition or trial; and

    f.    other persons, as agreed to in writing or on the record by all parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Confidential Material in order to prosecute the Bankruptcy Case, including investigating the Debtors' claims.

    **5.** **Depositions**.  Notwithstanding anything to the contrary, any party may show to a deponent at a deposition Confidential Material as long as the documents and relevant portions of the deposition transcript are designated as "Confidential."  The showing to a deponent of Confidential Material pursuant to any provision of this Protective Order shall not otherwise affect the status and treatment of such Confidential Material.  If the Confidential Material is used

in connection with a deposition, then a party may designate all or any portion of that deposition as "Confidential" by sending, within seven (7) business days after receiving a copy of the deposition transcript or thirty (30) days after the date of the deposition testimony, whichever is earlier, a written notice to all counsel and to the witness, setting forth the page and line numbers of the portions of the transcript to be so designated.  The designating party shall label the relevant pages of all such designated transcripts in their possession with the appropriate legend.  The "Confidential" designated portions of the record shall then be treated as part of the Confidential Material described herein.  A party may not "blanket" designate an entire deposition confidential, but only those parts that disclose the confidential information.

      **6.** **<u>Hearings or Trial</u>.**  Subject to the requirements of the Evidence Rules, made applicable by the Bankruptcy Rules, nothing herein shall restrict the presentation of any evidence to the Court at trial or any other hearing in this action; provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order, and the parties shall take reasonable steps to maintain the confidentiality of Confidential Material at trial or any other hearing in this Bankruptcy Case in such manner as the Court may direct.  A party that intends to present Confidential Material at a hearing or trial will either (a) obtain the advance written consent to such use from the Producing Party (through the Producing Party's counsel, including via email or other electronic transmission), or (b) seek leave of the Court to use such Confidential Material or any substantive references thereto at such trial or hearing under seal, provided that, to the extent such Confidential Materials are being used in a pleading, such Receiving Party may contemporaneously file a pleading with the Court in redacted form with the Confidential Material redacted, as further set forth in paragraph 7 below.  Subject to any scheduling or pretrial order requiring the pre-filing of exhibits, requests to use Confidential Materials may be made during the hearing on the DIP Motion.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at any hearing

or trial in this Bankruptcy Case.

7. **Pleadings and Other Court Filings**.  Counsel for any party wishing to file Confidential Material with a motion or pleading shall file such documents with the Court with the confidential information matter redacted, and affix a statement on the pages where the redactions appear with the following:

"CONFIDENTIAL – SUBJECT TO COURT ORDER"

Counsel may provide an unredacted courtesy copy to the judge and counsel.

8. **Duty to Inform**.  Prior to disclosure of an opposing party's Confidential Material to any officer, employee or in-house counsel of any party; any expert/expert witness; or any other person, pursuant to paragraph 4, counsel for the party seeking to make such disclosure shall inform each such officer, employee, in-house counsel, person or expert/expert witness that the Confidential Material is confidential and may not be disclosed or used except as provided in this Order.  Furthermore, prior to disclosure of any Confidential Material to such officer, employee, in-house counsel, person or expert, the officer, employee, in-house counsel, person or expert shall first read this Order and sign a copy of the Confidentiality Agreement attached hereto as **Exhibit A** and thereby become subject to this Protective Order and be bound by its terms.  A copy of the signed Confidentiality Agreement is to be retained by counsel for the party making the disclosure, and a copy is to be provided upon request to counsel for the other party.

9. **Compulsory Production to Third Parties**.  Should a Receiving Party receive a request from any government authority or other third party for compulsory production of information that the Receiving Party believes applies to any Confidential Material, including the content and substance thereof, that a Producing Party has produced in the Bankruptcy Cases, before producing such information, the Receiving Party shall:  (i) inform the requesting party of the existence of this Order; and (ii) notify the Producing Party in writing of the request within two (2) days of receipt of the request or as soon thereafter as is reasonably practicable.  The

Receiving Party shall produce only such Confidential Material necessary to strictly comply with the compulsory request for production received by such Receiving Party.  The Producing Party shall be permitted to take all action it deems necessary and appropriate to protect the disclosure of Confidential Information to the requesting third party.

      **10.**     **Privilege**.  Pursuant to the Evidence Rules, made applicable by the Bankruptcy Rules, the production or disclosure of any document that a producing party later claims should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Produced Privileged Document"), will not be deemed to waive any privilege.  If any party becomes aware of the production of a Produced Privileged Document by any party, the party shall provide written notice of such production.  Within five (5) business days after receipt by any party of notice that a Produced Privileged Document was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Produced Privileged Document shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the producing party and shall delete such Produced Privileged Document from any medium.  If the recipient disputes the protected nature of the Produced Privileged Document, then the recipient shall so notify the producing party in writing at the time the documents, information, and Discovery Materials are segregated or returned to the producing party, or within a reasonable time thereafter.  If the dispute cannot be resolved after conferring in good faith with the producing party, the recipient may promptly file a motion with the court to compel production of such documents, information, and Discovery Materials, attaching the information at issue, under seal.  The producing party shall have the burden of demonstrating the protected nature of the Produced Privileged Document.  The producing party must retain the information until the claim is resolved. If the protected nature of the Produced Privileged

Document is upheld, the Receiving Party shall return or destroy the Produced Privileged Document if not previously returned or destroyed.

**10.** **Termination of Bankruptcy Case**.  This Protective Order shall remain in effect through completion of the DIP Motion and shall continue to be binding upon the parties hereto (including any non-parties who have agreed to be bound hereby) and upon all persons to whom Confidential Material has been disclosed or communicated after termination of proceedings with respect to the DIP Motion.

**11.** **Modification**.  Nothing in this Protective Order shall prevent any party or other person subject to it from seeking modification for good cause of this Protective Order or from objecting to discovery that it believes to be otherwise improper or as to which it believes this Protective Order provides insufficient protection.  Nothing in this Protective Order shall be deemed or construed as adjudication or waiver or any discovery objection or contention. In addition, disclosure of Confidential Material pursuant to discovery or the procedures set forth in this Protective Order does not constitute a waiver of any trade secret, intellectual property, and proprietary right or claim to, in or with respect to such Confidential Material.

**12.** **Previously Obtained Material**.  Nothing in this Protective Order shall preclude any party to this Protective Order or its attorney from showing a document designated as Confidential to an individual who prepared, authored, received, or reviewed the document prior to the filing of this Bankruptcy Case.

**13.** **Court Retains Jurisdiction**.  This Court expressly retains jurisdiction over this Bankruptcy Case for enforcement of the provisions of this Protective Order.

**14.** **Return or Destruction of Protected Material**.  Upon the written request of any Producing Party, within sixty (60) days of the conclusion of the DIP Motion, including all appeals, all Protected Material supplied by any Producing Party, and all copies thereof, shall be returned to the Producing Party or shall be destroyed and their destruction certified.

15. **Parties May Use Their Own Protected Material**.  Nothing in this Order shall affect a party's use or disclosure of its own documents and records in any way.

WE ASK FOR THIS:

/s/ Kevin M. O'Donnell
Bruce W. Henry, #05873
Kevin M. O'Donnell
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 204
Alexandria, VA  22314
(703) 548-2100
(703) 548-2105 (fax)
bwh@henrylaw.com
Counsel to Sandy Spring Bank


/s/ Bradford F. Englander
Bradford F. Englander
WHITEFORD TAYLOR
3190 Fairview Park
Suite 800
Falls Church, VA 22042
(703) 280-9081
benglander@wtplaw.com
Counsel to the Debtor


/s/ Michael J. Lichtenstein
Michael J. Lichtenstein
SHULMAN ROGERS
12505 Park Potomac Avenue
Sixth Floor
Potomac, MD 20854
(301) 230-5231
mjl@schulmanrogers.com
Counsel to PD Hyde Field, LLC


**\*\*\* END OF ORDER \*\*\***