IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Zachair, Ltd., | ) ) | Case No.: 20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

### DEBTOR'S RESPONSE TO MOTION FOR JUDICIAL VIEW

Zachair, Ltd. (the "Debtor"), the debtor and debtor in possession in the above captioned case, hereby files this limited objection (the "Limited Objection") to the *Motion for Judicial View* (the "Motion") [Docket No. 137] filed by Sandy Spring Bank ("Sandy Spring") filed in connection with the Debtor's pending motion to approve debtor-in-possession financing (the "DIP Motion") [Docket No. 107].  The Motion requests that the Court travel to and view in person the Debtor's real property (the "Property").  As set forth below, the Debtor does not oppose the concept of the Court viewing the property.  However, the personal viewing of the property is not essential, and Sandy Spring's request is untimely.

1. The Motion is untimely.  The hearing on the Debtor's DIP Motion is scheduled to begin in eight days, on November 5, 2020.  Sandy Spring has been aware of the allegations regarding the quantity of surcharged dirt on the Property since the beginning of this case.  It could have filed this Motion at any time following the filing of the Debtor's DIP Motion on September 8, 2020.  It did not.  Now, eight days from trial, Sandy Spring requests that the Court and the other parties to this case should visit and view the Property in person.  The request does not account for the short time remaining, the need for the parties and counsel to complete preparation for trial, or the burden that the tardy request places on the Court and the parties. Time is short to arrange a view of the property before trial.

2. Additionally, the Debtor believes that a "judicial view" of the Property is not necessary, particularly under the current time constraints. Viewing the property is unlikely to materially assist the Court in deciding the DIP Motion. Sandy Spring seeks to portray the Property as containing a "mountain range" of dirt. The Debtor of course disagrees with Sandy Spring's hyperbolic characterizations in the Motion. But viewing the Property in person will not answer the fundamental questions raised by Sandy Spring's allegations: First, a view will reveal nothing regarding the quality of the fill on site. Second, a view will not inform the Court regarding the materiality of the quantity of fill dirt. Third, a view will not illuminate the options that are available to the Debtor and/or a purchaser of the property with respect to grading or other disposition of any fill that is determined to be excessive. Assessing the impact of the dirt on the Property is a complex task best explained by experts.

3. The options with respect to the dirt are not binary as Sandy Spring suggests. The question is not simply whether it can be left in place as-is or whether it needs to be trucked off site to another location at great expense. Other feasible options exist, including moving the dirt to low-lying areas of the Property, mining the airport runway and depositing any excess dirt in the resulting cavities, re-grading the property pursuant to an approved development plan, or a combination of the foregoing. But again, a simple viewing of the Property will not materially assist the Court in understanding these options.

4. The Debtor took the deposition of Eliot Powell yesterday afternoon. Mr. Powell is the sole expert witness identified by Sandy Spring Bank. We learned from Mr. Powell that his associate toured a portion of the Property on October 6, 2020, and Mr. Powell entered the Property on October 26, 2020. Mr. Powell admitted that their entry onto the Property was without any permission. The Debtor was unaware of, and did not provide consent to their

entering the Property, which clearly violated F. R. Civ. P. 34, and may have violated law.  But in any event, Mr. Powell's report contains photographs of the Property.  Mr. Powell acknowledged during his deposition that the photographs have no bearing on the opinions in his report.  But the photographs may be useful to the Court and the Debtor does not object to those photographs being presented into evidence.

5. The Motion, taken in conjunction with Sandy Spring's similarly late-filed *Motion for Extension of Scheduling Order* [Docket No. 138], appears to be part of a strategy by Sandy Spring to seek a further delay the hearing on the DIP Motion.  By lodging these several late requests, Sandy Spring is setting the stage to declare that it is not possible to accomplish all of these self-imposed tasks prior to the scheduled trial date and therefore to accordingly seek another extension of the trial.  The Debtor does not oppose Sandy Spring's request that the Court view the Property if the Court believes that doing so would assist in its consideration of the DIP Motion.  But any such review of the Property should not be grounds to delay the trial date, which already has been rescheduled twice.

Dated: October 29, 2020                                  Respectfully submitted,

ZACHAIR, LTD.

*/s/ Bradford F. Englander*
Bradford F. Englander, Esq., Bar No. 11951
David W. Gaffey, Esq. (admitted pro hac vice)
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com
          dgaffey@wtplaw.com

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 29, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing document will be served electronically by the Court's CM/ECF system on the following parties:

- Bradford F. Englander    benglander@wtplaw.com, rodom@wtplaw.com
- Nancy D. Greene    ndg@ndglaw.com
- Bruce W. Henry    bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
- Patrick J. Kearney    pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- Michael J. Klima    bankruptcy@peroutkalaw.com
- Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers    bdept@mrrlaw.net
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com

                                              */s/ David Gaffey*
                                              Counsel