## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | ) |
| | ) |
| Zachair, Ltd., | )     **Case No.: 20-10691-TJC** |
| | ) |
| Debtor. | )     **Chapter 11** |
| | ) |

### DEBTOR'S LIMITED OBJECTION TO MOTION
### FOR EXTENSION OF SCHEDULING ORDER

Zachair, Ltd. (the "Debtor"), the debtor and debtor in possession in the above captioned case, hereby files this limited objection (the "Limited Objection") to the *Motion for Extension of Scheduling Order and/or For Miscellaneous Relief* (the "Motion") [Docket No. 138] filed by Sandy Spring Bank ("Sandy Spring") in connection with the Debtor's pending motion to approve debtor-in-possession financing (the "DIP Motion") [Docket No. 107]. The Motion requests that the Court amend its Consent Scheduling Order (the "Scheduling Order") [Docket No. 124] agreed to by the parties in order to permit Sandy Spring to take its sixth and seventh depositions in connection with the DIP Motion. For the reasons set forth below, although it believes that the requested extensions are neither warranted nor necessary, the Debtor will consent to Sandy Spring's request to conduct additional depositions of Legalist DIP SPV II, LP ("Legalist") and Dewberry Engineers ("Dewberry") provided that doing so does not affect the trial scheduled to occur on November 5 and 6, 2020 (the "Hearing").

### I.    Legalist DIP SPV II, LP

1.    As a threshold matter, Sandy Springs' request for an extension has been mooted by Legalist's recent agreement to participate in a deposition. *See* below. To the extent that Sandy Spring cannot (or declines) to take Legalist's deposition at the times that Legalist has made itself available, Sandy Spring has brought the problem on itself. Sandy Spring has known

about Legalist since September 8, 2020 when the DIP Motion was filed.  It did not indicate an intent to depose Legalist until October 9, 2020, when it informed Debtor's counsel that it "reserve[s] the right to require that the DIP lender be a 30(b)(6) designee."  *See* Email from Kevin O'Donnell to Bradford Englander dated 10/9/2020 attached as <u>Exhibit A</u>.  Debtor's counsel promptly responded to Sandy Spring's request to depose legalist, stating: "I think you will need to provide a 30(b)(6) designation, or at least a summary of the topics, before the witness can be identified and scheduled."  *See* Email from Bradford Englander to Kevin O'Donnell dated 10/9/2020 attached as <u>Exhibit B</u>.  Counsel to the Debtor again informed Sandy Spring on October 14, 2020, that counsel "expect[s] that you will need to provide a 30(b)(6) designation, or at least a summary of the topics, before Legalist will be able to designate a witness."  *See* Email from Bradford Englander to Kevin O'Donnell dated 10/14/2020 attached as <u>Exhibit C</u>.

2.      Sandy Spring did not provide either a Rule 30(b)(6) designation or a summary of the deposition topics for Legalist until Sunday, October 18, 2020, when it sent to Debtor's counsel a list of ten "topical areas of examination in lieu of a formal 30(b)(6) designation."  *See* Email from Kevin O'Donnell to Bradford Englander dated 10/18/2020 attached as <u>Exhibit D</u>.  Counsel for the Debtor forwarded this list to Legalist immediately upon receipt, and followed up with Legalist by email several times over the subsequent days.

3.      On October 21, 2020, Legalist responded to Sandy Spring and rejected the request for a voluntary deposition, stating that the request was, among other things, untimely.  Notwithstanding Legalist's unequivocal response, Sandy Spring did not file the instant Motion until the afternoon of October 26, 2020, five days after Legalist's communication.  Sandy Spring also did not communicate further with counsel for the Debtor or counsel for Legalist in an

attempt to resolve this dispute prior to filing the Motion.  And, at no point did Sandy Spring attempt to serve Legalist with a subpoena to compel its attendance at a deposition.

4.      Sandy Spring's predicament is neither unfair nor inequitable.  Sandy Spring had ample opportunity to resolve this matter within the timeframe established by the Scheduling Order.  It delayed sending a 30(b)(6) designation or summary of deposition topics for eleven days after receiving the request from Debtor's counsel.  It then waited five more days to take action after receiving Legalist's October 21, 2020 email declining to be deposed.  It is out of time under the existing Scheduling Order because of its own delay.  Further, the Debtor did not include Legalist on its witness list and does not intend to call Legalist to testify at the Hearing. This deposition is for Sandy Spring's informational purposes only.  Sandy Spring is not at a disadvantage at trial if it cannot depose Legalist in connection with the DIP Motion.  Under these circumstances, the Debtor believes that there is no reasonable basis for extending the Scheduling Order.[1]

5.      Notwithstanding that no basis exists to compel the extension of the Scheduling Order, the Debtor is willing to work with Sandy Spring to reach an accommodation that will address Sandy Spring's concerns while ensuring that the Hearing can go forward on November 5, 2020 as scheduled.  The Debtor has been in contact with Legalist subsequent to Legalist's October 21 email.  Legalist has agreed to be deposed on one of three dates, with slightly

---

[1] There also is no basis for any sort of "adverse inference" as demanded by Sandy Spring. Legalist is not a party to this case.  It is a third-party lender.  It is not even listed on the Debtor's preliminary or final witness list as a potential witness at the Hearing.  Further, Legalist was not under any compulsion to testify at a deposition in this matter.  Sandy Spring did not issue a subpoena to Legalist or take any other means to compel its appearance at a deposition, even though it had ample opportunity to do so.  Legalist is entirely within its rights to decline to attend a deposition under these circumstances.  All of these facts, compounded by Sandy Spring's repeated delays and inaction with respect to Legalist, prohibits any sort of adverse inference from being made.

narrowed deposition topics in order to preserve certain confidential and proprietary information. This offer has been communicated to Sandy Spring. *See* Email from Bradford Englander dated 10/28/2020, attached as <u>Exhibit E</u>. If Sandy Spring is willing to accept the reasonable resolution offered, the Motion with respect to Legalist will become moot.

**II.    <u>Dewberry Engineers</u>**

6.    The Debtor similarly believes that an extension of the Scheduling Order to permit the deposition of the Debtor's engineering firm, Dewberry, is untimely and unwarranted. The rationale for this request is Sandy Spring's alleged recent discovery that Dewberry did not provide certain topographical surveys to the Debtor's appraiser. Therefore, Sandy Spring alleges, the appraiser relied on incorrect assumptions in preparing his appraisal of the Debtor's real property (the "Property"). Strangely though, Sandy Spring's proposed remedy for the allegedly incorrect appraisal is to depose Dewberry.

7.    This remedy does not address the alleged problem presented and is entirely pretextual. By seeking to depose Dewberry through this Motion Sandy Spring is trying to remedy the fact that it deliberately chose not to include Dewberry on its preliminary witness list for the Hearing or to timely conduct discovery in accordance with the agreed Scheduling Order. Dewberry was well known to Sandy Spring when the parties exchanged preliminary witness lists and arranged for depositions of potential witnesses. Dewberry has performed engineering services related to the Property for years. Sandy Spring specifically identified Dewberry by name in its request for production of documents issued to the Debtor on September 25, 2020, and requested specific topographical surveys prepared by Dewberry from the Debtor. These topographical surveys requested by Sandy Spring are the same type of surveys that it now claims it needs to investigate further through additional depositions and discovery.

8.      Sandy Spring regrets not deposing Dewberry when it had the chance, and is now trying for a second bite at the apple by seeking an extension of the Scheduling Order.  The only thing that has changed with respect to Dewberry is that now Sandy Spring believes that Dewberry may be more useful to its arguments than it originally anticipated.  This is not a valid basis to re-open discovery and permit Sandy Spring to conduct additional depositions mere days before trial.

9.      As with the Debtor's position with respect to Legalist, while the Debtor believes that there is no valid basis to extend the Scheduling Order, in the interest of moving this case forward it will consent to Sandy Spring seeking an additional deposition of Dewberry provided that any such deposition does not result in the delay of the scheduled November 5 Hearing.[2]

### Conclusion

10.      Given the eleventh-hour timing of this Motion, the Debtor reiterates the concern raised in its response to the Debtor's similarly late-filed *Motion for Judicial View* [Docket No. 137] that the Motion is part of a greater strategy by Sandy Spring to seek a further delay of the hearing on the DIP Motion.  By lodging these several late requests, Sandy Spring is setting the stage to declare that it is not possible to accomplish all of these self-imposed tasks prior to the scheduled trial date and therefore to accordingly seek another extension of the trial.  The Debtor is willing to work with Sandy Spring as set forth in this Limited Objection, but only to the extent that Sandy Spring commits to honor the agreed November 5 trial date.  The trial has been

---

[2] The Debtor notes that no party has named Dewberry as a witness at the Hearing, that Dewberry has not been subpoenaed and has no obligation to appear at a deposition, and that the Debtor has no ability to compel Dewberry's appearance at a deposition.  Sandy Spring may request a deposition of Dewberry, but the Debtor has no control over Dewberry's availability or willingness to attend.

rescheduled twice already at Sandy Spring's request.  A third extension is not warranted given

that the last-minute issues raised by Sandy Spring were entirely within its control.


Dated: October 29, 2020                    ZACHAIR, LTD.

                                           */s/ Bradford F. Englander*
                                           Bradford F. Englander, Esq., Bar No. 11951
                                           David W. Gaffey, Esq. (admitted pro
                                           hac vice)
                                           3190 Fairview Park Drive, Suite 800
                                           Falls Church, Virginia 22042
                                           Telephone: (703) 280-9081
                                           Facsimile: (703) 280-3370
                                           Email:  benglander@wtplaw.com
                                                   dgaffey@wtplaw.com

                                           *Counsel for the Debtor*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing document will be served electronically by the Court's CM/ECF system on the following parties:

- Bradford F. Englander    benglander@wtplaw.com, rodom@wtplaw.com
- Nancy D. Greene    ndg@ndglaw.com
- Bruce W. Henry    bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
- Patrick J. Kearney    pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- Michael J. Klima    bankruptcy@peroutkalaw.com
- Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers    bdept@mrrlaw.net
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com

*/s/ David Gaffey*
Counsel

7

# Exhibit A

**Englander, Bradford F.**

| | |
|---|---|
| **From:** | Kevin O'Donnell <KMO@henrylaw.com> |
| **Sent:** | Friday, October 9, 2020 12:35 PM |
| **To:** | Englander, Bradford F. |
| **Cc:** | Bruce Henry |
| **Subject:** | [EXTERNAL] Zachair - Discovery |
| **Attachments:** | Kevin M_ O'Donnell.vcf |

Brad,

Bruce and I have met on his return and have decided as follows with respect to the remaining issues regarding the proposed scheduling order:

1. We would like copies of any actual proposals, bids or contracts for site development and testing work as identified on your DIP budget. Assuming we can agree that these will be produced (or that you will advise if they don't exist), we will waive any further document production and propose to submit the scheduling order as last proposed.
2. We would like you to provide dates for depositions of your four proposed witnesses, and for Nabil Asterbadi. We reserve the right to require that the DIP lender be a 30(b)(6) designee.
3. We want to agree on a protocol for depositions. It is our preference to conduct via Zoom so that parties may participate remotely and safely. We need to agree on where a witness would be present, and where the Court reporter would be required to attend.

Let us know if this proves agreeable and we will work to schedule depositions accordingly.

Kevin

**Kevin M. O'Donnell**
HENRY & O'DONNELL, P.C.

(703) 548-2100 Work
(703) 861-2662 Mobile
(703) 548-2105 Fax
kmo@henrylaw.com
300 N. Washington Street
Suite 204
Alexandria, VA 22314

1

# Exhibit B

## Gaffey, David

| | |
|---|---|
| **From:** | Englander, Bradford F. |
| **Sent:** | Friday, October 09, 2020 1:19 PM |
| **To:** | Kevin O'Donnell |
| **Cc:** | Bruce Henry; Gaffey, David |
| **Subject:** | Re: [EXTERNAL] Zachair - Discovery |

Kevin,

I am not aware of specific written proposals for consultants, other than Dewberry and Art Horne (land use counsel).  I'll produce the Dewberry proposal and the proposed Horne engagement letter.   Budgets for the other consultants were provided by Fraser Forbes based on their discussions.   I'll ask if there are written proposals and will supply any I may receive.   If the foregoing is satisfactory, please leave (or restore) the September 30 cut off or submission of requests for production and circulate the order for final review.

I'll get dates for my witnesses and Dr. Asterbadi.  As to Legalist, I think you will need to provide a 30(b)(6) designation, or at least a summary of the topics, before the witness can be identified and scheduled.  Please identify your proposed witnesses so that we can arrange their depositions.
As to protocol, please let me know what you suggest.  I am fine with Zoom depos.  But bear in mind that circumstances may vary; some of our witnesses may appear at our offices, others may be remote.  For the examinations conducted in our offices, the reporter should be there and mask/distance protocols must be followed.  For planning purposes, please provide a time estimate for your examinations.  I would like to see if we can schedule two or more depos consecutively on a single day.

Additionally, please advise re the status of your response to our request for production.

Best regards,
Brad

On Oct 9, 2020, at 12:38 PM, Kevin O'Donnell <KMO@henrylaw.com> wrote:

Brad,
        Bruce and I have met on his return and have decided as follows with respect to the remaining issues regarding the proposed scheduling order:

1. We would like copies of any actual proposals, bids or contracts for site development and testing work as identified on your DIP budget. Assuming we can agree that these will be produced (or that you will advise if they don't exist), we will waive any further document production and propose to submit the scheduling order as last proposed.
2. We would like you to provide dates for depositions of your four proposed witnesses, and for Nabil Asterbadi. We reserve the right to require that the DIP lender be a 30(b)(6) designee.
3. We want to agree on a protocol for depositions. It is our preference to conduct via Zoom so that parties may participate remotely and safely. We need to agree on where a witness would be present, and where the Court reporter would be required to attend.

Let us know if this proves agreeable and we will work to schedule depositions accordingly.

Kevin

<image001.jpg>

<Kevin M_ O'Donnell.vcf>

# Exhibit C

**Gaffey, David**

| | |
|---|---|
| **From:** | Englander, Bradford F. |
| **Sent:** | Wednesday, October 14, 2020 9:13 AM |
| **To:** | Kevin O'Donnell |
| **Cc:** | Bruce Henry; Michael Lichtenstein; Gaffey, David |
| **Subject:** | RE: Preliminary ID of witnesses |

Kevin,

I will try to coordinate times with the debtor parties.  As I said in my email to you last Friday (1:19pm), I expect that you will need to provide a 30(b)(6) designation, or at least a summary of the topics, before Legalist will be able to designate a witness.  Please let me know your topics for Legalist.  Also, please include Dave Gaffey on emails regarding this case.

Thanks,
Brad

---

**From:** Kevin O'Donnell <KMO@henrylaw.com>
**Sent:** Tuesday, October 13, 2020 5:15 PM
**To:** Englander, Bradford F. <BEnglander@wtplaw.com>; Michael Lichtenstein <MLichtenstein@shulmanrogers.com>
**Cc:** Bruce Henry <BWH@henrylaw.com>
**Subject:** [EXTERNAL] Preliminary ID of witnesses

Brad and Michael,
         I believe this info has passed piecemeal in prior communications, but to be safe and sure, SSB reserves the right to call the following parties or persons at hearing on the DIP motion:

Elliott Powell  - Expert testimony regarding development issues
Nabil Asterbadi
William Harvey
Representative of the DIP lender
Representative of SSB
Rob Patrick
Brad Englander


         We reserve the right to supplement this by later this week if the parties don't come to an agreement to avoid the hearing.

Thanks
Kevin

Kevin M. O'Donnell
HENRY & O'DONNELL, P.C.

(703) 548-2100 Work
(703) 861-2662 Mobile
(703) 548-2105 Fax
kmo@henrylaw.com
300 N. Washington Street
Suite 204
Alexandria, VA 22314

# Exhibit D

**Gaffey, David**

| | |
|---|---|
| **From:** | Kevin O'Donnell <KMO@henrylaw.com> |
| **Sent:** | Sunday, October 18, 2020 12:33 PM |
| **To:** | Englander, Bradford F.; Gaffey, David |
| **Cc:** | Bruce Henry; Michael Lichtenstein |
| **Subject:** | [EXTERNAL] Zachair - 30(b)(6) Deposition topics |
| **Attachments:** | Kevin M_ O'Donnell.vcf |

Brad,

Please accept the following list of topical areas of examination in lieu of a formal 30(b)(6) designation:

1. All matters relating to the solicitation of Legalist or its related entities with respect to the proposed DIP financing.
2. All matters relating to the negotiation of Legalist's participation in DIP financing, including the negotiation of terms and conditions of lending.
3. The number and nature and terms of all prior real estate lending transactions or facilities entered into or provided by Legalist or its related entities within the past three years.
4. The number and nature and terms of all prior debtor in possession or bankruptcy related lending transactions or facilities entered into or provided by Legalist or its related entities within the past three years.
5. The nature of principal lending transactions or facilities entered into in the ordinary course of business by Legalist and/or its parent or related entities.
6. The underwriting and risk analysis process involved with respect to the proposed DIP facility. This includes the internal underwriting information and analysis undertaken in connection with the transaction, and Legalist's internal risk assessments and underwriting decisions.
7. The internal decisions and determinations governing the pricing, terms and collateralization of the proposed DIP facility.
8. Legalist's understanding of the proposed uses of DIP facility proceeds by the Debtor Zachair, including, without limitation, any such use for the payment of professional fees including attorney's fees.
9. The basis for Legalist's requirement for a priming lien with respect to the DIP facility.
10. Any other matters relating to the solicitation, underwriting or approval of the proposed DIP facility.

Please confirm this informal listing will suffice.

Thanks
Kevin

**Kevin M. O'Donnell**
HENRY & O'DONNELL, P.C.

(703) 548-2100 Work
(703) 861-2662 Mobile
(703) 548-2105 Fax
kmo@henrylaw.com
300 N. Washington Street
Suite 204
Alexandria, VA 22314

# Exhibit E

# Gaffey, David

| | |
|---|---|
| **From:** | Englander, Bradford F. |
| **Sent:** | Wednesday, October 28, 2020 6:50 AM |
| **To:** | Henry, Bruce W. (bwh@henrylaw.com); O'Donnell, Kevin M. (kmo@henrylaw.com); Michael Lichtenstein |
| **Cc:** | Gaffey, David |
| **Subject:** | FW: [EXTERNAL] Zachair |
| **Attachments:** | Zachair.docx |

All:

Please see the communication below from Legalist.  Let me know if Legalist's position is acceptable.

Best regards,
Brad

Bradford F. Englander
Whiteford Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia  22042
Direct (office): (703) 280-9081
Mobile: (703) 346-1219
Land line (home): (703) 759-9466
E-mail: benglander@wtplaw.com


**From:** Brian Rice <brian.rice@legalist.com>
**Sent:** Tuesday, October 27, 2020 10:59 PM
**To:** Englander, Bradford F. <BEnglander@wtplaw.com>
**Cc:** Eva Shang <eva@legalist.com>; Nate Jones <nate@legalist.com>
**Subject:** [EXTERNAL] Zachair

Brad, thanks for speaking with us earlier. As mentioned, we are willing to waive the requirement of service of a 30(b)(6) subpoena, contingent on the November 5-6 hearing going forward as planned and the deposition proceeding as outlined below.

We can make a witness available for a deposition anytime this Friday, Monday, or Tuesday during West Coast business hours (11 AM - 8 PM Eastern). Please see attached (marked against the original) for the topics we'd be willing to offer testimony on; as to the balance, we view them as duplicative and/or not relevant to approval of the DIP motion.

Given the small number of issues, the deposition would be capped at one hour. The testimony should be by phone or, if needed for purposes of swearing in the witness, by Zoom. Inhouse counsel from Legalist can appear for and defend the deponent, irrespective of admission in the Bankruptcy Court. The witness won't be available to testify at the hearing. Last, any proposed exhibit will be numbered and delivered by email at least 24 hours in advance.

Note that there are a number of topics that are not relevant to the DIP motion but, in any case, we would be unable to testify to. These include the identity of our funds' investors, various nonpublic investments our funds have completed, and Legalist's proprietary technology for sourcing dealflow. We flag these in advance (even though, again, they are irrelevant to the DIP motion) to make clear these won't be topics of testimony.

Please run this by the other parties, confirm their understanding that the foregoing is an accommodation to ensure the hearing goes forward as scheduled, and let us know the day and time for the deposition. We have two potential witnesses with differing schedules, so we'll identify him or her once it is scheduled.

Brian T. Rice
LEGALIST, INC.
Investment Counsel &
Chief Compliance Officer
(415) 842-9782