## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | |
| **Zachair, Ltd.,** ) | Case No.: 20-10691-TJC |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

### DEBTOR'S THIRD MOTION TO ENLARGE THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE CIVIL ACTIONS

Zachair, Ltd. (the "Debtor"), the debtor and debtor in possession in the above captioned case, files this *Third Motion to Enlarge the Period Within Which the Debtor May Remove Civil Actions* (the "Motion") seeking entry of an order enlarging the period within which the Debtor may remove civil actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") through and including March 15, 2021. In support thereof, the Debtor states as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought by the Motion is based upon 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027.

### The Chapter 11 Case

3. On January 17, 2020 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

1

4. The Debtor is a Maryland corporation which owns an assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property"). The Property historically has been operated as an airfield known as Hyde Field (the "Airfield"). The Airfield generates revenue for the Debtor through the rental of hanger and parking spaces for aircraft.

5. In addition to the Airfield, portions of the Property not used in Airfield operations previously were mined for sand and gravel. The cavities created by the sand and gravel mining were used for surcharge fill operations, whereby the Debtor uses the cavities to dispose of dirt removed from other third-party sites in exchange for a fee. The Debtor ceased its surcharge fill operations in March 2020.

**Prior Motions to Extend the Deadline to Remove Civil Actions**

6. The Debtor's initial deadline to remove civil actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2)(A) (the "Removal Deadline") was April 16, 2020.

7. On March 19, 2020, the Debtor filed its *Motion to Enlarge the Period Within Which the Debtor May Remove Civil Actions* (the "First Motion") seeking to extend the Removal Deadline through the later of (a) August 14, 2020, or (b) with respect to any particular civil action, 30 days after entry of an order terminating the automatic stay with respect to the particular civil action sought to be removed. *See* Docket No. 54.

8. On June 2, 2020, the Court entered its order granting the First Motion and extending the Removal Deadline through August 14, 2020. *See* Docket No. 70.

9. On August 4, 2020, the Debtor filed its *Second Motion to Enlarge the Period Within Which the Debtor May Remove Civil Actions* (the "Second Motion") seeking to extend the Removal Deadline through the later of (a) December 14, 2020, or (b) with respect to any

particular civil action, 30 days after entry of an order terminating the automatic stay with respect to the particular civil action sought to be removed. *See* Docket No. 97.

10. On August 24, 2020, the Court entered its order granting the Second Motion and extending the Removal Deadline through December 14, 2020. *See* Docket No. 104.

11. On September 17, 2020, the Debtor filed its *Motion for Order Under 11 U.S.C. § 327(e) Authorizing Employment and Retentions of Womble Bond Dickinson (US) LLP as Special Counsel for Debtor-In-Possession* [clerk's docket no. 110] (the "Womble Application"). The scope of Womble's engagement includes acting as the Debtor's litigation counsel in connection with the lawsuit filed against the Debtor by PD Hyde Field, LLC. On October 8, 2020, the Court entered its order granting the Womble Application. Womble presently is evaluating the PD Hyde litigation.

## Relief Requested

12. By this Motion, the Debtor seeks entry of an order pursuant to Bankruptcy Rule 9006(b) further enlarging the time within which the Debtor may remove civil actions. The Debtor's current deadline to remove civil actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(2)(A) (as extended pursuant to the Second Motion) is December 14, 2020. For the reasons set forth herein, the Debtor seeks the extension of the Removal Deadline through the later of (a) March 15, 2021, or (b) with respect to any particular civil action, 30 days after entry of an order terminating the automatic stay with respect to the particular civil action sought to be removed (without prejudice to further extensions).

## Basis for Relief

13. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions related to chapter 11 cases. More specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

16. It is well-settled that the Court possesses the authority to enlarge the removal period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy

4

Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a)(3) pursuant to Bankruptcy Rule 9006(b)(1)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

17.     Here, good cause exists to further enlarge the removal deadline to allow the Debtor to continue to focus its efforts and resources on the marketing and sale of the Property for the benefit of all creditors and parties in interest in this case.

18.     The Debtor continues to require the breathing spell from creditors afforded by the Bankruptcy Code in order to focus its limited time and resources on marketing and selling the Property. The marketing process necessary to realize the full value of the Property is a significant undertaking. Among other things, the marketing process requires the Debtor, with the assistance of its real estate broker Fraser Forbes, to study the Property and the real estate market, formulate a plan for the sale, and prepare complex marketing materials. This marketing process is underway and proceeding expeditiously, but will require additional time to complete. The Debtor also must identify and retain experts and consultants to conduct and prepare tests and studies, including environmental and geotechnical reports, engineering analyses, and other reports, to assist potential buyers to evaluate the Property.

19. Womble was engaged per this Court's order entered on October 8, 2020. Under its engagement agreement, Womble is entitled to a retainer in the amount of $70,000 before commencing work. The Court entered an order approving debtor-in-possession financing that includes payment of the Womble retainer as part of the budget. Womble presently is evaluating the PD Hyde litigation.

20. Although the Debtor would have at least 30 days in which to remove pending actions should the stay be lifted (*see* Bankruptcy Rule 9027(a)(2)(B)), extending the time for removal under Bankruptcy Rule 9027(a)(2)(A) would provide certainty and permit the Debtor to focus its efforts on marketing and selling the Property and obtaining liquidity for the payment of creditors and the conduct of litigation. Requiring the Debtor to focus its limited time and resources on litigation is not in the interest of its creditors and parties and interest at this stage of the bankruptcy case. The Debtor accordingly requests that the removal deadline under Bankruptcy Rule 9027(a)(2)(A) be extended to permit the Debtor to focus on the immediate priorities of this bankruptcy case.

21. Furthermore, the rights of counter parties to any civil actions subject to removal will not be unduly prejudiced by the proposed extension. Two civil actions were pending against the Debtor (and its President, Dr. Asterbadi) as of the Petition Date. One has been resolved, and the remaining action is subject to the automatic stay. Thus, the remaining action may not proceed as to the Debtor at this time.

## Notice

22. Notice of this Motion has been given to the following parties or their counsel: (i) the Office of the United States Trustee; (ii) Sandy Spring Bank; (iii) PD Hyde Field LLC; (iv) all

creditors; and (v) all parties specifically requesting notice in this case. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (1) granting the Motion, (2) enlarging the period within which the Debtor may remove civil actions under Bankruptcy Rule 9027(a)(2)(A) through and including March 15, 2021 (without prejudice to further extensions), and (3) granting such other and further relief as the Court deems just and proper.

Dated: December 9, 2020                              ZACHAIR, LTD.

*/s/ Bradford F. Englander*
Bradford F. Englander, Esq., Bar No. 11951
David W. Gaffey, Esq. (Admitted *Pro Hac Vice*)
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com
           dgaffey@wtplaw.com

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion will be served electronically by the Court's CM/ECF system on the following parties:

Bradford F. Englander     benglander@wtplaw.com, rodom@wtplaw.com
Nancy D. Greene     ndg@ndglaw.com
Bruce W. Henry     bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
Patrick J. Kearney     pkearney@sgrwlaw.com, jnam@sgrwlaw.com
Nicole C. Kenworthy     bdept@mrrlaw.net
Michael J. Klima     bankruptcy@peroutkalaw.com
Michael J. Lichtenstein     mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
Jeffery Thomas Martin     jtm@henrylaw.com, mbp@henrylaw.com
M. Evan Meyers     bdept@mrrlaw.net
Kevin M. O'Donnell     kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
L. Jeanette Rice     Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
Jeffrey L. Tarkenton     Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
US Trustee - Greenbelt     USTPRegion04.GB.ECF@USDOJ.GOV
Jacob Christian Zweig     jzweig@evanspetree.com, crecord@evanspetree.com

I hereby further certify that on December 9, 2020, a copy of the foregoing Motion was also served by first-class mail, postage prepaid, on the parties on the attached service list.

*/s/ Bradford F. Englander*
Counsel

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **In re:** | ) ) ) | |
| **Zachair, Ltd.,** | ) ) ) | **Case No.: 20-10691-TJC** |
| **Debtor.** | ) ) | **Chapter 11** |

**ORDER GRANTING DEBTOR'S THIRD MOTION TO ENLARGE THE
PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE CIVIL ACTIONS**

Upon consideration of the *Third Motion to Enlarge the Period Within Which the Debtor May Remove Civil Actions* (the "Motion") filed by the above captioned debtor and debtor in possession (the "Debtor"); and after consideration of any objections made thereto and after any hearing thereon; and it appearing that adequate notice of the Motion was provided and that no further notice is necessary; and there appearing good cause for granting the relief requested in the Motion, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED** that the Motion is GRANTED as set forth herein; and it is further

**ORDERED** that the time within which the Debtor may remove civil actions that were pending as of the Petition Date is enlarged through the later of (a) March 15, 2021, or (b) with

9

respect to any particular civil action, 30 days after entry of an order terminating the automatic stay with respect to the particular civil action sought to be removed.

**END OF ORDER**

Copies to:

Bradford F. Englander, Esq.
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

Sandy Spring Bank
c/o Bruce Henry, Esq.
300 N Washington Street, Suite 204
Alexandria, VA 22314

PD Hyde Field, LLC
c/o Michael J. Lichtenstein, Esq.
Shulman Rogers
12505 Park Potomac Avenue
Potomac, MD 20854

Office of the United States Trustee
305 Ivy Lane, Suite 600
Greenbelt, MD 20770