IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Zachair, Ltd., | ) ) | Case No.: 20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY
CARL E. MOSLEY, CPA AND CC SERVICES CORPORATION
AS TAX ACCOUNTANT FOR THE DEBTOR**

Zachair, Ltd. (the "Debtor"), by counsel, files this *Application for Authority to Employ Carl E. Mosley, CPA and CC Services Corporation as Tax Accountant for the Debtor* (the "Application"), requesting the entry of an order pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Carl E. Mosley, CPA and CC Services Corporation (together, "Mosley") as its tax accountant. The Debtor also submits the *Verified Statement of Carl E. Mosley, CPA* attached hereto as Exhibit A (the "Verified Statement"). In support of the Application, the Debtor respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought by the Application is based upon sections 327(a), 328, 330 and 1107 of the Bankruptcy Code.

### The Chapter 11 Case

3. On January 17, 2020 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

### Relief Requested

4. By this Application, the Debtor seeks to employ and retain Mosley as its tax accountant. The Debtor respectfully requests the entry of an order pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing it to employ and retain Mosley as its tax accountant to prepare federal and state income tax returns and to also advise the Debtor with respect to business and tax issues in connection with this chapter 11 case, attend meetings with counsel as necessary, advise the Debtor in connection with any sale of assets, and perform other accounting services or tax advising which may be necessary during this chapter 11 case pursuant to the terms set forth in the Application and the Verified Statement.

### The Employment of Mosley

5. The Debtor selected Mosley to provide tax accounting services because Mosley has considerable experience as certified public accountant, including serving as the Debtor's tax accountant for many years, and is well qualified to render tax accounting services to the Debtor as debtor and debtor in possession. The Debtor submits that the retention of Mosley under the terms described herein is appropriate under Sections 327, 328 and 1107 of the Bankruptcy Code.

### The Services to be Rendered

6. The Debtor proposes to retain Mosley to provide tax accounting services, including the following:

    a.    Prepare federal and state income tax returns;

    b.    Advise the Debtor with respect to business and tax issues in connection with this chapter 11 case;

    c.    Attend meetings with counsel as necessary;

    d.    Advise the Debtor in connection with any sale of assets; and

    e.    Perform other accounting services or tax advising which may be necessary during this chapter 11 case.

## The Standards for Approving Employment

7.    Section 327(a) empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).  Section 1107(a) provides that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter. 11 U.S.C. § 1107(a). Section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).  Mosley satisfies all of these standards, as set forth below.

## Connections with Parties in Interest

8.    To the best of the Debtor's knowledge, Mosley has no connection with the Debtor; its creditors or any other party-in-interest in this case; its respective attorneys or accountants; the United States Trustee; or any person employed in the office of the United States Trustee; except as may be described in the Verified Statement filed herewith.

3

### No Adverse Interest

9. The Debtor submits that Mosley represents no interest adverse to the Debtor as a debtor in possession or to the Debtor's estate in the matters upon which Mosley is to be engaged for the Debtor.

### Disinterested Person

10. The Debtor further submits that Mosley is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Mosley has served as the Debtor's tax accountant since 1994. Mosley received a total of $4,089.00 in payments from the Debtor in the 90 days immediately preceding the Petition Date on account of tax accounting work performed for the Debtor. Section 547(c)(9) states that a debtor may not avoid as a preferential transfer a transfer "if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $6,825." 11 U.S.C. § 547(c)(9). As the $4,089.00 received by Mosley is less than the $6,825 minimum preference claim amount, section 547(c)(9) provides a complete defense to any preference claim that the Debtor could assert against Mosley. Mosley is a "disinterested person" within the meaning of section 101(14).

### Compensation

11. Section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a). Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the District of Maryland and any other rules and orders of this Court, the Debtor requests that it be authorized to pay Mosley on an hourly basis as follows:

     a. Carl Mosley, CPA:  $150/hour
     b. Enrolled Agent:  $75/hour
     c. Bookkeeping/Secretarial:  $40/hour

### **Best Interests of the Estate**

16.    As set forth above, Mosley satisfies all the requirements for employment as financial advisor for the Debtor under sections 327(a) and 1107 of the Bankruptcy Code.

17.    The employment of Mosley as appraiser for the Debtor is in the best interests of the Debtor's estate and is appropriate under 11 U.S.C. §§ 327 and 328.

**WHEREFORE**, the Debtor respectfully requests that it be authorized to employ Mosley in this case on the terms set forth herein, and that it be granted such other and further relief as is just and proper.

Dated: January 8, 2021                        ZACHAIR, LTD.

                                                */s/ Bradford F. Englander*
                                                Whiteford, Taylor & Preston, LLP
                                                Bradford F. Englander, Esq., Bar No. 11951
                                                3190 Fairview Park Drive, Suite 800
                                                Falls Church, Virginia 22042
                                                Telephone: (703) 280-9081
                                                Facsimile: (703) 280-3370
                                                Email: benglander@wtplaw.com

                                                *Proposed Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Application will be served electronically by the Court's CM/ECF system on the following parties:

- Bradford F. Englander    benglander@wtplaw.com, rodom@wtplaw.com
- Nancy D. Greene    ndg@ndglaw.com
- Bruce W. Henry    bwh@henrylaw.com, kmo@henrylaw.com; jtm@henrylaw.com; mbp@henrylaw.com
- Patrick J. Kearney    pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- Michael J. Klima    bankruptcy@peroutkalaw.com
- Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers    bdept@mrrlaw.net
- Kevin M. O'Donnell    kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com

I hereby further certify that on January 8, 2021, a copy of the foregoing Application was also served by first-class mail, postage prepaid, on the parties on the attached Service List.

*/s/ David W. Gaffey*
Counsel