IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) ) | |
| Zachair, Ltd., | ) ) | Case No.: 20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

**DEBTOR'S APPLICATION FOR AUTHORITY TO EMPLOY
HOLLAND & KNIGHT LLP AS SPECIAL COUNSEL FOR THE DEBTOR**

Zachair, Ltd. (the "Debtor"), by counsel, files this *Application for Authority to Employ Holland & Knight LLP, as Special Counsel for the Debtor* (the "Application"), requesting the entry of an order pursuant to Section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the employment and retention of Holland & Knight LLP ("H&K") as its special counsel, effective as of January 13, 2021. The Debtor also submits the Verified Statement of Louis J. Rouleau ("Mr. Rouleau") attached hereto as Exhibit A (the "Verified Statement"). In support of the Application, the Debtor respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought by the Application is based upon sections 327(e), 328, 330 and 1107 of the Bankruptcy Code.

**The Chapter 11 Case**

3. On January 17, 2020 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtor is a Maryland corporation which owns an assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property"). The Property historically has been operated as an airfield known as Hyde Field (the "Airfield"). The Airfield generates revenue for the Debtor through the rental of hanger and parking spaces for aircraft.

5. The Debtor presently is marketing the Property for sale.

6. Prior to the Petition Date, on November 15, 2018, PD Hyde Field, LLC ("PD Hyde") filed a complaint against the Debtor and Dr. Nabil Asterbadi ("Dr. Asterbadi") in the Circuit Court for Prince George's County, Maryland, styled, *PD Hyde Field LLC v. Zachair, Ltd., et al.*, Civil Action No. 18-42893, in connection with a contract to purchase the Property (the "Lawsuit").

7. On September 17, 2020, the Debtor filed its *Motion for Order Under 11 U.S.C. § 327(e) Authorizing Employment and Retention of Womble Bond Dickinson (US) LLP as Special Counsel for Debtor-in-Possession* [clerk's docket no. 110] (the "WBD Motion"). The WBD Motion sought the Debtor's retention of Womble Bond Dickinson (US) LLP ("WBD") to act as: (1) litigation counsel for the Debtor in connection with the Lawsuit; and (2) conflicts counsel for the Debtor.[1] Upon review of the WBD Motion, the Court entered an order granting the WBD Motion [clerk's docket no. 120].

8. The principal litigator at WBD who was responsible for all litigation matters regarding the disputes between the Debtor and services under the WBD engagement was Mr. Rouleau. In particular, Mr. Rouleau was assigned to be counsel in charge of the Lawsuit. While a member of WBD, Mr. Rouleau spent substantial time becoming familiar with the Debtor, its

---

[1] In addition to its role as litigation and conflicts counsel for the Debtor, as disclosed in the WBD Motion, WBD also served as litigation counsel for Dr. Nabil Asterbadi and Maureen Asterbadi individually, and as their counsel in connection with bankruptcy matters arising in this bankruptcy case.

property, the Lawsuit and the subject matter of the Debtor's disputes with PD Hyde. Mr. Rouleau has met and consulted extensively with Debtor and Debtor's bankruptcy counsel.

9. Effective January 12, 2021, Mr. Rouleau resigned from WBD, and joined H&K on January 13, 2021. The Debtor, having carefully considered the matter, has determined in the exercise of its business judgment that continuing to rely on Mr. Rouleau is in the best interest of the estate.

### Relief Requested

10. By this Application, the Debtor seeks to substitute and employ Mr. Rouleau and H&K, in place of WBD, as Debtor's special counsel for the Lawsuit and any related proceeding involving PD Hyde. WBD will continue to serve as counsel for the Debtor in all other aspects under the terms of the WBD Motion, including as conflicts counsel for the Debtor.[2] Accordingly, the Debtor respectfully requests the entry of an order pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing it to employ and retain Mr. Rouleau and H&K, effective as of January 13, 2021, as Debtor's special counsel to provide legal services in connection with the Lawsuit and any related proceeding involving PD Hyde, pursuant to the terms set forth in this Application and the Verified Statement.

### The Employment of H&K

11. During his representation of the Debtor and Dr. Asterbadi in the Lawsuit as lead counsel, Mr. Rouleau has become familiar with facts and issues surrounding the Lawsuit. The Debtor wishes to employ and retain H&K so that Mr. Rouleau may continue to serve in his role as special counsel for the Debtor and Dr. Asterbadi in the Lawsuit.

12. The Debtor has selected H&K as its litigation counsel in connection with the Lawsuit because of Mr. Rouleau's extensive experience in complex business disputes, commercial real estate disputes, and breach of contract matters. The Debtor submits that the

---

[2] In addition to serving as the Debtor's conflicts counsel, WBD will also continue to serve as bankruptcy counsel for Dr. Asterbadi and Mrs. Asterbadi individually.

retention of H&K under the terms described herein is appropriate under sections 327, 328 and 1107 of the Bankruptcy Code.

13. Continued engagement of Mr. Rouleau will conserve estate resources by eliminating the need to bring new attorneys up to speed. In addition to avoiding expense on account of transitioning to a new attorney, Mr. Rouleau's continued engagement will minimize disruption and delays that likely would result from transitioning to new attorneys.

### The Services to be Rendered

14. The Debtor proposes to retain H&K as its special counsel to assist it with any and all matters relating to the Lawsuit and any matter or proceeding relating to the subject matter of the Lawsuit.

### The Standards for Approving Employment

15. Bankruptcy Code section 327(e) states:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

16. Employment applications under section 327(e) of the Bankruptcy Code must establish that (1) the attorney has already represented the debtor; (2) the attorney is being retained for a special purpose; (3) the retention of the attorney is in the best interest of the debtor's estate; and (4) the attorney has no conflict of interest concerning the matter for which the attorney is being retained. *Id. See also In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005).

17. Retention of an attorney under Bankruptcy Code section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel. *See, e.g., In re West Delta Oil Co., Inc.*, 432 F.3d 347, 357 (5th Cir. 2005) ("special counsel employed

under § 327(e) need only avoid possessing interests 'adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed.*'") (emphasis added; internal citations omitted). "Subsection [327(a)] restricts retention of lawyers and other professionals to those who do not hold or represent an interest adverse to the estate and are disinterested. Subsection [327(e)] permits employment of an attorney 'for a specified special purpose,' so long as the attorney does not hold or represent 'any interest adverse to the debtor or to the estate with respect to the matter' on which he is to be employed." *Century Indem. Co. v. Congoleum Corp. (In re Congoleum Corp.)*, 426 F.3d 675, 688-689 (3d Cir. N.J. 2005). *See also In re Polaroid Corp.*, 424 B.R. 446, 453 (Bankr. D. Minn. 2010) (section 327(e) only disqualifies counsel when they have conflicts related to the matter on which the attorney is to be employed); *In re J.S. II, LLC*, 371 B.R. 311 (Bankr. N.D. Ill. 2007) (section 327(e) has more relaxed conflict of interest standard than section 327(a)); *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005) (counsel not disqualified under section 327(e) because it holds prepetition claim); *In re Servico, Inc.*, 149 B.R. 1009 (Bankr. S.D. Fla. 1993) (no violation of section 327(e) because receipt of the alleged preferential payment did not cause the law firm to hold any interest adverse to the debtor or the estate on the matter on which it was employed).

18.     ". . . [S]ection 327(e) 'will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that litigation.'" 3 Collier on Bankruptcy P 327.04 (16th 2020) (quoting *In re Abrass*, 250 B.R. 432, 436 (Bankr. M.D. Fla. 2002).

19.     Section 327(e) applies since Mr. Rouleau "previously represented the debtor" in connection with the Lawsuit and related matters. *In re Bowman*, 181 B.R. 836, 847 (Bankr. D. Md. 1995). Mr. Rouleau and H&K are being retained for the purpose of continuing to represent the Debtor in the very same matter in which Mr. Rouleau, while at WBD, was engaged. The Debtor believes that the employment of H&K as special counsel would be in the best interests of

the Debtor and its estate, with compensation to be determined upon application to this Court. Further, based upon the Verified Statement, the Debtor believes that neither Mr. Rouleau nor H&K holds or represent any interest adverse to the Debtor with respect to the matters for which they are to be employed.

## **Compensation**

20. Section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on . . . an hourly basis." 11 U.S.C. § 328(a). The Debtor desires to employ H&K on an hourly basis.

21. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any rules or other procedures that may be fixed by this Court, the Debtor requests that H&K be compensated on an hourly basis for professional services rendered at its standard hourly rates, plus reimbursement of actual and necessary expenses incurred by H&K. The H&K attorney that will be primarily responsible for this engagement and his standard hourly rate is Louis J. Rouleau ($725). Other H&K attorneys, paraprofessionals, and legal assistants may provide additional supporting legal services as required. The standard hourly rates presently in effect at this time for associates are in the $500-$650 range. These hourly rates are subject to revision periodically. The hourly rates set forth above are H&K's hourly rates for work of this nature.[3]

22. The intended source of compensation for the fees and costs incurred by Mr. Rouleau and H&K in connection with the services described herein will be the proceeds of a sale or refinancing of the Property.

23. H&K will maintain detailed and contemporaneous records of time entries, as well as any actual and necessary expenses incurred in connection with the rendering of legal services

---

[3] In the WBD Motion, the Court authorized a retainer in the amount of $70,000. Such retainer will be paid to and will secure the fees and expenses already incurred, or as may be incurred, by WBD. H&K has not required the payment of a retainer.

not otherwise absorbed by the firm.  All of H&K's fees and expenses incurred in connection with the Lawsuit and related matters will, except as may otherwise be ordered by the Court, be subject to approval of the Court upon proper application by H&K in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), the fee and expense guidelines established by this Court and the United States Trustee, and all other applicable requirements. H&K understands that interim and final fee awards are subject to approval by this Court.

24. Although many activities in connection with the Lawsuit will be common as between the Debtor and Dr. Asterbadi, H&K will maintain separate charge categories for services allocable to one or the other client.  H&K's allocation of charges between the Debtor and Dr. Asterbadi will be subject to review and approval of the Court in connection with any fee application filed by H&K.  Dr. Asterbadi – not the Debtor nor its estate – will be responsible for payment of the fees and costs incurred representing him in the Lawsuit.

## Best Interests of the Estate

25. As set forth above, Mr. Rouleau and H&K satisfy all the requirements for employment as special counsel for the Debtor under sections 327(e) and 1107 of the Bankruptcy Code.

26. The employment of Mr. Rouleau and H&K as special counsel for the Debtor is in the best interests of the Debtor's estate and is appropriate under 11 U.S.C. § 327.

**WHEREFORE**, the Debtor respectfully requests that it be authorized to employ Mr. Rouleau and H&K in this case on the terms set forth herein, effective as of January 13, 2021, in place of Womble Bond Dickinson (US) LLP with respect to the Lawsuit and related matters, and that it be granted such other and further relief as is just and proper.

Dated: February 11, 2021

ZACHAIR, LTD.

*/s/ Bradford F. Englander*
Whiteford, Taylor & Preston, LLP
Bradford F. Englander, Esq., Bar No. 11951
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Application will be served electronically by the Court's CM/ECF system on the following parties:

- Nancy D. Greene         ndg@ndglaw.com
- Bradford F. Englander     benglander@wtplaw.com, rodom@wtplaw.com
- Bruce W. Henry      bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
- Patrick J. Kearney        pkearney@sgrwlaw.com jnam@sgrwlaw.com
- Nicole C. Kenworthy      bdept@mrrlaw.net
- Michael J. Klima         bankruptcy@peroutkalaw.com
- Michael J. Lichtenstein     mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin     jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers     bdept@mrrlaw.net
- Kevin M. O'Donnell        kmo@henrylaw.com mbp@henrylaw.com,jtm@henrylaw.com
- L. Jeanette Rice     Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Jeffrey L. Tarkenton     Jeffrey.tarkenton@wbd-us.com, karla.radtke@wbd-us.com,pascal.naples@wbd-us.com,morgan.patterson@wbd-us.com,matthew.ward@wbd-us.com
- Jacob Christian Zweig       jzweig@evanspetree.com crecord@evanspetree.com
- US Trustee - Greenbelt     USTPRegion04.GB.ECF@USDOJ.GOV

*/s/ Bradford F. Englander*
Counsel

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **In re:** | ) ) ) | |
| **Zachair, Ltd.,** | ) ) ) | **Case No.: 20-10691-TJC** |
| Debtor. | ) ) ) | **Chapter 11** |

**VERIFIED STATEMENT OF LOUIS J. ROULEAU**

I, Louis J. Rouleau, declare as follows:

1. I am a partner in Holland & Knight LLP ("H&K"), with offices located at 800 17th Street, NW, Washington, DC 20006, and am admitted to practice law in the United States District Court for the District of Maryland. This Statement is submitted in support of the *Debtor's Application for Authority to Employ Holland & Knight LLP, as Special Counsel for the Debtor* (the "Application").

2. By the Application, the above-captioned debtor and debtor-in-possession (the "Debtor") seeks to employ and retain H&K and myself as special counsel to represent it in a lawsuit filed against it and Dr. Nabil Asterbadi by PD Hyde, LLC in Prince George's County, Maryland (the "Lawsuit"), and related proceedings. Dr. Asterbadi has also requested that I and H&K represent him in the Lawsuit. The Debtor seeks to retain H&K at H&K's normal hourly rates in effect at the time services are rendered, and in accordance with H&K's normal expense reimbursement policies, pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Unless otherwise stated in this Statement, I have personal knowledge of the facts set forth herein.

10

3. In connection with the proposed employment of H&K in this case, H&K submitted the name of the United States Trustee ("UST"), the employees in the UST's office in Greenbelt, Maryland, and names of known individuals and entities that may be creditors or parties-in-interest in the bankruptcy case that was provided to H&K by counsel for the Debtor for review in the computerized conflict database system maintained by H&K. A complete list of the names reviewed for purposes of the conflicts check is attached hereto as Exhibit 1.

4. H&K does not hold or represent any interest adverse to the Debtor or its estate with respect to the matters in which H&K is to be employed. Further, neither H&K nor any attorneys associated with or employed by H&K has any "connection" (as such term is used in Bankruptcy Rule 2014(a)) with the Debtor or its creditors, any other party-in-interest in the Debtor's chapter 11 case, its respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as provided herein:

    a. <u>Sandy Spring Bank</u> – Sandy Spring Bank is the Debtor's secured pre-petition lender, and post-petition DIP lender. A partner in H&K's Tysons Corner office represents Sandy Spring Bank on various loan transaction matters. All such matters are unrelated to the Debtor.

    b. <u>Verizon Wireless</u> – Verizon Wireless and its affiliates provide telephone, internet and cell phone service to the Debtor. Several attorneys in H&K's Fort Lauderdale, Florida, office represent Verizon Wireless in connection with: (1) retail lease agreements for Verizon Wireless stores in the Southeast; and (2) rights of way and utility easements in Florida. All representations of Verizon Wireless are unrelated to the Debtor.

    c. <u>Potential purchasers</u> – The Debtor has provided a list identifying entities that have expressed an interest in acquiring the Debtor's Property. Several of those entities are clients of H&K. H&K has not provided any services to any such party in connection with the Debtor or its Property, and will not do so. Matters relating to the sale of the Property are outside the scope of my and H&K's engagement.

5. H&K has agreed to be compensated on an hourly basis for professional services rendered at its standard hourly rates. I will be the H&K attorney that will be primarily responsible for this engagement. My standard hourly rate is $725. Other H&K attorneys, paraprofessionals, and legal assistants may provide additional supporting legal services as required. The standard hourly rates presently in effect at this time for associates are in the $500-$650 range.

6. These hourly rates are subject to revision periodically. The hourly rates set forth above are H&K's hourly rates for work of this nature. These rates are set at a level designed to fairly compensate H&K for the work of its attorneys and paraprofessionals to cover fixed and routine overhead expenses. It is H&K's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with their cases. The expenses charged to clients include, among other things, expert witnesses and consultants fees, toll charges for telephone calls, overnight packages, special delivery or postage, photocopying, application fees, court costs, travel and private processor fees. H&K will charge for these expenses in a manner and at rates consistent with charges made generally to H&K's other clients.

7. H&K will provide professional services in the most efficient way possible and with a minimum of duplication.

8. I and H&K understand that if the Court approves the employment of H&K as special counsel to the Debtor, all compensation and reimbursement of expenses are subject to Court review and approval. I and H&K understand and agree that no compensation or reimbursement of expenses will be paid unless authorized by the Court. I and H&K further agree to maintain a detailed chronological record of the services rendered, time expended, and

expenses incurred, and to maintain separate accounts for services rendered for the benefit of Dr. Asterbadi and the Debtor.

9.   No promises have been received by H&K nor by any partner, counsel or associates thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  H&K has no agreement with any other entity to share with such entity any compensation received by H&K in connection with this chapter 11 case.

I, Louis J. Rouleau, declare under penalty of perjury that the forgoing is true and correct.

Dated: February 11, 2021                                   By: */s/ Louis J. Rouleau*
                                                                                Louis J. Rouleau

### Exhibit 1 to Verified Statement

**Debtor Parties**
Zachair, Ltd.
Nabil Asterbadi
Maureen Asterbadi

**U.S. Trustee Parties**
Balourdos, Jennifer
Costa, Debi
Ellis, Beth A.
Fitzgerald, John P., III
Jacobs, Jennifer
Kohen, Lynn A.
Nelson, Kevin
Payton, Anthony M.
Rice, Jeanette
Snyder, Jacquelyn A.

**Creditors and Parties in Interest**
American Express
Arlyn Construction Co
ATEC Musical Instrument Service
Beaty, Christina T.
Biesiadecki, Jan S.
Bond Safeguard Insurance Co
Bradley, James

Bristow, S. Michael
Buchner, Mark
Callan, Brian P.
Citibank
Clark Construction Group
Clinton Aero Maintenance
Clinton Fence
Comptroller of Maryland
Fetter Aviation Co
Fornshell, John A.
Fry, Michael C.
G. S. Proctor & Associates, Inc.
Goldfarb, Alice
Gorecki, Greg
Howards, Mark
Isherwood, Raymond
Jackson, Gary
Jettmar, R. Uwe
Keithley, Terrance C.
King, Jerry
Kravit, Richard
Legalist
Legalist DIP SPV II, LP
Maltenfort, Andrew J.
Marcus & Bonsib
Maryland Aviation Administration
Maryland Department of the Environment
Mencia, M. Lucia
Mercedes Benz Financial Services
Metro Earthworks
Meyers Rodbell & Rosenbaum
Nabil J. Asterbadi
Naylor, Lisa J.
Ocean First Bank
Palisades Development
Parsons, Fred
PD Hyde Field, LLC
Richard Reed, Esq.
Rifkin Weiner Livingston, LLC
Riggins, David / P and R Aviation
Roberts, Roy
Roesler, Robert D.
Sandy Spring Bank
Shapiro, Philip A.

Shirley Contracting Company
Snyder, Gene
Stoner, Brendon
Streamline Advisors, LLC
Strittmatter Corp
TD Bank Auto Finance
Tri-State Ventilation LLC
Verizon Wireless
Viteri, Melinda Benson
The Watt Companies
Wells Fargo Equipment Finance

**Consultants/Professionals**
Carl E. Mosley, CPA
CC Services Corporation
Dewberry Consultants LLC
Dewberry Engineers Inc.
ECS Mid-Atlantic, LLC
Lenhart Traffic Consulting, LLC
O'Malley Miles Nylen & Gilmore, P.A.
SC&H Group, Inc.
Soltesz, LLC
Whiteford Taylor & Preston LLP
William C. Harvey & Associates, Inc.
Womble Bond Dickinson (US) LLP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **In re:** | ) ) ) | |
| **Zachair, Ltd.,** | ) ) | Case No.: 20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

### ORDER AUTHORIZING EMPLOYMENT OF
### HOLLAND & KNIGHT, LLP AS SPECIAL COUNSEL FOR THE DEBTOR

Upon consideration of the *Application for Authority to Substitute and Employ Holland & Knight, LLP, as Special Counsel for the Debtor in Place of Womble Bond Dickinson (US) LLP* (the "Application")[1] and the Verified Statement of Louis J. Rouleau (the "Verified Statement"), filed by the above-captioned debtor and debtor in possession (the "Debtor"), all as more fully set

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

forth in the Application; and upon consideration of the Verified Statement; and the Court being satisfied based on the representations made in the Application and the Verified Statement that (i) Holland & Knight LLP ("H&K") neither represents nor holds an interest adverse to the Debtor or to its estate with respect to the matter(s) for which H&K is to be engaged; (ii) H&K is duly qualified to represent the Debtor as special counsel under section 327(e) of the Bankruptcy Code; and (iii) the employment of H&K is necessary and would be in the best interest of the Debtor, its estate, and its creditors; and due notice of the Application having been given; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Application is **APPROVED**; and it is further

**ORDERED** that, pursuant to section 327(e) of the Bankruptcy Code, the Debtor is authorized to retain and employ H&K as its special counsel in connection with the Lawsuit effective as of January 13, 2021, on the terms set forth in the Application, with compensation and reimbursement of expenses subject to further Order of this Court.

**ORDERED** that this Court shall retain jurisdiction to resolve all matters arising out of the Application or this Order.

**END OF ORDER**