IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.: 20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

MOTION FOR APPROVAL OF SETTLEMENT AND
PLAN SUPPORT AGREEMENT UNDER BANKRUPTCY RULE 9019

Zachair, Ltd. ("Zachair" or "Debtor"), the debtor and debtor-in-possession in the above-captioned case, by and through his counsel, pursuant to Sections 105(a) and 363 of the Bankruptcy Code, and Rule 9019 of the Federal Rules of Bankruptcy Procedure, hereby submits this motion (the "Motion") for entry of an order approving the *Settlement and Plan Support Agreement*, dated September 8, 2021 (the "Agreement"), which is attached hereto as **Exhibit A**, among Zachair, Dr. Nabil Asterbadi ("Asterbadi", and together with Zachair, the "Zachair Parties"), PD Hyde Field LLC ("PD Hyde"), and Watt Companies, Inc. ("Watt", and together with PD Hyde, the "PD Parties"). In support of the Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Bankruptcy Court has the authority to grant the relief requested herein pursuant to Sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rule 9019(a).

**Background**

3. On January 17, 2020 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or an examiner has been made in this chapter 11 case.

4. Prior to the Petition Date, Zachair and WV/B Palisades Development LLC ("WV/B") entered into a Real Estate Sale Contract dated as of March 22, 2013 (as subsequently amended, the "PD Sale Contract"). WV/B assigned its rights under the PD Sale Contract to PD Hyde pursuant to Assignment of Real Estate Sale Contract dated November 9, 2015.

5. The PD Sale Contract provided for Zachair's sale to PD Hyde of approximately 423.45 acres of real property located in Prince George's County, Maryland (the "Property"), more fully described in Exhibit A to the *Amended Order (A) Approving the Stale of the Debtor's Property Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Sales Contract, (C) Approving Bid Procedures, (D) Scheduling Bid Deadline, Auction and Sale Hearing, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Certain Related Relief* [Docket No. 235] (the "Sale Order").

6. Disputes arose under the PD Sale Contract and PD Hyde filed a complaint (the "Complaint") against the Zachair Parties in the Circuit Court for Prince George's County, Maryland, case no. 18-42893 (the "Circuit Court Case"). The Zachair Parties dispute the assertions in the Complaint, and believe that, if litigated, Zachair would assert counterclaims against the PD Parties.

7. In connection with the Circuit Court Case, PD filed a lis pendens on the Property. Pursuant to the requirements of the Sale Order, PD Hyde has released the lis pendens.

8. On or about May 20, 2020, PD Hyde filed proof of claim no. 18-1 (the "PD Proof of Claim") in the Bankruptcy Case for a claim in the aggregate amount of $5,617,818.00, asserting that $1,200,000.00 of such claim is secured and the remainder is unsecured non-priority claim.

9. On June 11, 2021, Zachair filed Debtor's *Motion for an Order (A) Approving the Stale of the Debtor's Property Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Sales Contract, (C) Approving Bid Procedures, (D) Scheduling Bid Deadline, Auction and Sale Hearing, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Certain Related Relief* [Docket No. 215] (the "Sale and Bid Procedure Motion"). Among other relief, the Sale and Bid Procedure Motion sought preliminary approval of a Real Estate Sales Contract dated June 1, 2021, between Zachair as seller, and JP Land Holdings, LLC as purchaser attached as Exhibit B to the Sale and Bid Procedure Motion (as may be amended, the "JP Sale Contract"). On July 26, 2021, the Court entered its order granting the Sale and Bid Procedure Motion. *See* Docket No. 234.

10. On June 28, 2021, Zachair filed the *Debtor's Plan of Reorganization* [Docket No. 224 and *Disclosure Statement with Respect to Debtor's Plan of Reorganization* [Docket No. 225]. As contemplated in the Plan and Disclosure Statement, and to facilitate confirmation and consummation of the Plan, Zachair is seeking a commitment for a loan in an amount not less than $7,550,000 (net of lender's points, fees, prepaid interest, escrows and closing costs) to provide funds for payments under the Plan ("Exit Financing"). To that end, on August 23, 2021, the Debtor filed the *Debtors' Motion for Order (A) Authorizing and Approving the Term Sheet and Payment*

3

*of Fees With Regard To Exit Financing; (B) Granting Super-Priority Claim; and (C) Granting Related Relief* [Docket No. 241].

11. On September 8, 2021, the Debtor filed its *Debtor's First Amended Plan of Reorganization* [Docket No. 245] ] (as may be further amended, the "Plan"), and its *First Amended Disclosure Statement With Respect to Debtor's First Amended Plan of Reorganization* [Docket No. 246] (as may be further amended, the "Disclosure Statement").

12. After substantial discussions and arms-length negotiations conducted in good faith, the Zachair Parties and the PD Parties (collectively, the "Parties") entered into the Agreement (Exhibit A). The Parties desire to settle and resolve the disputes described above on the terms set forth in the Agreement, subject to the Court's approval pursuant to this Motion.

## Material Terms of the Agreement

13. The material terms of the Agreement are summarized in the following table. In the event of any inconsistency between this summary and the Agreement, the Agreement will govern.

| Item | Description |
| --- | --- |
| Parties | Zachair and Dr. Asterbadi (the "Zachair Parties"), and PD Hyde LLC and Watt Companies, Inc. (the "PD Parties"). Watt or a subsidiary is the manager of PD Hyde. |
| PD Proof of Claim | Effective on the Approval Date (as defined in the Agreement), PD Hyde shall have an allowed non-priority unsecured claim in the amount of $3,200,000.00. |
| Treatment of PD Proof of Claim if Exit Financing is Obtained | If the Debtor succeeds in obtaining Exit Financing and if the Exit Financing is funded prior to the end of 2021, the Debtor shall pay $1,600,000 to PD Hyde concurrently with the funding of such financing, and shall pay an additional $500,000 to PD Hyde concurrently with the Debtor's receipt of the second installment payment due under the Note, as such term is defined in the JP Sales Contract (as defined in the Agreement). Such payments will be in satisfaction of PD Hyde's claim. |

| | |
|---|---|
| Treatment of PD Proof of Claim if Exit Financing is Not Obtained | If the Debtor does not arrange and consummate Exit Financing, the Debtor shall pay the PD Proof of Claim in full, *pari passu* with the payment of principal to other allowed general unsecured claims. |
| Interest | No interest shall accrue or be payable with respect to the PD Proof of Claim. |
| Documents and Entitlements | Not later than five (5) business days following the Approval Date (as defined in the Agreement), the PD Parties shall deliver to the Debtor all plans, drawings, documents, permits, entitlements, appraisal reports, marketing materials, communications with builders and other materials relating to the Property. |
| Releases | On the Approval Date, the Zachair Parties and the PD Parties will be deemed to have generally released all claims, known and unknown, against each other and their respective affiliates, agents, employees, managers, officers, directors, owners, servants, representatives, attorneys, accountants, predecessors, successors, assigns, spouses, heirs, and legatees, other than claims expressly preserved under the Settlement Agreement. |
| Circuit Court Case | The Circuit Court Case shall be dismissed with prejudice within 10 days after entry of the Approval Order (as defined in the Agreement). |
| Plan Support | PD Hyde shall vote in favor of any plan proposed by the Debtor that implements and is consistent with the terms of the Agreement. |
| Bankruptcy Court Approval | The Agreement is subject to approval by the Bankruptcy Court and shall not be effective until the entry of an order by the Bankruptcy Court approving this Agreement, and expiration of any stay of such order. |

## Relief Requested

14. Through this Motion, the Debtor respectfully requests the entry of an order approving the Agreement and authorizing the Debtor to take any and all other necessary actions to effectuate the Agreement as provided for herein.

## Basis for Relief

15. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Bankruptcy Rule 9019(a) further provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P.

5

9019(a). Compromises and settlements "are a normal part of a bankruptcy case." *Plaza at Latham Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 514 (N.D.N.Y. 1993); *Nussbaum v. United States (In re Smith)*, 210 B.R. 689, 692 (Bankr. D. Md. 1997) (same).

16. The decision whether to approve a compromise under Bankruptcy Rule 9019 is left to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. *See In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the proposed settlement falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted). *See United States of America ex rel. Rahman v. Oncology Associates, PC*, 269 B.R. 139, 153 (D. Md. 2001).

17. The best interests of the estate are well served by approval of the Agreement. The Agreement provides for the allowance of the PD Proof of Claim in the amount of $3,200,000, which represents a $2,417,818 reduction in the amount of the PD Proof of Claim. The Agreement waives interest under the PD Proof of Claim, which is significant in that the Debtor appears to be solvent and payment of interest likely would be required. The Agreement provides an additional $1,100,000 discount in the event that the Debtor is able to arrange Exit Financing. The Agreement also provides that the PD Proof of Claim will be allowed solely as a general unsecured claim, eliminating issues and complexities arising from PD Hyde's assertion that its claim is secured in part. In addition to the economic compromises, the Agreement requires PD Hyde to deliver various studies and related materials regarding the Debtor's Property, which is expected to be helpful in consummating the sale of the Property. Importantly, the settlement eliminates the risk,

delay and sizeable expense of continued litigation. The Debtor firmly believes that the settlement will facilitate confirmation of the Debtor's chapter 11 plan.

18. The Agreement represents a sound exercise of the Debtor's business judgment and is justified under the circumstances because the benefits of such relief are significant.

19. For all of the reasons identified herein, the Debtor respectfully submits that the relevant considerations under Bankruptcy Rule 9019 and sections 105(a) and 363 of the Bankruptcy Code support approving the relief requested herein.

### Notice of Motion

20. Bankruptcy Rule 9019(a) provides that a Court may approve a compromise or settlement "after notice and a hearing." Bankruptcy Rule 2002(a)(3) provides a twenty-one (21) days-notice by mail of the hearing to approve a compromise or settlement of a controversy, unless the Court approves a shortening of the notice period. A separate notice of this motion and the hearing hereon shall be filed and served in accord with Bankruptcy Rule 2002.

### Waiver of Stay

21. The Debtor believes that the order approving the Motion should become effective immediately upon its entry and that any stay of its effectiveness as may be imposed under the Bankruptcy Rules, including without limitation under Bankruptcy Rule 6004(h), should be waived. Waiver of such stays will enhance the prospects of confirming the Debtor's Plan, and providing for prompt payment of creditors.

### Waiver of Memorandum of Law

22. Pursuant to Local Bankruptcy Rule 9013-2, and because there are no novel issues of law presented in the motion and all applicable authority is set forth herein, the Debtor

respectfully requests that the Court waive the requirement that a motion be accompanied by a separate written memorandum of fact and law.

**WHEREFORE**, the Debtor requests the entry of an order, substantially in the form annexed to this Motion as **Exhibit B**, approving and authorizing the Parties to enter into the Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: September 9, 2021

*/s/ Bradford F. Englander*
Whiteford, Taylor & Preston, LLP
Bradford F. Englander, Esq., Bar No. 11951
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Motion will be served electronically by the Court's CM/ECF system on the following parties:

    Bradford F. Englander    benglander@wtplaw.com, rodom@wtplaw.com
    Nancy D. Greene    ndg@ndglaw.com
    Bruce W. Henry    bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
    Patrick J. Kearney    pkearney@sgrwlaw.com, jnam@sgrwlaw.com
    Nicole C. Kenworthy    bdept@mrrlaw.net
    Michael J. Klima    bankruptcy@peroutkalaw.com
    Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
    Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
    M. Evan Meyers    bdept@mrrlaw.net
    Kevin M. O'Donnell    kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
    L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
    Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, beverly.saint@wbd-us.com;cathy.hinger@wbd-us.com;mnemith@wbd-us.com;rahul.tilva@wbd-us.com
    US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
    Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com

                              */s/ Jae Won Ha*
                              Counsel