Entered: October 15th, 2021
Signed: October 15th, 2021

**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.:  20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD DATE; (E) SCHEDULING A PLAN CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (F) APPROVING THE RELATED FORM OF NOTICE**

Upon consideration of the *Debtor's Motion for Entry of an Order: (A) Approving the Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Confirmation of the Plan, and (F) Approving the Related Form of Notice*

[Docket No. 227] (the "Motion")[1]; and the Debtor having filed the *First Amended Plan of Reorganization* [Docket No. 245], as has been supplemented and modified as shown on the redline attached as Exhibit A to the Line filed on September 30, 2021 [Docket No. 257] (as may be further amended, supplemented or otherwise modified, the "Plan"), the *First Amended Disclosure Statement with Respect to Debtor's First Amended Plan of Reorganization* [Docket No. 250], as has been supplemented and modified as shown on the redlines attached as Exhibit B to the Line filed on September 30, 2021 [Docket No. 257], and as Exhibit A to the Line filed on October 5, 2021 [Docket No. 258] (as may be further amended, supplemented or otherwise modified, the "Disclosure Statement"), and all pleadings related thereto, and based on the record in the Chapter 11 Case; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all other parties in interest; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein,

**THE COURT FINDS THAT:**

A.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      Notice of the Motion was sufficient and proper under the circumstances and was provided in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

D.      The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtor, its estate, its creditors, and other parties in

---

[1]      Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion, the Plan, or the Disclosure Statement, as applicable.

interest.

E.      The form of ballot attached hereto as **Exhibit A** (the "Ballot") for Holders of Claims and Equity Interests who are entitled to vote (i) is consistent with Official Form No. B-314, (ii) adequately addresses the particular needs of the Chapter 11 Case, (iii) is appropriate for the Voting Class, and (iv) complies with Bankruptcy Rule 3017(d).

F.      The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders of Claims and Equity Interests who are entitled to vote to make informed decisions to accept or reject the Plan and timely submit their Ballots.

G.      The Tabulation Rules for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.      The contents of the Solicitation Packages and the procedures for providing notice of the hearing on confirmation of the Plan and the other matters set forth in the Plan Confirmation Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Disclosure Statement is approved under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

3.      The Confirmation Hearing shall be held on **November 30, 2021, at 10:30 a.m. (Eastern Time)**, at the United States Bankruptcy Court, Federal Courthouse, 6500 Cherrywood

Lane, Courtroom 3-E, Greenbelt, Maryland 20770.  The deadline to file objections to the confirmation of the Plan (the "Objection Deadline"), and the deadline to deliver Ballots to the Balloting Agent (the "Ballot Deadline"), shall be **November 16, 2021, at 5:00 p.m. (Eastern Time)**.  The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than adjournments announced in open court.

4.    Objections to the confirmation of the Plan, if any, must:

(a)    be in writing;

(b)    comply with the Bankruptcy Rules and the Local Rules;

(c)    state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person;

(d)    state with particularity the basis and nature of any objection to the confirmation of the Plan and, if practicable, a proposed modification to the Disclosure Statement that would resolve such objection; and

(e)    be filed, together with proof of service, with the Bankruptcy Court and served so that they are actually received by the notice parties identified in the Confirmation Hearing Notice by the Objection Deadline.

5.    The Confirmation Hearing Notice, in substantially the form of **Exhibit B** attached hereto, is approved, and shall be served upon all parties who have filed or scheduled Claims or Equity Interests, who are listed on Schedule G to the Debtor's schedules or who have filed a notice of appearance pursuant to Bankruptcy Rule 2002 as soon as practicable after the entry of this Order.

6.    The record date (the "Balloting Record Date") for determining which Holders of Claims or Equity Interests are entitled to vote to accept or reject the Plan shall be the date the Bankruptcy Court enters this Order.

7.    Within three (3) business days following entry of this Order, the Debtor shall transmit a package (the "Solicitation Package") containing, among other materials as the

Bankruptcy Court requires, (a) the Plan, (b) the Disclosure Statement, (c) the Confirmation Hearing Notice, (d) an appropriate Ballot, and (e) such other materials as the Bankruptcy Court may direct.

8.      As part of the Solicitation Package, the Debtor shall distribute, to creditors entitled to vote on the Plan, one or more Ballots based on Official Form No. B-314.  The form of Ballot attached hereto as **<u>Exhibit A</u>** is hereby approved.

9.      The notice of the hearing on confirmation of the Plan and approval of the Disclosure Statement resulting from the entry of this Order is hereby deemed to be and shall be adequate and sufficient notification of the information contained therein to all creditors and other parties in interest, and no other or further notice shall be necessary or required.

10.      Ballots accepting or rejecting the Plan shall be delivered so that they are actually received by the Balloting Agent on or before 5:00 p.m. (Eastern Time) on the Ballot Deadline. Ballots are to be delivered to the Balloting Agent by regular mail, overnight courier or hand delivery to the Balloting Agent at the following address:  Bradford F. Englander, Esq., Whiteford, Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042.

11.      For purposes of voting to accept or reject the Plan, and not for purposes of allowance or distribution on account of a Claim, and without prejudice to the rights of the Debtor in any other context, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be one of the following alternatives:

(a)      if no proof of Claim was timely filed, the Claim amount listed in the Schedules filed with the Bankruptcy Court by the Debtor, provided that such Claim is not scheduled as contingent, disputed, or unliquidated;

(b)      the liquidated amount specified in a proof of Claim timely filed with the Court (or otherwise deemed timely filed by the Bankruptcy Court under applicable law), to the extent that the proof of Claim is not the subject of an objection; or

(c)  the amount temporarily allowed by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after notice and a hearing at or before the Confirmation Hearing.

12.  The following Tabulation Rules are approved and shall be utilized in tabulating the Ballots:

(a)  any Ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan will be counted and cast as an acceptance or rejection, as the case may be, of the Plan.  Except as otherwise ordered by the Bankruptcy Court or with the consent of the Debtor, a claimant may not change its vote once a Ballot is submitted to the Balloting Agent;

(b)  any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)  any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan will not be counted;

(d)  if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

(e)  any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of this Plan or that indicates both acceptance and rejection of this Plan will not be counted;

(f)  any Ballot received by the Balloting Agent after the Voting Deadline will not be counted, unless the Debtor agrees in writing to an extension of such deadline;

(g)  any Ballot not bearing an original signature will not be counted; and

(h)  any Ballot received by the Balloting Agent by facsimile, e-mail or other electronic communication will not be counted.

13.  Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims or Equity Interests in the single Voting Class accepting or rejecting the Plan.  The Debtor shall cause such certification to be filed with the Bankruptcy Court prior to the Confirmation Hearing.

14.     The Balloting Agent shall mail or transmit the Solicitation Packages no later than three (3) business days after the entry of this Order.

15.     The Debtor is authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Bankruptcy Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

16.     Objections not made to (i) the voting procedures authorized by this Order, (ii) the form of notice to be provided to creditors and interest holders of the Debtor as approved by this Order, or (iii) the form of ballot to be provided to Holders of Claims as approved by this Order, shall not be considered at the Confirmation Hearing.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**End of Order**

cc:

Bradford F. Englander, Esq.
Whiteford, Taylor & Preston L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

**EXHIBIT A**

**Form Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.:  20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE
PLAN OF REORGANIZATION OF ZACHAIR, LTD.**

Zachair, Ltd. (the "Debtor"), the debtor and debtor in possession in the above-captioned case has filed the *First Amended Disclosure Statement with Respect to Debtor's First Amended Plan of Reorganization* (as may be amended, supplemented or otherwise modified, the "Disclosure Statement") and *First Amended Plan of Reorganization* (as may be amended, supplemented or otherwise modified, the "Plan").  The Bankruptcy Court has approved the Disclosure Statement with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.[2]  If you do not have a copy of the Disclosure Statement, you may obtain a copy from Balloting Agent for the Debtor: Bradford F. Englander, Whiteford, Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042 (benglander@wtplaw.com).

Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.**

**If your Ballot is not received by the Balloting Agent on or before November 16, 2021, at 5:00 p.m. (Eastern Time), and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Please review this Ballot and make sure to fill in the blanks below, and check the applicable box for indicating your acceptance or rejection of the Plan.**

---

[2]    Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion, the Plan, or the Disclosure Statement, as applicable.

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the Holder of a Claim or Interest against the Debtor in the unpaid amount

of Dollars $_____ in Class _____ under the Plan:

## Check One Box Only

☐ **Accepts** the Plan
☐ **Rejects** the Plan

**Print or Type Name of Claimant** _____

**Signature** _____

**Name of Signatory (if different than** _____
**claimant)**

**If by Authorized Agent, Title of Agent** _____

**Street Address** _____

**City, State and Zip Code** _____

**Telephone Number** _____

**Email Address** _____

**Date Completed** _____

**Return this ballot to**:
Bradford F. Englander, Esq.
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042

- **Ballots cannot be accepted by facsimile, e-mail or other electronic means.**

- **This Ballot does not constitute, and should not be deemed to be: (a) a proof of claim, or (b) an assertion or admission of a claim.**

11

**<u>EXHIBIT B</u>**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| In re: | ) |
| | ) |
| Zachair, Ltd., | )   Case No.:  20-10691-TJC |
| | ) |
| Debtor. | )   Chapter 11 |
| | ) |

**NOTICE OF (I) ESTABLISHMENT OF SOLICITATION AND VOTING**
**PROCEDURES AND (II) HEARING ON CONFIRMATION OF PLAN**

TO ALL PARTIES IN INTEREST WITH RESPECT TO ZACHAIR, LTD. (THE "DEBTOR"), PLEASE TAKE NOTICE THAT:

You may obtain a copy of the Disclosure Statement[3] and/or Plan by making a written request to Bradford F. Englander, Whiteford, Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042 (benglander@wtplaw.com).

**Plan Confirmation Hearing**.  The Bankruptcy Court shall hold a hearing (the "Confirmation Hearing") to consider confirmation of the *First Amended Plan of Reorganization* (as may be amended, supplemented or otherwise modified, the "Plan") on **November 30, 2021, at 10:30 a.m. (Eastern Time)**, at the United States Bankruptcy Court, Federal Courthouse, 6500 Cherrywood Lane, Courtroom 3-E, Greenbelt, Maryland 20770.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor in open court of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in a notice filed with the Bankruptcy Court.  The Debtor  may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan and Disclosure Statement without further notice.

**Voting Procedures**.  If you are a Holder of a Claim or Interest that entitles you to vote on the Plan, you will receive a solicitation package which shall include, among other things, a copy of (i) this Notice and (ii) one or more Ballots.  Please review the Ballot(s) and the instructions included therewith for how to vote on the Plan.  Failure to follow the voting instructions may disqualify your vote.

**Voting Deadline**.  The deadline to vote on the Plan is  **November 16, 2021, at 5:00 p.m. (Eastern**

---

3       Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the *Motion of the Debtor for Entry of an Order: (A) Approving the Disclosure Statement, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing the Voting Record Date, (E) Scheduling a Plan Confirmation Hearing and Deadline for Filing Objections to Confirmation of the Plan, and (F) Approving the Related Form of Notice* [Docket No. 227].

**Time)** (the "<u>Ballot Deadline</u>").  The Debtor's Balloting Agent, Bradford F. Englander, Esq., must **receive** your ballot with an original signature by the Ballot Deadline.  Otherwise, your vote will not be counted.  In order for your Ballot to count, you must (1) properly complete, date, and execute the Ballot and (2) deliver the Ballot to the Balloting Agent by regular mail, overnight courier or hand delivery to the Balloting Agent at the following address:  Bradford F. Englander, Whiteford, Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042.  Ballots submitted by facsimile, e-mail or other electronic communication will not be counted.

**Objections to Plan Confirmation**.  All objections and responses to confirmation of the Plan or the final approval of the adequacy of the Disclosure Statement must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Equity Interests held or asserted by the objector against the Debtor, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served, so as to be received no later than **November 16, 2021, at 5:00 p.m. (Eastern Time)**, upon: (i) counsel to the Debtor, Bradford F. Englander, Esq., Whiteford, Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042; (ii) the Office of the United States Trustee, 6305 Ivy Lane, Suite 600, 20770, Greenbelt, MD 20770; and (iii) such other parties as the Bankruptcy Court may order.  Pursuant to Bankruptcy Rule 3020(b), if no objection to confirmation of the Plan is timely filed, the Bankruptcy Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

**Additional Information**. For more information about the solicitation procedures or to obtain a copy of the Plan, Disclosure Statement or any related documents, please contact Balloting Agent for the Debtor: Bradford F. Englander, Whiteford, Taylor & Preston, LLP, 3190 Fairview Park Drive, Suite 800, Falls Church, Virginia 22042 (benglander@wtplaw.com).

Dated: _____, 2021

/s/ _____
Whiteford, Taylor & Preston, LLP
Bradford F. Englander, Esq., Bar No. 11951
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for the Debtor*

14