**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Zachair, Ltd.,** | ) | Case No.: 20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## BID PROCEDURES

On [●], the United States Bankruptcy Court for the District of Maryland entered the *Order (A) Approving the Sale of the Debtor's Property Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Contract, (C) Approving Bid Procedures, (D) Scheduling Bid Deadline, Auction and Sale Hearing, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Certain Related Relief* [Docket No. [●]] (the "Order"), by which the Court approved procedures setting forth the process by which the Debtor is authorized to solicit bids for and conduct an auction (the "Auction") for a sale or disposition (the "Sale") of the Debtor's Property (the "Bid Procedures").

**I.      PARTICIPATION REQUIREMENTS**

   a. **Preliminary Bid Documents**. Unless previously provided, any person or entity that wishes to participate in the bidding process for the Property must submit to counsel for the Debtor the following documents (the "Preliminary Bid Documents"):

      a. an executed Confidentiality and Non-Circumvention Agreement, or a similar confidentiality agreement, in form and substance satisfactory to the Debtor; and

      b. written evidence of the person's or entity's financial and other capacity to consummate the Sale, in form and substance reasonably satisfactory to the Debtor.

   b. **Potential Bidder**. Promptly following receipt of any Preliminary Bid Documents, the Debtor shall determine and shall notify such person or entity whether such person or entity has submitted acceptable Preliminary Bid Documents so that such person or entity may access the Due Diligence (such person or entity so designated as eligible by the Debtor, a "Potential Bidder"). Any person or entity that is not designated as a Potential Bidder by the Debtor will not receive access to the Due Diligence Materials (as defined below).

   c. **Bid Deadline**. Anyone that desires to become a Qualified Bidder (as defined below) shall deliver a written copy of its Qualified Bid (as defined below) to the parties specified below, so as to be received no later than **5:00 p.m. (prevailing Eastern**

**Time), on [●], 2022** (the "Bid Deadline") on counsel to the Debtor ("Debtor's Counsel") and Debtor's real estate agent and broker (the "Broker") (together, "Debtor's Advisors" or "Advisors") as follows:

    i. Debtor's Counsel: Whiteford, Taylor & Preston, LLP, Attn: Bradford F. Englander, Esq., 3190 Fairview Park Drive, Suite 800, Falls Church, VA 22042 (e-mail: benglander@wtplaw.com); and

    ii. Broker: Fraser Forbes Real Estate Services, LLC, a/k/a Fraser Forbes Company LLC, 7811 Montrose Road, Suite 500, Potomac, MD 20854 (attn: Richard O. Samit) (e-mail: rsamit@fraserforbes.com).

d. **Additional Evidence**. The Debtor may (i) at any time require a Potential Bidder to provide additional evidence of its financial or other ability to consummate the Sale, and (ii) based on the additional evidence provided, exclude any Potential Bidder from conducting a due diligence investigation or otherwise participating in the Auction. The Debtor may work with parties who submit offers on or before the Bid Deadline in an attempt to qualify the same as a Qualified Bid such that said party may participate at the Auction.

e. **Information**. Interested bidders requesting information about the qualification process should contact the Broker and/or Debtor's Counsel.

f. **Due Diligence**. Only Potential Bidders and the Stalking Horse Purchaser will have access to the Due Diligence Materials (as defined below). Upon the execution of the Confidentiality and Non-Circumvention Agreement, or a similar confidentiality agreement, in form and substance satisfactory to the Debtor, Potential Bidders shall be given access to copies of all title reports, title insurance policies, environmental, soil and other tests and studies, and copies of all surveys, engineering and other plans and plats relating to the Property to the extent within Debtor's possession or control (collectively, the "Due Diligence Materials") via an online data room maintained by the Broker. The Debtor, in its sole discretion, reserves the right to permit Potential Bidders to conduct on-site tests and studies at the Property, subject to the Potential Bidder's satisfactory explanation of the need for additional on-site testing, and its execution of documents indemnifying the Debtor for any potential damage to the Property, as well as all costs and expenses related to such on-site tests and studies. The Debtor and its Advisors are not required to furnish any information of any kind whatsoever relating to the Property to any person or entity that is not a Potential Bidder. The Debtor and its Advisors shall coordinate the efforts of all Potential Bidders in conducting a due diligence investigation in connection with a potential bid. Except for obligations set forth in the Contract, upon the expiration of the Bid Deadline, the Debtor and its Advisors are not required to furnish any information of any kind whatsoever relating to the Property to any person or entity that is not a Qualified Bidder (as defined below).

## II. QUALIFIED BIDS

   a. **Forms and Content of a Qualified Bid**. A "Qualified Bid" is a bid received by the Debtor's Advisors on or before the Bid Deadline that:

      i. is formal, binding and unconditional, except for conditions relating to development entitlements and court approval;

      ii. is not conditioned on any unperformed due diligence, feasibility analyses, tests or studies;

      iii. includes the following documents:

         1. unless previously provided, current financial statements of the Potential Bidder for the Potential Bidder's last fiscal year (or, if the Potential Bidder is an entity created to purchase the Property, such financial statements from the Potential Bidder's parent or other appropriate affiliated company), current financial statements for any subsequent fiscal quarter, or such other financial documentation reasonably satisfactory to the Debtor;

         2. written evidence of a Potential Bidder's internal resources and, if applicable, a binding financing commitment (not subject to any conditions) from a recognized banking institution or other source of cash, such as binding equity commitments and tables setting forth the sources and uses of funds for the Sale, that demonstrate such Potential Bidder's financial and other capability to close the Sale in its entirety, in all cases which are in form and substance reasonably acceptable to the Debtor (the "Financial Documents");

         3. a clearly marked executed written agreement that is in form and substance acceptable to the Debtor;

         4. a letter (i) stating that the Potential Bidder has read and agrees to be bound by the terms and conditions of the Bid Procedures, (ii) setting forth contact information for the Potential Bidder, its authorized representative and its counsel, and as to each, such person's full name, company or firm, physical address or other address at which such person receives overnight deliveries, telephone number, facsimile number and email address, (iii) stating that the Potential Bidder has not engaged in any collusion with respect to its bid, and (iv) acknowledging that: (a) the Potential Bidder has had an opportunity to examine the Debtor's assets and liabilities before making its bid, (b) the Potential Bidder has relied solely upon its own independent review, investigation or inspection of any documents in making its bid and (c) the Potential Bidder did not rely upon any written or oral statements, representations, promises, warranties or guaranties

        whatsoever, whether express or implied, by operation of law or otherwise, regarding the Debtor's assets or liabilities, or the completeness of any information provided in connection with the Debtor's implementation of the Bid Procedures, in each case except as expressly stated in such letter; and

      5. evidence of authority such as a copy of a board resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed;

  iv. except for conditions relating to development entitlements and court approval, is not subject to any material condition precedent to closing, including obtaining financing, any internal or equity holder approval contingency, the outcome of unperformed due diligence, or any bid protections (including a breakup fee, termination fee, expense reimbursement or similar type of payment);

  v. the Debtor determines that a Potential Bidder is reasonably likely (based on the Financial Documents, the Potential Bidder's history and experience in consummating similar transactions, transaction structure and execution risk, or other considerations) to be consummated if selected as the Prevailing Bid (as defined below);

  vi. includes a good faith deposit in the form of a cashier's check, wire transfer or other immediately available funds in the amount of not less than Five Hundred Thousand Dollars ($500,000.00) to the Debtor's escrow agent (the "Bidder Deposit"); and

  vii. clearly sets forth the purchase price to be paid for the Property and provides for such purchase price to be paid for entirely in cash (unless otherwise agreed by the Debtor).

b. **Qualified Bid**. The Debtor shall notify any Potential Bidder promptly upon the Debtor's determination of whether its bid is a Qualified Bid. Any Potential Bidder so notified shall be a "Qualified Bidder" and its bid shall be a "Qualified Bid" for purposes of these Bid Procedures and the Auction. Between the date the Debtor notifies a Potential Bidder that it is a Qualified Bidder and the Auction, the Debtor may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Each Potential Bidder, whether or not submitting a Qualified Bid, is deemed to have submitted to the exclusive jurisdiction of the U.S. Bankruptcy Court for the District of Maryland, Greenbelt Division, with respect to all matters related to bids, the Auction and the Sale. A Qualified Bidder shall not be permitted to withdraw its bid prior to the conclusion of the Auction, if held. The Stalking Horse Purchaser shall be automatically deemed a Qualified Bidder without the need to take any action and may submit additional higher bids.

    c. **Rejection of Bid**. The Debtor may, in its discretion and in consultation with the Debtor's Advisors, reject any Bid (regardless of whether such Bid is a Qualified Bid) that, in such Debtor's business judgment, is (i) inadequate, insufficient, or not the highest or best Bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Bid Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtor's estate, affected stakeholders, or other parties in interest, in each case subject to and in accordance with the Bid Procedures.

    d. **Irrevocable**. NOTWITHSTANDING ANY CONDITIONS LISTED IN THE APPLICABLE AGREEMENT, ALL BIDS SHALL BE DEEMED IRREVOCABLE UNTIL THE FIRST TO OCCUR OF (i) THE CONCLUSION OF THE HEARING ON THE CONFIRMATION OF THE DEBTOR'S PLAN (OR, IF THE SALE HEARING IS CONDUCTED SEPARATELY FROM THE CONFIRMATION HEARING, THE CONCLUSION OF THE SALE HEARING), OR (ii) THE DEBTOR'S WRITTEN REJECTION OF SUCH BID. IN THE EVENT THAT A BIDDER SEEKS TO REVOKE ITS BID, THE DEBTOR SHALL BE ENTITLED TO KEEP SUCH BIDDER'S DEPOSIT AND PURSUE ALL OTHER CONTRACTUAL REMEDIES UNDER LAW OR EQUITY.

## III.    THE AUCTION AND OVERBIDS

If the Debtor receives more than one Qualified Bid, the Debtor shall conduct the Auction to determine the Prevailing Bidder. If the Debtor does not receive more than one Qualified Bid, the Debtor may cancel the Auction and declare the Stalking Horse Purchaser as the Prevailing Bidder by filing on the Court's docket a *Notice of Cancellation of Auction and Designation of Stalking Horse Bidder as the Prevailing Bidder* (the "Notice of Sale to Stalking Horse Purchaser"). The Auction, if needed, shall take place at the date, time and place this Court convenes a hearing on the Debtor's confirmation of a plan of reorganization (the "Confirmation Hearing"), or at such other date, time and location as may be determined by the Debtor or the Court. Only a Qualified Bidder may participate at the Auction. Unless otherwise agreed by the Court and the Debtor, a Qualified Bidder participating in the Auction may appear at the Auction only in person or through a representative who is duly authorized to bind the Qualified Bidder to any overbid. In addition to the foregoing, the Auction shall be conducted as follows until otherwise modified by this Court:

    a.    the Court, or the Debtor, as applicable, will conduct an open Auction on the record, calling for incremental bids from the Qualified Bidders participating in the Auction, with minimum overbid increments being in an amount not less than $100,000 (the "Overbid Increment");

    b.    subject to subparagraph (e) below, Qualified Bidders may increase their bids at the Auction, in accordance with the conditions set forth herein, as many times as they wish; but a Qualified Bidder that wishes to submit a bid that is less than the minimum incremental amount of $100,000 may do so, but only by announcing that such bid is such Qualified Bidder's highest or otherwise best bid and, if topped, such Qualified Bidder shall no longer participate in the Auction. Bidding among any remaining Qualified Bidders shall continue to be in $100,000 Overbid Increments;

5

    c.      each Qualified Bid, and each and every bid made at the Auction, shall remain open, irrevocable and subject to acceptance by the Debtor (notwithstanding the Debtor's designation of any other or subsequent bid as a "higher or better" bid, or a Prevailing Bid) until the Court enters its order identifying and approving the Prevailing Bidder;

    d.      the Debtor may consult with the Stalking Horse Purchaser and its counsel regarding Qualified Bids; except, however, the Debtor may choose not to consult if consultation regarding any issue, selection, or determination may have a chilling effect on potential bidding, in Debtor's reasonable business judgment;

    e.      the Court or the Debtor, as applicable, may announce reductions or increases in the Overbid Increment at any time during the Auction and may restrict Qualified Bidders from passing in more than one round of bidding;

    f.      bidding at the Auction will begin with the Qualified Bid(s) that the Debtor had determined prior to the commencement of the Auction is/are the highest and otherwise best bid(s) for the Property and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid (a "Subsequent Bid") is submitted by a Qualified Bidder that the Debtor determines is higher or better than the previous bid. The Debtor shall announce the material terms of each Subsequent Bid at the Auction;

    g.      to the extent that Qualified Bidders seek to modify the noneconomic terms of their sales contract in connection with Subsequent Bids, they shall disclose such modifications in connection with a Subsequent Bid;

    h.      the Auction may be conducted in person or by Zoom or other similar platform. The Debtor shall provide details regarding the manner of the Auction to Qualified Bidders; and

    i.      as required by Local Bankruptcy Rule 6004-1(c)(2)(B), each bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

## IV.    PREVAILING BIDDER

As soon as reasonably practicable after the conclusion of the Auction, the Debtor shall (a) determine, consistent with the Bid Procedures and in consultation with its Advisors, which Bid constitutes the highest or otherwise best Bid ("Prevailing Bid"); and (b) notify all Qualified Bidders of the identity of the Qualified Bidder that submitted the Prevailing Bid ("Prevailing Bidder") and the amount of the Stalking Horse Purchase Price and other material terms of the Prevailing Bid. The Stalking Horse Purchaser, who shall be permitted to participate in the Auction or other sale process for the sale of the Property as a Qualified Bidder, shall be the Prevailing Bidder if it matches the terms of any competing Qualified Bid or makes a bid that is better than any competing Qualified Bid.

### V. SALE HEARING

Subject to Court availability and subject to the results of the Auction, if necessary, the hearing to consider approval of the sale of the Debtor's Property to the Prevailing Bidder (the "Sale Hearing") will be held at the Confirmation Hearing or at such other date, time and location as may be determined by the Debtor or the Court. The Sale Hearing may be continued to a later date by the Debtor by sending notice prior to, or making an announcement at, the Sale Hearing. No further notice of any such continuance will be required to be provided to any party.

### VI. RETURN OF BIDDER DEPOSIT

The Bidder Deposits for each Qualified Bidder shall be held in one or more accounts on terms acceptable to the Debtor in its sole discretion and shall be returned (other than with respect to the Prevailing Bidder) on or before the date that is five (5) business days after the entry of the order approving the Sale to the Prevailing Bidder.

### VII. AS IS, WHERE IS

The Sale of the Property shall be on an "as is, where is" basis and without representations of warranties of any kind, nature, or description by the Debtor, its agents or estate, except to the extent set forth in the Contract (or such form of sales contract submitted by the Prevailing Bidder and agreed upon by the Debtor and approved by the Court).

### VIII. RESERVATION OF RIGHTS

The Debtor reserves its rights to modify the Bid Procedures in its reasonable business judgment and in consultation with its Advisors in any manner that will best promote the goals of the bidding process, or impose, at or prior to the conclusion of the Auction, additional customary terms and conditions on the sale of the Property, including, without limitation: (a) extending the deadlines set forth in these Bid Procedures; (b) adjourning the Auction at the Auction and/or adjourning the Sale Hearing without further notice; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction; (d) rescheduling or canceling the Auction; and (e) rejecting any or all Bids or Qualified Bids except, however, the Debtor may not reject the Stalking Horse Bid in the absence of other bids.. The Bankruptcy Court will retain jurisdiction over any matters related to or arising from the implementation of these Bid Procedures.

### IX. CONSENT TO JURISDICTION AS CONDITION TO BIDDING

All Qualified Bidders, including the Stalking Horse Bidder, at the Auction shall be deemed to have consented to the exclusive jurisdiction of the Bankruptcy Court and to have waived any right to a jury trial in connection with any disputes among any Qualified Bidder and the Debtor relating to the Auction and the construction and enforcement of the Qualified Bidder's contemplated Transaction documents, as applicable.