## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.:  20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

### OBJECTION OF WHITEFORD, TAYLOR & PRESTON, LLP TO
### SANDY SPRING BANK'S PROPOSED DISCLOSURE STATEMENT

Whiteford, Taylor & Preston, LLP ("WTP"), counsel for the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), files this objection (this "Objection") to the *Proposed Disclosure Statement of Sandy Spring Bank* [Dkt. No. 336] (the "SSB Disclosure Statement") filed by Sandy Spring Bank (the "Bank") with respect to the *Plan of Reorganization of Sandy Spring Bank* [Dkt. No. 337] (the "SSB Plan"). In support of this Objection, WTP states as follows:

### INTRODUCTION

1.    Since the Debtor's January 17, 2020 petition date, WTP has served as counsel for the Debtor and, in that capacity, has dutifully provided significant legal services on behalf of the Debtor and its estate in all aspects of this case. As this case was filed at the outset of the global pandemic COVID-19, WTP, like many other professionals, faced unprecedented operational challenges in performing its duties as counsel for the Debtor. Despite these challenges, the Debtor has achieved significant progress in this case. In order to reach these results, WTP professionals

Bradford F. Englander, Esq., Bar No. 11951
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for the Debtor*

have spent countless hours rendering services in highly specialized areas of law, including bankruptcy, environmental and real estate. WTP has incurred legal fees and unreimbursed expenses in the amount of approximately $2.2 million, of which $1,703,052.27 have been approved by the Court on an interim basis. *See* Dkt. No. 283. Despite the interim approval of fees and expenses, no payment has been made to WTP as compensation for its services rendered, or costs incurred, in connection with this case. WTP remains the largest administrative creditor in this chapter 11 case.

2.      The Bankruptcy Code is very clear as to how the administrative claims of WTP and the Debtor's other professionals must be treated. Section 1129(a)(9) states that such claims must be paid in full, in cash, on the effective date of any plan, unless the holder of the claim agrees otherwise. To be clear, WTP does not agree otherwise; it expects to be paid on the effective date of any plan, and fully reserves its rights in that regard.

3.      The Bank has proposed a plan that flouts Section 1129(a)(9) of the Bankruptcy Code. Instead of providing for payment of allowed administrative claims on the effective date, the Bank seeks to avail itself of the plan process with no regard for section 1129(a)(9). The Bank would only pay holders of administrative expenses their pro rata share of whatever is left over after the Bank and its proposed plan trustee (the "Plan Trustee") are paid. The Bank has in its coffers all of the money necessary to fund its obligations under the Bankruptcy Code (that's why it's called a "bank"). It simply shirks the Code in favor of its own economic objectives. This treatment does not comply with the Bankruptcy Code and renders the SSB Plan facially unconfirmable. The Court therefore must deny approval of the SSB Disclosure Statement describing this patently unconfirmable chapter 11 plan.

2

## LEGAL STANDARDS

4.     A disclosure statement that describes a plan that is unconfirmable on its face should not be approved.  *See, e.g., In re Wong*, 598 B.R. 827, 829 (Bankr. D. Md. 2019) ("[A] court may disapprove a disclosure statement where the underlying plan is clearly unconfirmable."); *In re Harenberg*, 491 B.R. 706, 717 (Bankr. D. Md. 2013) ("There is no sound reason to approve a disclosure statement, and permit voting on an underlying plan, when the plan is fundamentally defective."); *In re Foxwood Hills Prop. Owners Ass'n, Inc.*, 2021 WL 3059716, at *5 (Bankr. D.S.C. June 1, 2021) (same).

5.     Since the SSB Plan on its face cannot be confirmed, it is incumbent on the Court to deny approval of the SSB Disclosure Statement in order to prevent the diminution in the value of the estate that would result from the expense of soliciting votes and seeking confirmation.  *See In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D. Va. 1986) ("If, on the face of the plan, the plan could not be confirmed, then the court will not subject the estate to the expense of soliciting votes and seeking confirmation"); *In re Quigley Co., Inc.*, 377 B.R. 110, 115–16 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to approve the disclosure statement must be denied, as solicitation of the vote would be futile."); *In re Main Street AC, Inc.*, 234 B.R. 771 (Bankr. N.D. Cal 1999) (same).

## OBJECTION

### I.     The SSB Plan is Patently Unconfirmable and Approval of the SSB Disclosure Statement  Therefore Must Be Denied

6.     The SSB Plan is not confirmable on its face because it fails to pay allowed administrative expense claims in full in cash by the effective date of the SSB Plan as required by § 1129(a)(9)(A) of the Bankruptcy Code.  To comply with this section, a plan must provide that holders of the administrative claims "will receive" cash on the effective date in the full amount of

3

their claim.  11 U.S.C. § 1129(a)(9)(A) (requiring that the holder of an administrative claim "will receive on account of such claim cash equal to the allowed amount of such claim").  The SSB Plan provides that the holders the administrative expense claims will receive payment "to the extent net proceeds are available from sale of the Property[.]" SSB Plan, Art. II, § 2.1, pp. 9.  The SSB Disclosure Statement confirms that the SSB Plan does not require payment in full of the allowed administrative expense claims, as it additionally states that if the sale proceeds are not sufficient to pay all administrative expense claims in full, "such claims shall be paid on a *pro-rata* basis from remaining proceeds of sale." SSB Disclosure Statement, Art. V(A), pp. 15.  This treatment *per se* fails to satisfy section 1129(a)(9) and thus the SSB Plan cannot be confirmed.[1]

7.      Further, the SSB Plan fails to ensure that administrative claims will be paid on the effective date.  The Plan Trustee does not have the authority to begin the sale process for the Property until the occurrence of the effective date.  *See, e.g.,* SSB Plan, Art. XIII, § 13.5, pp. 18 ("The occurrence of the Effective Date shall constitute Bankruptcy Court authorization for the Plan Trustee to take or cause to be taken any action necessary or appropriate after the Effective Date for the effectuation of the SSB Plan and such action will be authorized and approved in all respects and for all purposes without any requirement of further action by any other person."); SSB Plan, Art. XI, § 11.1 ("On the Effective Date, pursuant to §§ 1141 (b) and (c) of the Bankruptcy Code, all property of the Estate shall vest in the Plan Trustee…..").  Despite that the effective date necessarily must occur prior to the sale of the Property, the SSB Plan provides for payment of the administrative expense claims "within thirty (30) days from the date of closing

---

[1] For the avoidance of doubt, WTP has not agreed and will not agree to accept less than full payment of its allowed administrative claim in cash on the effective date of the SSB Plan, should such plan be confirmed.

under a sale of the Property[.]" SSB Plan, Art. II, § 2.1, pp. 9. The proposed date of payment thus also fails to comply with section 1129(a)(9).

8.      The Bank's treatment of administrative claims is a further testament to the Bank's desire to advance only its own interests through the SSB Plan at the expense of all other creditors. Despite failing to pay the holders of the administrative expense claims in full by the effective date as required, the SSB Plan ensures that the Bank's claims (including all interest and costs) are paid in full ahead of any other creditor. *See* SSB Plan, Art. VI, pp. 16 ("The holder of the SSB Secured Claim shall paid in full from proceeds of such sale(s) within thirty days after closing under contract(s) for sale."); *see also* SSB Plan, Art. V(A), pp. 15 ("To the extent proceeds available after payment of claims secured by an interest in the Property are insufficient to make payment of all allowed Administrative Expense Claims, such claims shall be paid on a *pro-rata* basis from remaining proceeds of sale."). As a financial institution whose fundamental business involves lending money, the Bank certainly has the means to fully fund the SSB Plan and pay the administrative expense claims in full on the effective date if it chooses to do so. The Bank's unwillingness to fund legally required payments to administrative creditors reveals that not even the Bank believes that its fire sale of the Debtor's Property will generate sufficient funds to pay creditors other than the Bank.

9.      The Bank's failure to ensure full payment of professional fees on the effective date is especially troubling given that WTP has performed extensive legal services for more than two and a half years without receiving any compensation, and the Bank vigorously opposed DIP financing that would have provided for modest payment of professional fees. *See Opposition of Sandy Spring Bank to Debtor's Motion Authorizing Post-Petition Financing with Priming Liens and Super-Priority Claims and for Other Relief* [Dkt. No. 134].

10.     The SSB Plan is fatally flawed and *per se* unconfirmable as drafted.  The SSB Disclosure Statement should be denied because the SSB Plan is facially unconfirmable.

## RESERVATION OF RIGHTS

11.     WTP expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the adequacy of the SSB Disclosure Statement, confirmation of the SSB Plan, or any other issue in this Chapter 11 case, and to supplement, modify, and amend this Objection, to seek discovery, and to raise additional objections in writing or orally at any hearing held upon the SSB Disclosure Statement, the SSB Plan, or any amendments thereto.

## CONCLUSION

12.     In light of the foregoing, the SSB Disclosure Statement should not be approved.

**WHEREFORE**, WTP respectfully requests that the Court enter an order (i) denying approval of the SSB Disclosure Statement, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 10, 2022

*/s/ Bradford F. Englander*
Bradford F. Englander, Esq., Bar No. 11951
David W. Gaffey, Esq. (admitted *pro hac vice*)
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com
            dgaffey@wtplaw.com

*Counsel for the Debtor*

*12396962*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2022, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing will be served electronically by the Court's CM/ECF system on the following parties:

- **Marguerite Lee DeVoll**   mdevoll@watttieder.com, shope@watttieder.com
- **Bradford F. Englander**   benglander@wtplaw.com, twhitt@wtplaw.com
- **Nancy Greene**   ndg@ndglaw.com
- **Bruce W. Henry**   bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
- **Patrick J. Kearney**   pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- **Nicole C. Kenworthy**   bdept@mrrlaw.net
- **Michael J. Klima**   bankruptcy@peroutkalaw.com
- **Jennifer Larkin Kneeland**   jkneeland@watttieder.com, zsyed@watttieder.com
- **Michael J. Lichtenstein**   mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- **Jeffery Thomas Martin**   jtm@henrylaw.com, mbp@henrylaw.com
- **M. Evan Meyers**   bdept@mrrlaw.net
- **Kevin M. O'Donnell**   kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
- **L. Jeanette Rice**   Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **Jeffrey L. Tarkenton**   Jeffrey.tarkenton@wbd-us.com, beverly.saint@wbd-us.com;cathy.hinger@wbd-us.com;mnemith@wbd-us.com;rahul.tilva@wbd-us.com
- **US Trustee - Greenbelt**   USTPRegion04.GB.ECF@USDOJ.GOV
- **Jacob Christian Zweig**   jzweig@evanspetree.com, crecord@evanspetree.com

I hereby further certify that on August 10, 2022, a copy of the foregoing was also served on the following parties by U.S. first class mail, postage pre-paid:

> Office of the U.S. Trustee - Greenbelt
> Attn: L. Jeanette Rice
> 6305 Ivy Lane, Suite 600
> Greenbelt, MD 20770-6305
>
> Sandy Spring Bank
> Attn: Bruce Henry, Esq.
> 300 N Washington Street, Ste 204
> Alexandria, VA 22314-2530

> */s/ David W. Gaffey*
> David W. Gaffey