IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Zachair, Ltd.,** | ) | Case No.: 20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**HOLLAND & KNIGHT LLP'S OPPOSITION TO**
**DISCLOSURE STATEMENT OF SANDY SPRING BANK**

Holland & Knight LLP ("H&K"), special counsel for Zachair, Ltd. (the "Debtor"), files this opposition (the "Opposition") to the *Disclosure Statement* [Docket No. 336] (the "Disclosure Statement") filed by creditor Sandy Spring Bank ("SSB") with respect to its *Plan of Reorganization* [Docket No. 337] (the "Plan") and, in support, states as follows:

**Pertinent Background**

1. The Debtor is a Maryland corporation which owns an assemblage of real property totaling 423.45 acres located in Prince George's County, Maryland (the "Property"). The Property historically has been operated as an airfield known as Hyde Field.

2. On January 17, 2020 (the "Petition Date"), the Debtor filed with the Bankruptcy Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this chapter 11 case. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Prior to the Petition Date, on November 15, 2018, PD Hyde Field, LLC filed a complaint against the Debtor and Dr. Nabil Asterbadi in the Circuit Court for Prince George's

County, Maryland, styled, *PD Hyde Field LLC v. Zachair, Ltd., et al.,* Civil Action No. 18-42893 (the "Lawsuit"), in connection with disputes arising from a contract to purchase the Property.

4. On February 11, 2021, the Debtor filed its *Application for Authority to Employ Holland & Knight LLP as Special Counsel for the Debtor* (the "H&K Application"), seeking to employ H&K as special counsel in connection with the Lawsuit effective as of January 13, 2021, which the Court granted on March 15, 2021.  [Docket Nos. 197 & 208].[1]

5. Through September 30, 2021, Bankruptcy Court has approved fees and expenses owing to H&K in the amount of $354,025.08, which amount is an administrative claim in this bankruptcy case.  [Docket No. 289].  Further, approximately $25,000.00 in additional fees and costs have accrued since September 30, 2021.

## Grounds for Objecting

6. SSB's Plan fails to pay allowed administrative expense claims and allowed non-accepting priority claims in full in cash on the Effective Date of the Plan as required by § 1129(a)(9)(A) and (B) of the Bankruptcy Code.  Section 1129(a)(9) provides:

> (9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—
>
> (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;
>
> (B) with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive—
>
> (i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
>
> (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim.

---

[1] Attendant to settlement of the Lawsuit, on November 12, 2021, the parties filed a Stipulation of Dismissal with Prejudice with the Circuit Court for Prince George's County, Maryland.

11 U.S.C. § 1129(a)(9).

7. To comply with this section, a plan must ensure that holders of administrative and non-accepting priority claims will receive cash on the Effective Date in the full amount of their claims. SSB's Plan, however, provides that the holders the administrative expense claims will be paid "to the extent net proceeds are available from sale of the Property". Plan, Art. II, § 2.1, pp. 9. SSB's Disclosure Statement confirms that the Plan does not require payment in full of allowed administrative expense claims, as it additionally states that if the sale proceeds are not sufficient to pay all administrative expense claims in full, "such claims shall be paid on a pro-rata basis from remaining proceeds of sale." Disclosure Statement, Art. V(A). Further, the Plan does not provide for payment of administrative expense claims on the Effective Date, but instead requires payment "within thirty (30) days from the date of closing under a sale of the Property[.]" Plan, Art. II, § 2.1, pp. 9. As neither provision complies with section 1129(a)(9), the Plan cannot be confirmed as drafted.

8. H&K has not agreed, and does not agree, to payment except in cash in full on the Effective Date.

9. For the foregoing reasons, SSB's Plan is unconfirmable and, as a result, the Court should not approve the Disclosure Statement.

Dated: August 10, 2022

/s/ Philip T. Evans
Philip T. Evans
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Phone: 202.955-3000
Email: philip.evans@hklaw.com

*Special Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 10, 2022, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Opposition will be served electronically by the Court's CM/ECF system on the following parties:

Marguerite Lee DeVoll   mdevoll@watttieder.com, shope@watttiederc.om
Bradford F. Englander    benglander@wtplaw.com, rodom@wtplaw.com
Nancy Greene    ndg@ndglaw.com
Bruce W. Henry    bwh@henrylaw.com, kmo@henrylaw.com;jtm@henrylaw.com;mbp@henrylaw.com
Patrick J. Kearney    pkearney@sgrwlaw.com, jnam@sgrwlaw.com
Nicole C. Kenworthy    bdept@mrrlaw.net
Michael J. Klima    bankruptcy@peroutkalaw.com
Jennifer Larkin Kneeland   jkneeland@watttieder.com, zsyed@watttieder.com
Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
M. Evan Meyers    bdept@mrrlaw.net
Kevin M. O'Donnell    kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, beverly.saint@wbd-us.com;cathy.hinger@wbd-us.com;mnemith@wbd-us.com;rahul.tilva@wbd-us.com
US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com

                                                  */s/ Philip T. Evans*
                                                  Philip T. Evans