Entered: September 2nd, 2022
Signed: September 2nd, 2022

**SO ORDERED**



**THOMAS J. CATLIOTA**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| In re: ) |  |
| ) |  |
| Zachair, Ltd., ) | Case No.: 20-10691-TJC |
| ) |  |
| Debtor. ) | Chapter 11 |
| ) |  |

## JOINT STIPULATION AND ORDER

The above-captioned debtor and debtor-in-possession Zachair, Ltd. (the "<u>Debtor</u>") and Sandy Spring Bank (the "<u>Bank</u>", and together with the Debtor, the "<u>Parties</u>"), by and through their respective counsel, enter into this *Joint Stipulation and Order* (this "<u>Stipulation</u>"). The Parties hereto state as follows:

### RECITALS

1. On November 9, 2020, the Court entered the *Final Order Authorizing Debtor-in-Possession Financing and Use of Cash Collateral* (the "<u>DIP Order</u>") [Dkt. No. 169], approving

---

Bradford F. Englander, Esq., Bar No. 11951
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for the Debtor*

the debtor-in-possession financing in the amount of up to $360,000 provided by the Bank to the Debtor pursuant to the Sandy Spring DIP Loan Documents (as defined in the DIP Order) and authorizing the Debtor to use the cash collateral in accordance with the budget attached thereto as Exhibit A from the date of the DIP Order through and including December 31, 2021 (the "Cash Collateral Period").  From and after December 31, 2021, the Debtor has used cash collateral with the periodic approval of expenditures by the Bank.

2. On June 22, 2022, the Debtor filed its *Second Amended Plan of Reorganization* (the "Debtor Plan") [Dkt. No. 332] and *Second Amended Disclosure Statement With Respect To Debtor's Second Amended Plan of Reorganization* (the "Debtor Disclosure Statement") [Dkt. No. 333], whereby the Debtor seeks to consummate the plan through a sale of its real property (the "Property") to NVR, Inc. ("NVR") pursuant to the Sales Contract (as defined in the Debtor Plan), or to an alternative bidder.

3. On June 27, 2022, the Bank filed its *Plan of Reorganization* (the "Bank Plan") [Dkt. No. 337] and *Proposed Disclosure Statement* (the "Bank Disclosure Statement") [Dkt. No. 336].

4. On August 10, 2022, the Debtor and its counsel filed an objection to the Bank Disclosure Statement.  *See* Dkt. Nos. 356 and 357.

5. On August 23, 2022, the Court convened a hearing on the Debtor Disclosure Statement and the Bank Disclosure Statement, at which time, pursuant to the request of the parties, the Court adjourned the hearing to September 1, 2022.  *See* Dkt. No. 361.

6. A confirmation hearing on the Debtor Plan and the Bank Plan is currently scheduled for October 19, 2022 (the "Confirmation Hearing").  *See* Dkt. No. 341.

7. Concurrently herewith, the Debtor is filing a revised Debtor Plan and Debtor Disclosure Statement that resolves the majority of the disputes between the Bank and the Debtor.

This Stipulation is intended to facilitate the confirmation of the Debtor's Plan except for disputes that may arise as set forth herein.

It is hereby **STIPULATED** and **AGREED** by the Parties that:

A.      The DIP Order is amended to provide that the Cash Collateral Period is extended from December 31, 2021, through and including December 31, 2022, as may be further extended by an order of this Court, or as otherwise consented to by the Bank.

B.      Subject to the following condition, the Debtor is authorized and permitted to use Cash Collateral (as defined in the DIP Order) in the ordinary course of business consistent with past practices during this case, for expenses incurred through and including December 31, 2022, without obtaining specific authority from the Bank for each such expense. Prior to paying any expense, the Debtor shall send an authorization request that includes customary supporting documentation to Bank's counsel. If no objection is delivered within three business days of such request, the expenditure shall be deemed to be authorized. If a timely objection is raised, the payment shall not be made absent Court approval. Nothing herein authorizes the use of Cash Collateral for non-recurring extraordinary expenses or compensation of insiders.

C.      The Debtor is authorized to submit additional draw requests of a kind contemplated under the DIP Loan (as such term is defined in the DIP Order) documents up to the maximum amount set forth in the DIP Order and related documents.

D.      Upon request by the Debtor, and pursuant to the terms of the DIP Loan, the Bank shall advance $20,000.00 to the Debtor for the payment of Three Line Capital LLC's supplemental due diligence fees in connection with the Debtor's obtaining an exit financing (the "Supplemental Due Diligence Fees").

E. The Debtor is authorized and permitted to pay the Supplemental Due Diligence Fees for purposes of facilitating a commitment for exit financing.

F. In the event that the Debtor seeks to confirm the Debtor Plan based on the NVR Contract without also obtaining Exit Financing: (1) the Bank shall have the right to file an objection to the Debtor Plan based on issues arising from the NVR Contract, and file a motion to appoint a chapter 11 trustee (the "Motion to Appoint Trustee") and/or a motion to convert the case under Chapter 7 (the "Motion to Convert", and together with the Motion to Appoint Trustee, the "Bank's Motions"); and (2) the Confirmation Hearing shall be continued. The Bank reserves the right to seek joinder of the hearings on the Bank's Motions with the Confirmation Hearing on the Debtor Plan, and proposes that such joint hearing be scheduled for the second half of January of 2023, subject to the Court's availability. The Debtor and all other parties reserve the right to oppose the Bank's Motions, including the request to join the hearings, and to reschedule the Confirmation Hearing to January 2023. In the event that the Bank opposes or objects to confirmation of the Debtor Plan, the Debtor reserves the right to modify the Debtor Plan only to address arguments or objections of the Bank; provided, however, that nothing herein restricts the Debtor's right to modify provisions of the Debtor Plan that do not alter the treatment of the Bank's Claims. The Debtor reserves the right to request an earlier hearing date for the Confirmation Hearing, provided however, that if the conditions set forth in this paragraph arise, the Debtor will consent to adjourn the Confirmation Hearing to a date that is not earlier than November 28, 2022. The Bank reserves the right to object to any such request by the Debtor for a hearing date that is earlier than the second half of January 2023. If the Bank sells its promissory notes or related loan documents, or rights thereunder, to a person who is a purchaser of the Property, a proposed or prospective purchaser of the Property, an affiliate or insider of the foregoing, or any other person acting in concert with any

of the foregoing, the Debtor shall not be bound by the terms set forth in this Paragraph F, and shall reserve its rights to modify the Plan, including with respect to the treatment of the Claims sold by the Bank.

G. The Bank Plan and the Bank Disclosure Statement are hereby deemed withdrawn.

H. The Parties acknowledge that this Stipulation is the joint work product of all the Parties and that, accordingly, in the event of ambiguities, no inferences will be drawn against any Party on the basis of authorship of this Stipulation.

I. The Court will retain exclusive jurisdiction over any dispute arising out of or relating to this Stipulation.

Dated: September 1, 2022

/s/ *Bradford F. Englander*
Bradford F. Englander, Esq., Bar No. 11951
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Telephone: (703) 280-9081
Facsimile: (703) 280-3370
Email: benglander@wtplaw.com

*Counsel for the Debtor*

SEEN AND AGREED:

/s/ *Bruce W. Henry*
Bruce W. Henry (#05873)
Kevin M. O'Donnell
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314
(703) 548-2100
(703) 548-2105 (fax)
bwh@henrylaw.com

*Counsel for Sandy Spring Bank*

<u>Copies to</u>:

Bradford F. Englander
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042

Bruce W. Henry
HENRY & O'DONNELL, P.C.
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314

**END OF ORDER**