IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| **Zachair, Ltd.,** | ) ) | Case No.: 20-10691-TJC |
| Debtor. | ) ) ) | Chapter 11 |

## JOINDER OF SANDY SPRING BANK WITH EMERGENCY MOTION TO ENFORCE FILED BY NVR, INC.

Sandy Spring Bank (the "Bank"), by counsel, files this its Joinder with the Emergency Motion to Enforce filed by NVR, Inc. (Dkt. No. 383), stating as follows:

### RECITALS

1. On October 14, 2022, NVR, Inc. filed its Emergency Motion to Enforce (the "Motion") with a companion Motion to Shorten Time (Dkt. No. 384). On October 14, 2022, this Court entered an Order granting the Motion to Shorten Time and setting the Motion for hearing with plan confirmation on October 19, 2022, at 10:30 a.m. (Dkt. No. 385)

2. The Bank believes the Motion is well plead and is joining the Motion's arguments and requests for relief. The Bank will not repeat that which is recited in the Motion, which it incorporates by reference , but will amplify certain matters in support of the Motion

3. On June 27, 2022, the Bank filed its *Plan of Reorganization* (the "Bank Plan") (Dkt. No. 337) and *Proposed Disclosure Statement* (the "Bank Disclosure Statement") (Dkt. No. 336).

Kevin M. O'Donnell, Bar No. 08703
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 204
Alexandria, Virginia 22314
Telephone: (703) 548-2100
Facsimile: (703) 548-2105
Email: kmo@henrylaw.com

*Counsel for Sandy Spring Bank*

4.  On August 10, 2022, the Debtor and its counsel filed an objection to the Bank Disclosure Statement. *See* Dkt. Nos. 356 and 357.

5.  On August 23, 2022, the Court convened a hearing on the Debtor Disclosure Statement and the Bank Disclosure Statement, at which time, pursuant to the request of the parties, the Court adjourned the hearing to September 1, 2022. *See* Dkt. No. 361. The Court adjourned the hearing due to ongoing settlement negotiations between the Bank and the Debtor.

6.  As a consequence of the Bank filing a plan, and in order to potentially avoid further expense and delay, the Bank and the Debtor negotiated at arm's length and in good faith an agreement under which the Debtor filed a revised Debtor Plan and Debtor Disclosure Statement (Dkt. Nos. 365 and 366) and a Joint Stipulation and Order (Dkt. No. 371) (the "Stipulation") that resolved most of the disputes between the Bank and the Debtor. The principal unresolved issue between the Bank and the Debtor at that time is addressed in paragraph F of the Stipulation.

7.  At that time, there were three potential outcomes in the plan and sale process that were addressed by the Debtor and the Bank. The first outcome is addressed in paragraph F of the Stipulation, the second and third outcomes are in essence addressed in Section 5.16 (a) of the Plan. These will be addressed in turn.

8.  First was the potential outcome that NVR went firm on the contract supporting the Plan at the end of the study period, but that the Debtor did not have exit financing. Because the Bank viewed that contract as essentially an option contract, it reserved the right to object to confirmation in the manner articulated in paragraph F of the Stipulation. Because NVR elected not to proceed under the contract supporting the Plan, this outcome will not occur.

9.  The second and third outcomes are related. As the Court noted, the difference between the Debtor Plan and the Bank Plan was a "one in the hand, two in the bush" issue. Under

Section 5.16(a), which is triggered by NVR terminating the contract supporting the Plan, two different outcomes could occur. First, that there was "no alternative sale that provides sufficient cash on the closing date" to meet the "Threshold Price" as therein defined. In that instance, the Plan Administrator would be appointed. It had been agreed by the Bank that if an alternative sale *met the Threshold Price*, that the Plan Administrator would not need to be appointed, the alternative sale would be approved, the Plan confirmed, and a closing would be held. It is this scenario that has occurred. As noted by the NVR Motion, their cash contract meets the Threshold Price. It is the bird in the hand.

10. However, something not contemplated by the parties has now occurred. Dr. Nabil Asterbadi, the principal of the Debtor, has now refused to cooperate with the process agreed to by the parties and implemented by the Court. The Court should not permit Dr. Asterbadi to obstruct the process originally sought by the Debtor and negotiated by the Debtor and the Bank.

11. It is the view of the Bank that there is an obvious route to solving this problem. It is apparent that Dr. Asterbadi needs to be displaced from control of the Debtor. The sale to NVR needs to be approved and move toward closing. In particular there are conditions to closing that need to be met, principally closing down the airport and removal of the planes, which can be promptly effected by terminating the leases with the pilots, all of which are month to month, and removal of two above ground fuel storage tanks, which is a matter of engaging an appropriate contractor and having the work performed. An initial blush might suggest appointment of a bankruptcy trustee. However, the expense of a trustee at 3% would be likely to be a quarter of a million dollars when including trustee's counsel. This expense would fall squarely on the backs of the unsecured creditors and in the Bank's view is unnecessary. The Court should resolve these issues by declaring NVR to be the Prevailing Bidder, approving the NVR contract, confirming the

Plan, and entering a confirmation order appointing the Plan Administrator with the duties described in Section 5.16, subject to the proviso that the Plan Administrator be required to seek to go to closing under the NVR contract, and only exercise the duties described in Section 5.16 if he cannot succeed in closing under the NVR contract. NVR says it is committed to closing, and the Bank believes it will close. Only some totally unforeseen event will prevent it. The Court can guard against this by limiting the Plan Administrator from exercising his Section 5.16 powers until the Court is satisfied that good faith efforts were made to close the NVR contract and failed. The bird in the hand is nigh. The Court should not loosen its grip on the bird.

Respectfully submitted,

Dated: October 16, 2022              /s/ *Kevin M. O'Donnell*
                                     Kevin M. O'Donnell (Bar No. 08703)
                                     HENRY & O'DONNELL, P.C.
                                     300 N. Washington Street
                                     Suite 204
                                     Alexandria, Virginia 22314
                                     (703) 548-2100
                                     (703) 548-2105 (fax)
                                     bwh@henrylaw.com

                                     *Counsel for Sandy Spring Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2022, I caused a copy of the foregoing pleading to be served by electronic means through the Court's CM/ECF system to all parties receiving notices in this case, and by first-class mail, postage prepaid as follows:

**CM/ECF**
- Richard L. Costella    rcostella@tydings.com, jmurphy@tydings.com
- Bradford F. Englander    benglander@wtplaw.com, twhitt@wtplaw.com
- Philip Tucker Evans    philip.evans@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
- Nancy Greene    ndg@ndglaw.com
- Patrick J. Kearney    pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- Nicole C. Kenworthy    bdept@mrrlaw.net
- Michael J. Klima    bankruptcy@peroutkalaw.com
- Michael J. Lichtenstein    mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin    jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers    bdept@mrrlaw.net
- Kevin M. O'Donnell    kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
- L. Jeanette Rice    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Elizabeth Anne Scully    escully@bakerlaw.com
- Joseph Michael Selba    JSelba@tydingslaw.com, jselba@tydings.com
- Jeffrey L. Tarkenton    Jeffrey.tarkenton@wbd-us.com, beverly.saint@wbd-us.com; cathy.hinger@wbd-us.com;mnemith@wbd-us.com;rahul.tilva@wbd-us.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com

**By First-Class Mail, Postage Prepaid**

Fraser Forbes Company, LLC
Attn: Richard O. Samit
7811 Montrose Road, Suite 500
Potomac, MD 20854

David W. Gaffey
Whiteford Taylor & Preston, L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

William C. Harvey
Williams C. Harvey & Associates, Inc.
1146 Walker Road
Suite H
Great Falls, VA 22066

Zachair, Ltd.
2726 Chain Bridge Road NW
Washington, DC 20016

Robert L. Patrick
Streamline Advisors, LLC
Attn: Robert L. Patrick
c/o SC&H Group, Inc
910 Ridgebrook Road
Sparks, MD 21152-9480

SC&H Group, Inc
Attn: Robert L. Patrick
910 Ridgebrook Road
Sparks, MD 21152-9480

Jeffrey L. Tarkenton
WOMBLE BOND DICKINSON (US) LLP
2001 K Street, NW Suite 400 South Seventh Flr.
Washington, DC 20006

*/s/ Kevin M. O'Donnell*
Kevin M. O'Donnell