IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 20-10691-TJC |
|  | ) | Chapter 11 |
| Zachair, Ltd., | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**DEWBERRY CONSULTANTS LLC RESPONSE TO
NVR, INC'S MOTION TO APPOINT CHIEF RESTRUCTURING OFFICER AND
OPPOSITION TO THE UNITED STATES TRUSTEE'S OFFICE TO APPOINT A
CHAPTER 11 TRUSTEE**

Dewberry Consultants LLC ("Dewberry") states as its Response to NVR, Inc's Motion to Appoint a Chief Restructuring Officer ("CRO") (Dkt 393) and Opposition to the United States Trustee's Office Motion to Appoint A Chapter 11 Trustee (Dkt. 394) pursuant to Sections 105, 327, 1106, and 1107 of the Bankruptcy Code, the following:

**I.      Introduction.**

1. Dewberry is a creditor of Debtor, Zachair, Ltd.

2. Debtor is owned by Dr. Nabil Asterbadi ("Dr. Asterbadi") and his wife, Maureen Asterbadi (Ms. Asterbadi"). They are the Debtor's sole directors. Dr. Asterbadi is Debtor's President and Secretary. Ms. Asterbadi is Debtor's Vice-President. There are no other officers. Disclosure Statement at pp. 4-5. Dr. Asterbadi has directed the actions of the Debtor-in-possession throughout this case.

3. On October 27, 2022, Dr. Asterbadi contacted two employees of Dewberry to urge Dewberry to object to the sale of Debtor's primary asset, an approximately 423.24 acre assembly of land (the "property"), to NVR. Among other things, Dr. Asterbadi stated, in effect,

   a. An auction for the property had occurred;
   b. Dewberry's unsecured claim would be wiped out if Dewberry didn't object to the sale before November 1, 2022;
   c. Dr. Asterbadi had just placed a bid for the property; and
   d. Dr. Asterbadi's plan paid all the unsecured creditor while the other plan wiped them out.

4. On October 27, 2022, counsel for the Debtor confirmed NVR had been the successful bidder for the property, and the resulting Plan payments based on the sale to NVR were currently estimated to be between 7-10% to the unsecured creditors. Counsel also confirmed receipt of a contingent offer for the property a day earlier (i.e. after the close of the auction) from a third-party.

5. It has become apparent throughout this case and as a result of Dr. Asterbadi's call to Dewberry yesterday that a conflict of interest exists between the Debtor-in-Possession and, at least, Dr. Asterbadi, with Dr. Asterbadi seeking to retain the property or at least delay its sale to determent of the unsecured creditors.

6. The unsecured creditors have been harmed by the delays in consummating the sale of this property as the debt service on the loans, tax payments and the property itself has not been maintained during the pendency of this case. As noted in the United States Trustee's Motion to Appoint a Chapter 11 Trustee (Dkt 394) significant additional administrative fees and expenses have been incurred during the pendency of this case.

7. The NVR contract promises at least the hope of some recovery (7-5%) in the very short term to the unsecured creditors.

8. The appointment of a CRO is appropriate in this case. Not only can a CRO be appointed to undertake the necessary steps to consummate the transaction with NVR, but the CRO can also determine what action against Dr. Asterbadi or the Asterbadis, jointly, if any is appropriate and in the best interest of the Estate at less expense and likely a higher net recovery to the unsecured creditors than the United States Trustee's Office.

**II.  Legal Authority and Argument.**

9. Dewberry adopts NVR's Motion and related argument for the appointment of a CRO (Dkt 393) as if set forth in full herein.

10. The appointment of a Chapter 11 Trustee is an extraordinary remedy and should be avoided when a less drastic remedy is available. Appointment of a CRO is such a remedy.

11. Appointment of a CRO, rather than a Chapter 11 Trustee, would be of greater benefit to the Estate. The administrative and statutory fees of the Chapter 11 Trustee would likely consume any possible distribution to the unsecured creditors from the NVR sale leaving the unsecured creditors sole hope of payment to hinge on a future recovery from the Asterbadis at some unknown future date after payment of further administrative expenses in pursuing that recovery. This isn't in their best interests. They have already waited 2.5 years for some relief waiting longer for some speculative recovery isn't in their best interests. Moreover, a CRO, can undertake all of the duties of the Debtor-in-Possession, who is already the "functional equivalent of a Chapter 11 Trustee," at the Court's direction. See, *In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 904-905 (Bank. M.D. Fla. 2008).

12. "The court may order appointment [of a Chapter 11 trustee] only if the protection afforded by a trustee is needed and expenses of a trustee would not be disproportionately higher

than the value of the protection afforded." *In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 904-905 (Bank. M.D. Fla. 2008).

13. There is no reason to believe a CRO would not fulfill their fiduciary duties to the Estate or that this change in Debtor's management would not solve the present difficulties.

14. Here, the tasks needed to complete the sale to NVR are purely administrative and do not justify paying the Chapter 11 Trustee statutory fees on the sale. Even if, as raised in the USTO's motion (Dkt. 394) there are viable claims against the Asterbadis and they retain assets sufficient to collect any potential judgments from, this Court can empower the CRO to pursue those claims, *See, In re: Blue Stone,* 392 B.R. at 904, thus reducing the administrative expenses which the Estate would incur with a Chapter 11 Trustee.

15. The USTO suggests a Chapter 11 Trustee needs to be appointed to pursue a claim against the Asterbadis for recovery of the shareholder loans they owe the Debtor. However, the CRO can pursue this claim. As noted by the Florida Court's *In re: Blue Stone* decision, the CRO can undertake the duties of the Trustee under 11 USC § 1106(a)(3) and (4). In that case, the Court ruled "[i] these cases, the Court is inclined to require Mr. Oscher to undertake the duties specified in sections 1106(a)(2) and (3). He may, but need not absent further order of the Court, undertake the duties specified in section 1106(a)(4)." Here too, the Court can require the CRO to undertake the duties under 1106(a)(3) and (4) and file the late operating reports.

16. The continued marketing of the property is not in the best interest of the unsecured creditors. Dr. Asterbadi's continued management of the Debtor is not in the Estate's best interest as he is not taking the steps to have the Debtor comply with its obligations under the Code and it appears is actively seeking to prevent the sale of the property. In this case, a CRO can assist counsel for the Debtor in bring the Debtor in filing its monthly operating reports, consummating the transaction with NVR, completing the plan and investigating whether further

4

action is viable and pursuing that action if it is against the Asterbadis at less expense to the Estate than a Chapter 11 Trustee.

17. Pursuant to Local Bankr. Rule 9013.6, no separate memorandum or law or fact will be filed.

WHEREFORE, in consideration of the foregoing, Dewberry Consultants LLC, respectfully requests that this Honorable Court: (1) grant NVR's motion to appoint a Chief Restructuring Officer; (2) deny the United States Trustee's Office Motion to appoint a Chapter 11 Trustee; (3) enter an Order appointing a CRO for the Debtor to facilitate and effectuate the closing on the sale of the Property to the NVR Purchaser, file any required Operating Reports of the Debtor-in-Possession; confirm the Plan, and investigate and pursue, if the CRO determines it is in the best interest of the Estate to do so, any claims the Estate may have against the Asterbadis; and (4) grant any further and additional relief as the Court deems just and proper.

Dated: October 28, 2022

*/s/ Nancy D. Greene*
Nancy D. Greene (Fed Bar # 013859)
N D Greene PC
3977 Chain Bridge Rd, Suite 1
Fairfax, VA 22030
(703) 539-0333
(703) 935-4294 (facsimile)
ndg@ndglaw.com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 3, 2020, I caused a copy of the foregoing to be served by electronic means through the Court's CM/ECF system to all parties receiving notices in this case and by first-class mail, postage prepaid as follows:

## CM/ECF

- Richard L. Costella     rcostella@tydings.com, jmurphy@tydings.com
- Bradford F. Englander     benglander@wtplaw.com, twhitt@wtplaw.com
- Philip Tucker Evans     philip.evans@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
- Nancy Greene     ndg@ndglaw.com
- Patrick J. Kearney     pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- Nicole C. Kenworthy     bdept@mrrlaw.net
- Michael J. Klima     bankruptcy@peroutkalaw.com
- Michael J. Lichtenstein     mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin     jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers     bdept@mrrlaw.net
- Kevin M. O'Donnell     kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
- L. Jeanette Rice     Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Elizabeth Anne Scully     escully@bakerlaw.com
- Joseph Michael Selba     JSelba@tydingslaw.com, jselba@tydings.com
- Jeffrey L. Tarkenton     Jeffrey.tarkenton@wbd-us.com, beverly.saint@wbd-us.com; cathy.hinger@wbd-us.com;mnemith@wbd-us.com;rahul.tilva@wbd-us.com
- US Trustee - Greenbelt     USTPRegion04.GB.ECF@USDOJ.GOV
- Jacob Christian Zweig     jzweig@evanspetree.com, crecord@evanspetree.com

## By  First-Class Postage Prepaid Mail:

Fraser Forbes Company, LLC
Attn: Richard O. Samit
7811 Montrose Road, Suite 500
Potomac, MD 20854

William C. Harvey
Williams C. Harvey & Associates, Inc.
1146 Walker Road, Suite H
Great Falls, VA 22066

Robert L. Patrick
Streamline Advisors, LLC
Attn: Robert L. Patrick
c/o SC&H Group, Inc
910 Ridgebrook Road
Sparks, MD 21152-9480

Jeffrey L. Tarkenton
WOMBLE BOND DICKINSON (US) LLP
2001 K Street, NW Suite 400
South Seventh Flr.
Washington, DC 20006

David W. Gaffey
Whiteford Taylor & Preston, L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042

Zachair, Ltd.
2726 Chain Bridge Road NW
Washington, DC 20016

SC&H Group, Inc
Attn: Robert L. Patrick
910 Ridgebrook Road
Sparks, MD 21152-9480

　　　　　　　　　　　　　　　　/s/ Nancy D. Greene_____
　　　　　　　　　　　　　　　　Nancy D. Greene, Esquire