IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Zachair, Ltd., | ) | Case No.: 20-10691-TJC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## RESPONSE OF SANDY SPRING BANK TO MOTIONS FOR CRO OR APPOINTMENT OF TRUSTEE

COMES NOW Sandy Spring Bank ("Bank") and files this Response to NVR Inc.'s Motion for Order Appointment (sic) Chief Restructuring Officer (Dkt. No. 393) and the United States Trustee's Motion to Appoint Chapter 11 Trustee (Dkt. No. 394), stating as follows:

1. The Bank is a secured creditor in this proceeding. The Bank holds a prepetition note secured by a Deed of Trust, and a post-petition note also secured by a Deed of Trust. The secured debt exceeds $3,300,000, and the prepetition debt is unpaid since August, 2019.

2. On October 19, 2022, this Court held an all-day hearing in this proceeding. At the conclusion of the hearing, the Court ruled that NVR, Inc. should be declared the Successful Bidder, and that its contract should be approved by the Court and proceed toward closing.

3. It is the considered opinion of the Bank that this proceeding needs a bankruptcy trustee. The Bank will not repeat the well plead facts contained in the motions filed by NVR and the United States Trustee.

4. The principal question for the Court is the *timing* of the appointment of a trustee. NVR argues that a CRO could be appointed for the limited purpose of taking the necessary actions to satisfy the conditions to closing under the NVR contract and going to closing. Under this scenario, appointment of a trustee would be put off to another day until after closing of the

1

contract. It is believed that NVR favors this approach as more efficient to get its contract to closing. Because of the patent and gross conflicts of interest shown by Dr. Asterbadi, the United States Trustee urges the immediate appointment of a Chapter 11 trustee.

5. There are some practical implications to both approaches. First, the Debtor has a plan pending. It wishes to move forward in order to try to obtain the economic benefit of the section 1146 transfer tax exemption. This would save each of the estate and NVR a bit over $90,000. While beneficial, it is doubtful that a trustee would desire to confirm the plan in its existing form, since it does not expressly preserve the rights of the trustee or the estate to take possession of the Debtor's luxury vehicles that Dr. Asterbadi seeks to escape with, does not expressly preserve the rights of a trustee to pursue the debt owed by the Asterbadi's of $800,000 or more to the estate, and does not expressly preserve the rights of a trustee to pursue other claims of the estate against the Asterbadi's such as breach of fiduciary duty. Given the length of time this proceeding has been pending, and the Maryland general three-year statute of limitations, it appears that the immediate appointment of a trustee is beneficial, and perhaps essential, to allow investigation and commencement of any such claims before they are potentially time barred. Additionally, it appears that it may take some reasonable period of time (perhaps a couple of months) to meet the conditions of closing on the NVR contract, and therefore a trustee could investigate, decide on appropriate plan amendments, and obtain confirmation and the tax exemption in advance of closing.

6. On balance, the Bank thinks the approach of the United States Trustee is the better one for the estate. Appointment of a trustee is necessary, as is evident to all. It will be better to start the process sooner rather than later. With assistance of the parties, any inefficiencies of the immediate appointment of a trustee on the closing process on the NVR

contract can be quickly resolved, and the process can stay on track. There has already been some delay due to Dr. Asterbadi's mischief, although the Debtor has apparently taken some positive actions toward the closing conditions since the October 19 hearing. The Court should grant the motion of the United States Trustee.

        Respectfully Submitted,

        **SANDY SPRING BANK**
        **By Counsel**

/s/ *Kevin M. O'Donnell*
**Kevin M. O'Donnell (Bar No. 08703)**
**HENRY & O'DONNELL, P.C.**
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314
(703) 548-2100
(703) 548-2105 (fax)
kmo@henrylaw.com
*Counsel for Sandy Spring Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2022, I caused a copy of the foregoing pleading to be served by electronic means through the Court's CM/ECF system to all parties receiving notices in this case, and by first-class mail, postage prepaid as follows:

**CM/ECF**

- Richard L. Costella  rcostella@tydings.com, jmurphy@tydings.com
- Bradford F. Englander  benglander@wtplaw.com, twhitt@wtplaw.com
- Philip Tucker Evans  philip.evans@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
- Nancy Greene  ndg@ndglaw.com
- Patrick J. Kearney  pkearney@sgrwlaw.com, jnam@sgrwlaw.com
- Nicole C. Kenworthy  bdept@mrrlaw.net
- Michael J. Klima  bankruptcy@peroutkalaw.com
- Jennifer Larkin Kneeland  jkneeland@watttieder.com, zsyed@watttieder.com
- Michael J. Lichtenstein  mjl@shulmanrogers.com, tlockwood@shulmanrogers.com
- Jeffery Thomas Martin  jtm@henrylaw.com, mbp@henrylaw.com
- M. Evan Meyers  bdept@mrrlaw.net
- Kevin M. O'Donnell  kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com
- L. Jeanette Rice  Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- Elizabeth Anne Scully  escully@bakerlaw.com
- Joseph Michael Selba  JSelba@tydingslaw.com, jselba@tydings.com
- Jeffrey L. Tarkenton  Jeffrey.tarkenton@wbd-us.com, beverly.saint@wbd-us.com; cathy.hinger@wbd- us.com;mnemith@wbd-us.com;rahul.tilva@wbd-us.com
- US Trustee - Greenbelt  USTPRegion04.GB.ECF@USDOJ.GOV
- Jacob Christian Zweig  jzweig@evanspetree.com, crecord@evanspetree.com

      /s/ Kevin M. O'Donnell
**Kevin M. O'Donnell**