Entered: November 2nd, 2022

Signed: November 2nd, 2022

**DENIED**

Denied as moot. Court to enter order appointing a chapter 11 trustee.




THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **In re:** | ) | |
| **Zachair, Ltd.,** | ) | **Case No.: 20-10691-TJC** |
| **Debtor.** | ) | **Chapter 11** |

DENIED

**ORDER GRANTING NVR, INC.'S MOTION
FOR ORDER APPOINTING CHIEF RESTRUCTURING OFFICER
PURSUANT TO SECTIONS 105, 327, 1106, AND 1107 OF THE BANKRUPTCY CODE**

Upon the *Motion for Order Appointing Chief Restructuring Officer Pursuant to Sections 105, 327, 1106, and 1107 of the Bankruptcy Code* filed on October 27, 2022 [clerk's docket no. •] (the "CRO Motion")[1] of NVR, Inc. ("NVR"), it appearing that the relief granted herein is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having jurisdiction to consider the CRO Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the CRO Motion and the relief requested therein

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the CRO Motion or the Sale Order (defined below).

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the CRO Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor,

**THE COURT FINDS THAT:**

A. On October 14, 2022, NVR filed its *Emergency Motion to (I) Enforce the Court's Order (A) Conditionally Approving the Sale of the Debtor's Property Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Conditionally Approving the Contract, (C) Approving the Bid Procedures, (D) Scheduling Bid Deadline, Auction and Sale Hearing, (E) Approving Form and Manner of Notice Thereof, and (F) Granting Certain Related Relief (DE 343); and (II) Declare NVR, Inc. as Prevailing Bidder* [clerk's docket no. 383] (the "NVR Motion"). By the NVR Motion, NVR sought, among other things, to have NVR, or its assignee (the "NVR Purchaser") declared the Prevailing Bidder on the sale of approximately 423.45 acres located in Prince George's County, Maryland, as more fully described in **Exhibit A** to the Sale Order (the "Property").

B. On October 19, 2022, the Court held a hearing on the NVR Motion.

C. On October •, 2022, the Court entered an *Order Granting NVR, Inc.'s Emergency Motion to Enforce (DE 383), Approving the Sale of the Debtor's Property Free and Clear of Liens, Claims, Interests and Encumbrances to NVR, Inc. and Directing the Debtor to Execute and Perform under the NVR Contract* [clerk's docket no. •] (the "Sale Order").

D. On October 27, 2022, NVR filed the CRO Motion seeking the appointment of a chief restructuring officer to, among other things, implement and take any such action necessary to effectuate and carry out the terms of the Sale Order and the approved NVR Contract.

DENIED

**IT IS HEREBY ORDERED THAT:**

1. The CRO Motion is **GRANTED** as provided herein, effective immediately upon the entry of this Order.

2. All objections, if any, to the relief requested in the CRO Motion are **OVERRULED**.

3. Zachair, Ltd. (the "Debtor") is hereby directed and authorized to retain a Chief Restructuring Officer (the "CRO") of the Debtor pursuant to section 327(a) coupled with sections 105(a), 1106, and 1107 of the Bankruptcy Code. The CRO shall be selected jointly by the Debtor, Sandy Spring Bank ("Sandy Spring"), NVR, and the United States Trustee (the "UST").

4. The CRO shall, on behalf of the Debtor, have and exercise the following rights, powers, and duties of a debtor in possession under sections 1106 and 1107 of the Bankruptcy Code in order to effectuate and consummate the Sale of the Property to the NVR Purchaser under the NVR Contract in accordance with the Sale Order:

a. implement the Sale Order and satisfy all conditions precedent of the Debtor under the Sale Order and the NVR Contract to Close on the Sale of the Property to the NVR Purchaser;

b. on behalf of the Debtor, to execute and deliver, perform under, consummate, implement, comply with and close fully the NVR Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the NVR Contract and the Sale, consummate the Sale subject and pursuant to, and in accordance with, the terms and conditions of the NVR Contract, and to take all further actions as may be necessary or appropriate for the purpose of assigning, transferring, granting,

DENIED

conveying and conferring to the NVR Purchaser all of the Debtor's right, title and interest to the Property, free and clear of all Liens and Claims, or as may be reasonably necessary or appropriate to the performance of the Debtor's obligations under the NVR Contract;

c. with the assistance of Debtor's Counsel, Whiteford, Taylor & Preston, LLP ("Debtor's Counsel"), take any and all such steps necessary pursuant to sections 108 and 365 of the Bankruptcy Code to move to reject and terminate any and all executory contracts, service contracts, and leases related to the Property (the "Executory Contracts"); to remove, and, if necessary, dispose of any property of the Debtor, including any and all fuel, oil, or other regulated chemicals stored at the Property (the "Debtor Personal Property");

d. with the assistance of Debtor's Counsel, take any and all such steps necessary to remove from the Property and dispose of all third-party property (the "Third-Party Property") that has not been timely removed from the Property by the owner of such Third-Party Property, and, in the event that any Debtor Personal Property and/or Third-Party Property is not timely removed or disposed of from the Property, to take any and all action they deem appropriate (as set forth in the Sale Order), to dispose of, store, or otherwise remove the Debtor Personal Property and the Third-Party Personal Property from the Property;

e. take any other such steps deemed necessary by the CRO to satisfy the Debtor's conditions precedent under the Sale Order and the NVR Contract to close on the Sale of the Property to the NVR Purchaser, and is expressly authorized to execute, deliver, and/or file on behalf of the Debtor any such documents, pleadings, notices, etc. that are required in order for the Debtor to satisfy the conditions precedent under the Sale Order and the NVR Contract to close on the Sale of the Property to the NVR Purchaser.

DENIED

5. In addition to the duties, responsibilities, and powers outlined above in paragraph 4, the CRO shall have the duties, responsibilities, and powers of the Plan Administrator set forth in the Debtor's *Second Amended Plan of Reorganization* [clerk's docket no. 374] (the "Second Amended Plan"), as may be amended, to Close on the Sale of the Property to the NVR Purchaser.

6. Immediately upon Closing on the Sale of the Property to the NVR Purchaser, whether pursuant to the Second Amended Plan or the Sale Order, the CRO shall be relieved and discharged of their duties as CRO and Plan Administrator.

7. Nothing in this Order is intended to preclude any party-in-interest from separately seeking the appointment of a chapter 11 trustee or conversion of the Debtor's case to chapter 7.

8. All persons and entities, including but not limited to Dr. Nabil Asterbadi, are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the CRO to sell and transfer the Property to the NVR Purchaser in accordance with the terms of the NVR Contract, the Sale Order, and this Order.

DENIED

9. The Court reserves jurisdiction to approve of the CRO's compensation under section 330 of the Bankruptcy Code upon the filing of an application for compensation.

10. In the event of any inconsistencies between this Order and the CRO Motion, this Order shall govern.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. Except as otherwise indicated herein, findings and conclusions made herein are final in nature.

**End of Order**

cc:

Nabil J. Asterbadi
2726 Chain Bridge Road, NW
Washington, DC 20016-3404

Bradford F. Englander, Esq.
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042

U.S. Trustee - Greenbelt
L. Jeanette Rice, Esq.
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770-6305

Sandy Spring Bank
Attn: Bruce Henry, Esq.
Kevin O'Donnell, Esq.
300 N Washington Street, Suite 204
Alexandria, VA 22314-2530

Jennifer L. Kneeland, Esq.
Counsel for NVR, Inc.
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102

Joseph M. Selba, Esq.
Counsel for Dr. Asterbadi
1 East Pratt Street, Suite 900
Baltimore, MD 21202

DENIED