IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| *In re:* | |
| ZACHAIR, LTD., | Case No. 20-10691-LSS |
| Reorganized Debtor. | Chapter 11 |
| | |
| LAWRENCE A. KATZ, Plan Administrator for the Bankruptcy Estate of Zachair, Ltd., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 23-00014 |
| DR. NABIL J. ASTERBADI, et al., | |
| Defendants. | |

**ORDER APPROVING SETTLEMENT
PURSUANT TO BANKRUPTCY RULE 9019**

Upon consideration of the *Joint Motion for Approval of Settlement Pursuant to Bankruptcy Rule 9019* (the "**Motion**") filed by Lawrence A. Katz ("**Plan Administrator**"), formerly the

Chapter 11 Trustee and now the plan administrator under the confirmed chapter 11 plan of Zachair, Ltd. (the "**Debtor**"), Dr. Nabil J. Asterbadi ("**Dr. Asterbadi**") and Maureen Asterbadi ("**Mrs. Asterbadi**" and together with the Plan Administrator, the "**Parties**"), each by counsel, for entry of an order (the "**Order**") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, whereby the Parties sought approval of a settlement agreement (the "**Settlement Agreement**," a copy of which is attached as Exhibit A to the Motion) by and between the Parties which would resolve the claims and causes of action asserted by the Plan Administrator in the above-captioned adversary proceeding (the "**Adversary Proceeding**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested in the Motion constituting a core proceeding under 28 U.S.C. §157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate; and no objections to the Motion having been made; and the Court finding that the Settlement Agreement as attached to the Motion is the product of good faith, arm's length negotiations by Parties; and the Court further finding that approval of the Settlement Agreement is in the best interest of the Debtor, creditors, and estate; and upon the record before the Court; now, therefore,

    IT IS ORDERED THAT:

    1.    The Motion is granted.

    2.    Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved in all respects.

    3.    The Parties are authorized and directed to take all necessary actions and execute all required documents to consummate the terms of the Settlement Agreement.

4.     The $7,000 Allowed Unsecured Claim[1] of Dr. Asterbadi (POC No. 19) shall be deemed to be (and shall be) subordinated to all other Allowed Unsecured Claims.

5.     Mrs. Asterbadi shall be entitled to receive distributions on account of the Allowed MBA Claims in the aggregate amount of $175,000.

6.     Within five (5) business days after this Order becomes final, non-appealable and not subject to a stay (the "**Approval Settlement Date**"), the Plan Administrator shall (a) pay the Allowed Priority Unsecured Claim of the Internal Revenue Service in the amount of $6,038.07 (POC No. 3-6) (the "**IRS Claim**") and (b) make an initial pro rata distribution to all holders of Allowed Unsecured Claims in the aggregate amount of $185,000 (the "**Initial Pro Rata Distribution**").

7.     Within five (5) calendar days after the Approval Settlement Date, the Parties shall file, for the Court to sign and enter, a stipulated order dismissing the Adversary Proceeding with prejudice, with the Parties bearing their own costs (the "**Dismissal Stipulation**")

8.     Upon the occurrence of the Approval Settlement Date, (a) to the extent not already effectuated, all right, title and interest of the Plan Administrator, the Debtor and the Estate in and to that 2014 Mercedes Benz GL63 SUV, VIN No. 4JGDF7EE3EA300402 and 2015 Mercedes SL65 AMG Roadster, VIN No. WDDJK7KAXFF035220 (together, the "**Vehicles**") shall be abandoned to Dr. Asterbadi for all purposes pursuant to the Plan and Confirmation Order, and (b) neither the Plan Administrator, Debtor nor the Estate, nor any of their respective attorneys, accountants, or other professional advisors, shall have any form of liability relating to or arising out of the Vehicles, and (c) Dr. Asterbadi shall assume all such liability.

---

[1] Capitalized terms not defined herein shall have the meaning given to such term in the Motion.

9. Neither the automatic stay nor the discharge injunction shall impede the rights of TD Auto Finance or Mercedez Benz Financial Services USA, LLC, or their respective successors and assigns, to take possession of or dispose of the Vehicles in accordance with applicable non-bankruptcy law.

10. Effective upon the occurrence of the Approval Settlement Date, filing of the Dismissal Stipulation, and completion of the Initial Pro Rata Distribution, Dr. and Mrs. Asterbadi shall be liable for unpaid federal income tax liabilities (if any) and unpaid Maryland income tax liabilities (if any) of the Debtor, other than the IRS Claim.

11. Once Mrs. Asterbadi has received $175,000 on account of the Allowed MBA claims in the Initial Pro Rata Distribution, she shall not be entitled to receive any subsequent distributions.

12. Dr. Asterbadi shall not be entitled to receive any distributions until all Third Party Allowed Unsecured Claims have been paid in full.

13. This Court retains jurisdiction over any and all matters arising from or related to implementation, interpretation, or enforcement of the Settlement Agreement and/or this Order.

cc: Lawrence A. Katz
    Kristen E. Burgers
    Patrick J. Potter
    Steven L. Goldberg

**END OF ORDER**

17372920.3  047938.00001